UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF LOS ANGELES, et al.,<br><br>　　　　　Defendants. | Case No. 2:22-cv-07534-FLA (MAAx)<br><br>**ORDER APPROVING JOINT STIPULATION REGARDING MOTION FOR SUMMARY JUDGMENT AND/OR AJUDICATION AND PLAINTIFFS' CLAIMS [DKT. 46]** |

On February 28, 2024, Plaintiffs and Defendants filed a Joint Stipulation regarding motions for summary judgment and/or adjudication and Plaintiffs' claims (the "Stipulation"). Dkt. 46.

The court, having reviewed the Stipulation, and finding good cause therefor, hereby APPROVES the Stipulation and ORDERS as follows:

1. No Defendant shall file any pretrial dispositive motion, including any Motion for Summary Judgment or Summary Adjudication, on any of Plaintiffs' claims, as alleged in the operative Complaint (Dkt. 1);

2. Plaintiffs' Second Claim for Relief, for Denial of Medical Care under the Fourth Amendment, pursuant to 42 U.S.C. Section 1983 is hereby DISMISSED as to all Defendants;

3. Plaintiffs' Fourth Claim for Relief, the deprivation of Substantive Due Process by a Deliberate Indifference to Serious Medical Needs, pursuant to 42 U.S.C. Section 1983 is hereby DISMISSED as to all Defendants;

4. Plaintiffs' Fifth Claim for Relief, Municipal Liability for Ratification under *Monell* and pursuant to 42 U.S.C. Section 1983 is hereby DISMISSED as to all Defendants (City of Los Angeles and unnamed Does);

5. Plaintiffs' Sixth Claim for Relief, Municipal Liability for Failure to Train under *Monell* and pursuant to 42 U.S.C. Section 1983 is hereby DISMISSED as alleged against Defendant City of Los Angeles;

/ / /

/ / /

/ / /

6. Plaintiffs' Seventh Claim for Relief, Municipal Liability for Unconstitutional Practice, Policy, or Custom, under *Monell* and pursuant to 42 U.S.C. Section 1983 is hereby DISMISSED as alleged against Defendants City of Los Angeles and unnamed Does;

7. The Doe Defendants (Does 1-10) are hereby DISMISSED;

8. Plaintiffs shall proceed on the following claims: (1) Negligence (Wrongful Death/Survival, Plaintiff Margarito T. Lopez only), against Julio Quintanilla and Jose Zavala directly, and against the City of Los Angeles on a theory of vicarious liability pursuant to California Government Code Section 815.2(a); (2) Battery (Wrongful Death/Survival, Plaintiff Margarito T. Lopez only), against Julio Quintanilla and Jose Zavala directly, and against the City of Los Angeles on a theory of vicarious liability pursuant to California Government Code Section 815.2(a); (3) Negligent Infliction of Emotional Distress (All Plaintiffs) against Julio Quintanilla and directly Jose Zavala, and against the City of Los Angeles on a theory of vicarious liability pursuant to California Government Code Section 815.2(a); (4) Violation of the Bane Act (Cal. Civil Code Section 52.1; Plaintiff Margarito T. Lopez only), against Julio Quintanilla and Jose Zavala directly, and against the City of Los Angeles on a theory of vicarious liability pursuant to California Government Code Section 815.2(a); (5) Excessive Force, pursuant to 42 U.S.C. Section 1983 and the Fourth Amendment (Plaintiff Margarito T. Lopez only) against Julio Quintanilla and Jose Zavala; (6) Interference with Familial Relationship, Substantive Due Process, pursuant to 42 U.S.C. Section 1983 and the Fourteenth Amendment (Plaintiff Margarito T. Lopez only) against Julio Quintanilla and Jose Zavala.  None of the remaining claims are alleged under a theory of direct liability against Defendant City of Los Angeles, but rather under a theory of vicarious liability for Defendants Julio

Quintanilla and Jose Zavala as their employer at the time of the incident. The Parties agree that Julio Quintanilla and Jose Zavala were working in the course and scope of their employment and under the color of law with the City of Los Angeles at the time of the incident.

IT IS SO ORDERED.

Dated: March 1, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge