CARRILLO LAW FIRM, LLP
Luis A. Carrillo (Bar No. 70398)
Michael S. Carrillo (Bar No. 258878)
1499 Huntington Drive, Suite 402
South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ individually and as successor in interest to Margarito E. Lopez, Deceased; SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, individually,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITY OF LOS ANGELES; JOSE ZAVALA; JULIO QUINTANILLA; and DOES 1-10, inclusive,<br><br>    Defendants. | **Case No.: 2:22-cv-07534-FLA-MAAx**<br>Hon. Judge Fernando L. Aenlle-Rocha, Hon. Mag. Maria A. Audero<br><br>**PLAINTIFFS' EX PARTE APPLICATION TO QUASH DEFENDANTS JOSE ZAVALA AND JULIO QUINTANILLA'S THIRD PARTY SUBPOENA ON RIVERSIDE COUNTY SHERIFFS' DEPARTMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*Filed concurrently herewith Declaration of Shannon Leap, Declaration of Michael S. Carrillo, [Proposed] Order.* |

**PLAINTIFFS' EX PARTE APPLICATION TO QUASH DEFENDANTS JOSE ZAVALA AND JULIO QUINTANILLA'S THIRD PARTY SUBPOENA ON RIVERSIDE COUNTY SHERIFFS' DEPARTMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL:**

PLEASE TAKE NOTICE THAT pursuant to Federal Rules of Civil Procedure 7, 16, and 40, and Local Rules 7-19, 7-19.1, and 7-20, Plaintiffs MARGARITO T. LOPEZ individually and as successor in interest to Margarito E. Lopez, Deceased; SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, individually hereby move the Court *ex parte* for an Order to Quash Defendants Julio Quintanilla and Jose Zavala's subpoena issued to the Riverside County Sheriffs' Department. If this Court finds that it is unable to rule on Plaintiffs' motion because the Fact and Expert Discovery Cutoff dates have passed, then Plaintiffs respectfully request this Court to modify the Scheduling Order (Dkt. No. 44). to reopen Fact Discovery (pursuant to FRCP Rule 16(b)(4)) for the sole purpose of this Court considering Plaintiffs' instant ex parte application.

The grounds for Plaintiffs' motion are as follows:

1. Defendants Jose Zavala and Julio Quintanilla issued a subpoena to the Riverside County Sheriffs' Department on or about March 20, 2024, purportedly requesting the employment and personnel records of Plaintiffs' retained expert, Scott A. Defoe. (Declaration of Shannon J. Leap ("Leap Decl.") at ¶ 2).
2. Defendants did not provide notice of or serve the subpoena on Plaintiffs or their counsel, in violation of Federal Rules of Civil Procedure, Rule 45. (Leap Decl. at ¶ 3; Declaration of Michael S. Carrillo ("Carrillo Decl.") at ¶ 2-3).
3. The purported date of compliance for the subpoena was April 8, 2024. (Leap Decl. at ¶ 2).
4. Fact discovery closed on February 20, 2024. Dkt. No. 44.
5. Initial Expert Disclosures were exchanged on February 16, 2024. Expert Discovery closed on March 29, 2024. Dkt. No. 44.

**PLAINTIFFS' EX PARTE APPLICATION TO QUASH DEFENDANTS JOSE ZAVALA AND JULIO QUINTANILLA'S THIRD PARTY SUBPOENA ON RIVERSIDE COUNTY SHERIFFS' DEPARTMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

6. The documents Defendants request by way of their subpoena are privileged and outside the scope of Federal Rules of Civil Procedure, Rule 26.

7. On April 2, 2024, Plaintiffs' Counsel, Shannon J. Leap, received a phone call from attorney Steven Sherman, notifying her that he represented the Riverside County Sheriffs' Department, and that he had received this subpoena from Defendants Julio Quintanilla and Jose Zavala on March 20, 2024 with a date of compliance of April 8, 2024. Ms. Leap notified Mr. Sherman that Plaintiffs were never served with, nor notified of that subpoena and notified Mr. Sherman of the discovery cutoff deadlines in effect in this case and that Plaintiffs would be objecting to the release of Mr. DeFoe's records. (Leap Decl. at ¶ 2-4).

8. On April 3, 2024, Plaintiffs served on all parties, including Mr. Sherman as the attorney for the third party, Riverside County Sheriffs' Department, Plaintiffs' Notice of Objections to Defendant's Subpoena. (Leap Decl. at ¶ 4, See Ex.1 attached to Leap Decl.). Plaintiffs' counsel also sent a letter to Mr. Sherman requesting that his client not produce the records for the reasons stated in the Notice of Objections. (Leap Decl. at ¶ 4, See "Ex. 2" to Leap Decl.), and a meet and confer letter to counsel for Julio Zavala and Jose Quintanilla requesting they withdraw their subpoena. (Leap Decl. at ¶ 4, See "Ex. 3" to Leap Decl.).

9. On April 5, 2024, Ms. Leap and defense counsel Sherry Lawrence received an email from Mr. Sherman notifying them that his client would not be producing the records for the reasons stated in Plaintiffs' Notice of Objections. (See "Ex. 4" to Leap Decl.).

10. On April 5, 2024, defense counsel Muna Busailah sent an email notifying Plaintiffs' counsel that Defendants Julio Quintanilla and Jose Zavala would

-3-   Case No. 2:22-cv-07534-FLA-MAAx

**PLAINTIFFS' EX PARTE APPLICATION TO QUASH DEFENDANTS JOSE ZAVALA AND JULIO QUINTANILLA'S THIRD PARTY SUBPOENA ON RIVERSIDE COUNTY SHERIFFS' DEPARTMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

      not be withdrawing their subpoena, although she provided no basis or authority for that position. (Leap Decl. at ¶ 6).

11. On April 9, 2024, Ms. Leap received a phone call from Mr. Sherman advising her that Ms. Lawrence insisted that the Riverside County Sheriffs' Department produce the employment records. (Leap Decl. at ¶ 7).

Plaintiff is unable to file this as a regularly-noticed motion because Defendants failed to properly serve this subpoena on all parties prior to the discovery cutoff deadlines. Plaintiffs did not create the need for this to be heard on an *ex parte* basis because Plaintiffs were not served or notified of the Subpoena, as Federal Rule of Civil Procedure 45 requires. Moreover, Plaintiffs did not learn about the subpoena until after the close of expert discovery, inhibiting Plaintiffs' ability to go through the normal procedures of requesting and Informal Discovery Conference with Magistrate Judge Maria A. Audero. Additionally, the grounds for considering/hearing Plaintiff's motion on an *ex parte* basis are as follows: (a) Plaintiffs served a Notice of Objections to Defendants Subpoena as soon as Plaintiffs learned about the Subpoena in an effort to resolve this informally and without court interference; (b) Counsel for the third party, Mr. Sherman, notified all counsel for all parties that he would not be complying with the subpoena based on Plaintiffs' objections; (c) Counsel for the individual defendants refuse to withdraw their subpoena, despite its obvious procedural defects; (d) the records sought are privileged; (e) If necessary, good cause exists to modify the scheduling order to enable this Court to consider Plaintiffs' application and proposed motion in support thereof.

Lastly, Plaintiffs have not caused this crisis themselves. Plaintiffs learned of this subpoena only by the third party after the close of expert discovery, never received notice of the subpoena or a copy of the subpoena itself, and the date for compliance is for after the close expert discovery. (Leap Decl. at ¶ 2-4). Plaintiffs

timely served procedural and substantive objections to the subpoena and requested that Defendants withdraw the subpoena. *Id.* After the date of compliance, Defendants continue to insist that the third party comply, but are also refusing to file a motion to compel those responses, which Plaintiffs would oppose. *Id.* ¶ 8. Out of an abundance of caution, therefore, Plaintiffs thereafter filed this *ex parte* application to request the Court quash Defendants Jose Zavala and Julio Quintanilla's third-party subpoena.

Plaintiffs' *ex parte* application-motion is based on this notice; all pleadings, papers, and records in this action' attached memorandum of points and authorities; and upon such other oral and documentary evidence or argument as may be presented at the hearing of this motion, if any.

### **NOTICE OF CONFERENCE OF COUNSEL PER LOCAL RULE 37:**

This motion is made following Plaintiffs' counsel's efforts to meet and confer with defense counsel, notifying counsel for Defendants of their objections to the subpoena and requesting Defendants withdraw the subpoena, in an effort to avoid wasting the valuable time of the court and the parties on April 3, 2024. (Leap Decl. at ¶ 3). On April 11, 2024, defense counsel confirmed that they would not be withdrawing the subpoena. (Leap Dec. at ¶ 8-9). The parties were unable to resolve the issues between them so as to avert the need to bring this instant motion.

Pursuant to Local Rule 7-19, defense counsels' names, addresses, telephone numbers, and e-mail addresses are as follows:

Muna Busailah
Sherry Lawrence
Stone Busailah, LLP
1055 East Colorado Blvd., Suite 320
Pasadena, California 91106
Telephone: (626) 683-5600
Email: M.busailah@police-defense.com

-5- Case No. 2:22-cv-07534-FLA-MAAx

**PLAINTIFFS' EX PARTE APPLICATION TO QUASH DEFENDANTS JOSE ZAVALA AND JULIO QUINTANILLA'S THIRD PARTY SUBPOENA ON RIVERSIDE COUNTY SHERIFFS' DEPARTMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

Ty Ford
Deputy City Attorney
Los Angeles City Attorney's Office
200 North Main Street, 6th Floor
Los Angeles, California 90012
Phone: 213-978-6900
Email: ty.ford@lacity.org

On April 11, 2024, Plaintiffs' counsel notified defense counsel. Ms. Busailah by phone of Plaintiff's intent to file an *ex parte* application on April 12, 2024 with this Court regarding their refusal to withdraw the non-served and non-noticed subpoena. (Leap Decl. at ¶ 8). Ms. Busailah communicated that she intended to oppose the *ex parte* application, in part, on the basis that Plaintiffs would not have standing to object to the subpoena. *Id.* Plaintiffs' counsel subsequently notified counsel for Defendant City of Los Angeles that Plaintiffs intended to file the instant *ex parte* application by the end of the day on April 12, 2024. *Id.* at ¶ 9. Counsel for Defendant City of Los Angeles, Ty Ford, advised that the City would be joining the individual defendants' opposition. *Id.* Plaintiffs' counsel notified defense counsel that they would have 24 hours to file their response to Plaintiffs' *ex parte* application. *Id.* at ¶ 8-9.

Dated: April 12, 2024                    LAW OFFICES OF DALE K. GALIPO

                                         By:  /s/ Shannon Leap
                                              Dale K. Galipo
                                              Renee V. Masongsong
                                              Shannon Leap
                                              *Attorneys for Plaintiffs*

**PLAINTIFFS' EX PARTE APPLICATION TO QUASH DEFENDANTS JOSE ZAVALA AND JULIO QUINTANILLA'S THIRD PARTY SUBPOENA ON RIVERSIDE COUNTY SHERIFFS' DEPARTMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. *Ex Parte* Relief is Proper to Avoid Undue Prejudice in Light of the Pressing Pre-Trial Deadlines and Trial.

The standard for granting *ex parte* relief requires an evidentiary showing of good cause that: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures;" and (2) "the moving party is without fault in creating the crises that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *See Adam v. Brown*, 714 Fed. Appx. 663, 665 (9th Cir. 2017) (standard for *ex parte* relief recognized and applied); *Mission Power Eng'g Co. v. Continental Cas. Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995); *accord Apodaca Promotions, Inc. v. Nuccio*, 2010 U.S. Dist. West. (C.D. Cal. 2010). Although *ex parte* applications are for extraordinarily urgent relief and should be used and granted with discretion, the Court is empowered to shorten the time of notice and/or to advance the hearing of a motion before it, in effect bypassing the regular noticed motion procedures of the Federal Rules and/or local rules, *See Id.*; Fed. R. Civ. P. 6(c)(1)(A), (C); U.S. Dist. Ct.; C.D.C.A. L.R. 7-19-20.

In determining irreparable prejudice, a court will usually need to refer to the proposed motion to ensure it has merit, "because, if it is meritless, failure to hear it cannot be prejudicial." *Mission Power Eng'g Co.*, 883 F. Supp. at 492. The court may employ a "sliding scale" to measure the threat of prejudice: the less severe the prejudice, the proposed motion must have a higher likelihood of success on its merits' the more severe the threat of harm, "then it is sufficient to show that there are close issues that justify the court's review" before the harm is suffered. *Id.* The moving party must establish that it was not responsible for the creation of the crisis, or guilty of only excusable neglect. *Id* at 493.

Plaintiffs establish both prongs. Absent *ex parte* relief, Plaintiffs will be irreparably harmed because they were never notified of the subpoena, nor have they ever been served a copy of the subpoena. (Leap Decl. at ¶ 2-3). Furthermore, Plaintiffs did not even learn about the subpoena until after the close of expert discovery, and the date of compliance for the subpoena was for after the close of expert discovery. *Id.* Plaintiffs were therefore not afforded the due process Federal Rule of Civil Procedure, Rule 45 requires. Rule 45(d) requires notice be provided to all parties in a case to ensure that a party may object and initiate the meet and confer process and procedure of filing a motion to quash if necessary. Here, Plaintiffs have been deprived of these due process rights in Defendants Julio Quintanilla and Jose Zavala's failure to notice all parties of the subpoena, failure to provide Plaintiffs a copy of the subpoena, and failure to serve the subpoena in accordance with the deadlines set forth in this Court's scheduling order. (Dkt. No. 27, 44). Defendants cannot simply ignore the Federal Rules of Civil Procedure and this Court's scheduling order in an attempt to obtain privileged records of a non-party as they have done in this case.

For the same reasons, Plaintiffs have also not caused this crisis themselves. Immediately upon learning that Defendants issued a subpoena to the third-party Riverside County Sheriffs' Department for the employment records of Plaintiffs' retained expert Scott A. Defoe, Plaintiffs served their objections on all parties (including the third party), sent meet and confer correspondence to the serving party, and sent a letter to counsel for the third party requesting they not produce the records. (Leap Decl. at ¶ 4). On April 5, 2024, Counsel for the third party notified Plaintiffs' counsel and counsel for the individual Defendants that they would not be complying with the subpoena and indicated in his communication that he and Defendants had agreed that a Motion to Quash would be unnecessary. *Id.* at ¶ 5, 15. On the afternoon of April 9, 2024, Mr. Sherman notified Plaintiffs' counsel that

counsel for the individual defendants were insisting on his client complying with their subpoena. *Id.* at ¶ 7. Therefore, in an abundance of caution, Plaintiffs feel it necessary move this court for an *ex parte* application and motion to quash Defendants' untimely, non-noticed, and unserved subpoena for privileged documents.

Notably, whereas Plaintiffs timely designated Scott DeFoe as their police practices expert in this case, complied with Rule 26 by timely producing his report, and produced Mr. DeFoe for deposition, Defendants to date have not produced any Rule 26 report by their purportedly retained expert James Borden in this case. In an unrelated civil case handled by Plaintiffs' counsel Dale Galipo and Shannon Leap, Mr. Borden testified that he never reviewed any materials in the above-referenced matter, never made any opinions, and never wrote a report. Plaintiffs noticed Mr. Borden's deposition, inquired about the "forthcoming" report, and ultimately served defense counsel with a "meet and confer" letter giving notice of Plaintiffs' intent to file a motion in limine to exclude Mr. Borden for failure to comply. Defense counsel never acknowledged the deposition notice or made Mr. Borden available for deposition. *Id*. at ¶ 11.

## II. Defendants Jose Zavala and Julio Quintanilla's Third-Party Subpoena is Procedurally Defective and Therefore Void and Unenforceable.

Federal Rule of Civil Procedure, Rule 45 (a)(1)(D)(4) specifically provides that a notice and copy of a subpoena commanding "the production of documents, electronically stored information, or tangible things" [be served on each party] "before it is served on the person to whom it is directed." Fed. R. Civ. Pro., Rule 45 (a)(1)(D)(4). This notice requirement gives Plaintiffs standing to object to the subpoena, as does the fact that the subpoena is regarding Plaintiffs' retained expert's privileged employment history. *Littlefield v. NutriBullet, L.L.C.*, No. CV 16-6894

1. MWF (SSX), 2018 WL 5264148 at *4 (C.D. Cal. Jan. 22, 2018). The Rule is unambiguous: parties <u>must</u> be notified. No member of Plaintiffs' counsel were served either a notice or copy of the subpoena prior to the service of the subpoena on the third party. (Leap Decl. at ¶ 3). To date, Plaintiffs still have not been served notice or a copy of the subpoena, despite notifying the serving party of this deficiency. *Id.* at ¶ 3, 8. Therefore the defect has not been cured.

The Advisory Committee Notes to Rule 45(a) note that the rule was specifically amended in 2013 to "achieve the original purpose of enabling the other parties to object or serve a subpoena for additional materials." Advisory Committee Notes, 2013 Amendment, Fed. R. Civ. P. 45(a). Although Plaintiffs were able to serve their objections to the subpoena prior to the compliance date, they were unable to serve their objections prior to the fact or expert discovery cutoff deadline, and therefore initiate the meet and confer process in accordance with this Court's scheduling order.

In addition, Defendants Julio Quintanilla and Jose Zavala served their subpoena on third party Riverside County Sheriffs' Department nine days before the expert discovery cutoff and for a compliance date of April 8, 2024 – after the expert discovery cutoff deadline. (Leap Decl, at ¶ 2; Dkt. No. 44). This Court's scheduling order provides that "[t]he cut-off date for discovery is not the date by which discovery requests must be served; it is the date by which <u>all</u> discovery, including <u>all</u> <u>hearings</u> on any related motions, must be completed. Thus, written discovery must be served… sufficiently in advance of the discovery cut-off date to permit the propounding party enough time to challenge the responses deemed to be deficient via motion practice. Given the requirements to meet and confer and to give notice, a planned motion to compel must ordinarily be discussed with the opposing party at least six (6) weeks before the cut-off." (Dkt. No. 27 at 4:6-11, emphasis included in original).

Though Plaintiffs' counsel still has not been served with a copy of the subpoena, to the best of Plaintiffs' counsel's knowledge, Defendants served this subpoena on March 20, 2024, over a month after fact discovery closed and only nine days before expert discovery closed. (Leap Decl. at ¶ 2-3). The date for compliance with the subpoena fell over a week after the close of expert discovery. Defendants could have served this subpoena prior to the fact discovery cutoff, given that Plaintiffs disclosed Mr. DeFoe's Curriculum Vitae (which noted that Mr. DeFoe was employed at the Riverside County Sheriffs' Department from 2013-2014) on the expert disclosure deadline of February 16, 2024, four days prior to the fact discovery cutoff. (Leap Decl. at ¶ 11). Defendants' subpoena simply does not comply with this Court's order and should be quashed on that basis as well.

Courts in this district have confronted similar situations, finding such procedurally defective subpoenas invalid. For example, Plaintiffs' subpoenas served several days prior to the close of fact discovery were deemed untimely and their insistence on enforcing compliance with the defective subpoena a "thinly veiled attempt to get around the already-expired discovery deadline." *See Glob. Master Int'l Grp., Inc. v. Esmond Nat., Inc*. No. 219CV10360RGKPLA, 2021 WL 3260606 at *4 (C.D. Cal. Apr. 30, 2021). In *Global Master*, the Plaintiffs served a third-party subpoena several weeks before the completion of the fact discovery cutoff date with a date of compliance several days before the cutoff date. *Id.* at * 2. Because the subpoena was not served sufficiently ahead of the discovery cutoff date, the district court upheld the Magistrate Judge's ruling that the subpoenas were untimely. *Id.* Similarly, a subpoena served within the discovery period, but with a compliance date a few days before the cut off date was deemed untimely because it did not permit the challenging party sufficient time to challenge by motion responses deemed to be deficient. *MAP Co. v. Lebanese Arak Corp.*, No.

CV1605039ABRAOX, 2017 WL 10434017 at * 5 (C.D. Cal. Oct. 26, 2017). The same is true in this case.

Similarly, courts have found that such compounded procedural defects in a subpoena can cause undue burden on the parties, such that granting a motion to quash the subpoena is sufficient, independent of the underlying substantive requests of the subpoena. *See Thompson v. Cnty. of Riverside*, No. 5:19-CV-00122-AB-SHK, 2023 WL 8168859 (C.D. Cal. July 26, 2023), reconsideration denied, No. 5:19-CV-00122-AB-SHK, 2023 WL 6194322 (C.D. Cal. Aug. 7, 2023). In *Thompson*, the court granted defendants' motion to quash plaintiff's subpoenas for deposition on the basis that the subpoenas were improperly noticed and served in violation of multiple rules and that they placed an undue burden on the defendants and deponents. *Id.* at 8-9. The court quashed these subpoenas in spite of the potential relevant information that could have been obtained through the depositions. *Id.*

### III. The Records Sought are Privileged.

The "scope of discovery permitted by subpoena under Rule 45 is the same as that permitted under Rule 26," meaning that "a party may obtain discovery of any matter that is relevant to a claim or defense and that is 'proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.' " *In re Perez by Allen*, No. 20-mc-80191-VKD, 2020 WL 7056024, at *2 (N.D. Cal. Dec. 2, 2020) (citing Rules 45 and 26(b)(1)). Federal Rule of Civil Procedure, Rule 26 provides that a court may limit discovery to protect from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26 (b)(1). Further, discovery is limited to nonprivileged matters. *Id.* Federal common law recognizes a qualified privilege for official information. *Kerr v. United States Dist.*

*Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir.1975), aff'd, 426 U.S. 394, 96 S.Ct. 2119, 48 L. Ed. 2d 725 (1976). Government personnel files are considered official information. *See, e.g.*, *Zaustinsky v. University of Cal.*, 96 F.R.D. 622, 625 (N.D. Cal. 1983), aff'd, 782 F.2d 1055 (9th Cir. 1985). The documents sought in Defendants' subpoena implicate Mr. DeFoe's right to privacy under California and Federal law and therefore should not be produced. *Sanchez v. City of Santa Ana*, 936 F.2d 1027 (9th Cir. 1990), as amended on denial of reh'g (Feb. 27, 1991), as amended on denial of reh'g (May 24, 1991).

Indeed, these are the arguments made by counsel for the individual officer defendants in nearly every police misconduct case that Mr. Galipo's office has handled when served with a discovery request for the officers' personnel files. If Defendants believe they are entitled to the personnel files of an expert witness, then Defendants should not be permitted to argue against production of the personnel files of the named officer defendants. Notably, the City of Los Angeles listed the personnel records of the involved officers in this case on their privilege log in response to Plaintiffs' discovery requests.  Mr. Galipo's office has handled hundreds of police misconduct cases and not once have counsel seen a subpoena for the employment and personnel records of Plaintiffs' retained police practices expert, let alone one that is improperly noticed and for whose date of compliance is after all discovery cutoff dates. (Leap Decl. at ¶ 10).

Moreover, requesting all employment records is overbroad, harassing and oppressive. In this case, where Mr. Defoe is an expert and not an actual party to the case, Defendants' subpoena constitutes a fishing expedition that is not reasonably calculated to lead to the discovery of admissible evidence. Mr. DeFoe worked at the Riverside County Sheriff's Department for only one year, making these records of questionable relevance.  If these records are produced over Plaintiffs' objection, then Plaintiffs would move to exclude the records for use at trial through a motion *in*

*limine*, and this anticipated law and motion would not be an efficient use of judicial resources.

### IV. Closure of Fact and Expert Discovery Does Not Preclude This Court From Re-Opening Discovery For the Sole Purpose of Ruling on The Instant Motion.

If the Court finds that it is necessary to reopen fact discovery under Federal Rule of Civil Procedure 16(b)(4), for the sole purpose of considering Plaintiffs' application and motion, good cause exists to do so. Plaintiffs are not seeking to change any existing dates, nor will Plaintiffs' request impact existing dates, including the trial date. Furthermore, Defendants will suffer no prejudice if the scheduling order is modified because all dates will remain as scheduled, and Defendants will have an opportunity to respond to Plaintiff's motion.

### V. Conclusion

For the foregoing reasons, Plaintiffs respectfully request this Court grant *ex parte* relief to quash Defendants' subpoena. If this Court finds that it may not do so without modifying the Scheduling Order to reopen Fact Discovery, Plaintiffs request the Court do so, if for the sole purpose of considering Plaintiffs' proposed motion.

DATED: April 12, 2024                     LAW OFFICES OF DALE K. GALIPO

                                          By:  */s/ Shannon Leap*
                                               Dale K. Galipo
                                               Renee V. Masongsong
                                               Shannon Leap
                                               Attorneys for Plaintiffs

# CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2

The undersigned, counsel of record for Plaintiffs certifies that this brief contains 3,864 words, which complies with the word limit of L.R. 11-6.1.

          By:    */s/ Shannon J. Leap*
                    Shannon J. Leap
                    Attorney for Plaintiffs