CARRILLO LAW FIRM, LLP
Luis A. Carrillo (Bar No. 70398)
Michael S. Carrillo (Bar No. 258878)
1499 Huntington Drive, Suite 402
South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARGARITO T. LOPEZ individually and as successor in interest to Margarito E. Lopez, Deceased; SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; JOSE ZAVALA; JULIO QUINTANILLA; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.: 2:22-cv-07534-FLA-MAAx**<br>Hon. Judge Fernando L. Aenlle-Rocha, Hon. Mag. Maria A. Audero<br><br>**DECLARATION OF SHANNON J. LEAP IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION AND MOTION TO QUASH DEFENDANTS' THIRD-PARTY SUBPOENA**<br><br>*Filed concurrently herewith Plaintiffs' Ex Parte Application and Memorandum of Points and Authorities, Declaration of Michael S. Carrillo, [Proposed] Order.* |

# DECLARATION OF SHANNON J. LEAP

I, Shannon J. Leap, hereby declare as follows:

1. I am an attorney licensed to practice law in this United States District Court. I am one of the attorneys of record for Plaintiffs in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiffs' Ex Parte Application and Memorandum of Points of Authorities filed concurrently herewith.

2. On April 2, 2024, I received a phone call from counsel from third-party Riverside County Sheriffs' Department, Mr. Steven Sherman advising me that his client had received a subpoena served by counsel for Defendants Jose Zavala and Julio Quintanilla requesting the employment records of Plaintiffs' Retained Expert, Scott A. DeFoe. Mr. Sherman notified me that the date of service of the subpoena was March 20, 2024 and the date for compliance of the subpoena was April 8, 2024.

3. To date, neither the Law Offices of Dale K. Galipo, nor any of the individual attorneys named as Plaintiffs' counsel have received any physical or electronic notice or copy of Defendants Jose Zavala and Julio Quintanilla's third-party subpoena on the Riverside County Sheriffs' Department requesting Scott A. DeFoe's employment records from his time as an employee at that department.

4. On April 3, 2024, Plaintiffs served on all parties, including Mr. Sherman, Plaintiffs' Notice of Objections to Defendants' Subpoena, a letter to Mr. Sherman requesting that his client not produce the requested records for the reasons stated in the Notice of Objections, and a meet and confer letter to counsel for Defendants Julio Zavala and Jose Quintanilla requesting they withdraw their subpoena.

5. On April 5, 2024, Mr. Sherman emailed Counsel for Defendants Jose Zavala and Julio Quintanilla, Ms. Sherry Lawrence and I that his client would not be producing the records for the reasons stated in Plaintiffs' Notice of Objections.

-2-   Case No. 2:22-cv-07534-FLA-MAAx

**DECLARATION OF SHANNON J. LEAP IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION AND MOTION TO QUASH DEFENDANTS' THIRD-PARTY SUBPOENA**

6. Following that email, on April 5, 2024, counsel for Defendants Julio Quintanilla and Jose Zavala, Ms. Muna Busailah advised that they would not be withdrawing their subpoena, but did not provide a basis or any authority for that position.

7. On April 9, 2024, I received a phone call from Mr. Sherman who advised me that counsel for defendants was insisting that his client produce the requested records requested in the subpoena.

8. On April 11, 2023, I called counsel for Defendants Julio Quintanilla and Jose Zavala, Ms. Muna Busailah to further meet and confer regarding the subpoena. I advised her that Plaintiffs never received the notice of or actual subpoena and she did not offer to cure the defect. Ms. Busailah advised that Defendants would seek compliance absent an order quashing the subpoena. The parties were unable to come to an agreement and I notified her that Plaintiffs intended to file an *ex parte* application for the court to rule on Plaintiffs' motion to quash Defendants' third-party subpoena. I advised her that Plaintiffs would file the *ex parte* application on April 12, 2024 and she would have 24 hours to respond to Plaintiffs' *ex parte* application, pursuant to the local rules and this Court's procedures. Ms. Busailah advised that she would be opposing Plaintiffs' application and motion in part on the basis that Plaintiffs lacked standing to object to the third party subpoena.

9. I subsequently called counsel for Defendant City of Los Angeles, Mr. Ty Ford and advised him that Plaintiffs would be filing an *ex parte* application and motion to quash Defendant Jose Zavala and Julio Quintanilla's third party subpoena at the end of the day on April 12, 2024. Mr. Ford advised that he would be joining in Defendant Jose Zavala and Julio Quintanilla's opposition.

10. This office has handled hundreds of police misconduct cases that proceed through expert discovery and counsel, Mr. Galipo, has never seen a subpoena for the employment and personnel records of Plaintiffs' retained expert.

11.     Plaintiffs timely designated Scott DeFoe as their police practices expert in this case, complied with Rule 26 by timely producing his report and curriculum vitae, and produced Mr. DeFoe for deposition. Defendants to date have not produced any Rule 26 report by their purportedly retained expert James Borden in this case.  In an unrelated civil case handled by Plaintiffs' counsel Dale Galipo and myself, Mr. Borden testified that he never reviewed any materials in the above-referenced matter, never made any opinions, and never wrote a report.  Plaintiffs noticed Mr. Borden's deposition, inquired about the "forthcoming" report, and ultimately served defense counsel with a "meet and confer" letter giving notice of Plaintiffs' intent to file a motion *in limine* to exclude Mr. Borden for failure to comply.  Defense counsel never acknowledged the deposition notice or made Mr. Borden available for deposition.

12.     Attached hereto as "Exhibit 1" is a true and correct copy of Plaintiffs' served Notice of Objections dated April 3, 2024.

13.     Attached hereto as "Exhibit 2" is a true and correct copy of Plaintiffs' letter correspondence to Mr. Sherman dated April 3, 2024.

14.     Attached hereto as "Exhibit 3" is Plaintiffs' Meet and Confer Letter to counsel for Julio Zavala and Jose Quintanilla dated April 3, 2024.

15.     Attached hereto as "Exhibit 4" is the email correspondence Ms. Lawrence and I received from Mr. Sherman, dated April 5, 2024.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this April 12, 2024 in Woodland Hills, California.

BY:   /s/  Shannon J. Leap
          SHANNON J. LEAP
          *Attorney for Plaintiffs.*

-4-          Case No. 2:22-cv-07534-FLA-MAAx

**DECLARATION OF SHANNON J. LEAP IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION AND MOTION TO QUASH DEFENDANTS' THIRD-PARTY SUBPOENA**