MICHAEL P. STONE (SBN 91142),
MUNA BUSAILAH (SBN 166328),
Email: m.busailah@police-defense.com
members of **STONE BUSAILAH, LLP**
*A Partnership of Professional Law Corporations*
Email: d.danial@police-defense.com
1055 E. Colorado Boulevard, Suite 320
Pasadena, California  91106
Telephone: (626) 683-5600
Facsimile: (626) 683-5656

Attorneys for Defendants
**JOSE ZAVALA and
JULIO QUINTANILLA**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ, SONIA TORRES, KENI LOPEZ, ROSY LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, JOSE ZAVALA, JULIO QUINTANILLA, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | **CASE NO. 2:22-cv-07534-FLA-MAAx**<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha, USDC-1st Cthse, Ctrm 6B; Hon. Mag. Maria A. Audero, USDC-Roybal Bldg, Ctrm 690]<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO QUASH DEFENDANTS JOSE ZAVALA AND JULIO QUINTANILLA'S THIRD-PARTY SUBPOENA ON RIVERSIDE COUNTY SHERIFF'S DEPARTMENT** |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This Court should deny Plaintiffs' ex parte application to quash the third-party subpoena issued to Riverside County Sheriff's Department by Defendants Zavala and Quintanilla. First, Plaintiffs unmistakably lack standing to contest the subpoena. Second, strict compliance with Fed. R. Civ. P. 45(a)(4) is not necessary so long as the opposing party has not been prejudiced. Third, because the subpoena at issue was served before the close of expert discovery, it was not untimely, even if performance would occur after the expert discovery cutoff.

## I. PLAINTIFFS LACK STANDING TO QUASH THE SUBPOENA AND ASSERT PRIVILEGE ON BEHALF OF A THIRD PARTY

Rule 45 of the *Federal Rules of Civil Procedure* governs the issuance of third-party subpoenas. "The procedures for protecting a third-party subject to enforcement or challenging a subpoena are set forth in Rule 45, subsection (d), which permits the subpoenaed party to serve objections on the subpoenaing party the earlier of the date of production, or 14 days after service of the subpoena." *Wright v. Old Gringo, Inc.*, No. 17CV1996-BAS (MSB), 2020 WL 443823, at *1 (S.D. Cal. Jan. 28, 2020) (citing Fed. R. Civ. P. 45(d)(2)(B)) (emphasis in original). But "[i]n the first instance, Rule 45 does not permit a party to interfere with a subpoena by serving or filing objections." *Id.* at *2. Indeed, this Court has specifically held that "[a] party cannot object to a subpoena duces tecum served on a non-party, but rather, must seek a protective order or make a motion to quash."). *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 636 (C.D. Cal. 2005) (citations omitted).

And other courts have found that "'[t]he law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty. The party to whom the subpoena is directed is the only party with standing to oppose it.'" *Novovic v. Greyhound Lines*, Inc., 2:09-CV-00753, 2012 WL 252124, at *8 (S.D. Ohio Jan. 26, 2012) (quoting *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002)) (internal citations omitted) (brackets added in original). To be clear, "[t]he party to whom the subpoena is directed is the only party with standing to oppose it." *Id.* (quoting *Donahoo*, 211 F.R.D. at 306).

The subpoenas here were issued to a third party. As such, Plaintiffs do not have standing to quash the subpoena. This Court thus deny Plaintiffs' ex parte application on the basis that they lack standing to contest the subpoena that they seek to quash.

Further, Plaintiffs' claim of privilege fails. Plaintiffs are not seeking "to protect a *personal* privilege or right." *Green v. Baca*, No. CV 02-204744MMMMANX, 2005 WL 283361, at *1 (C.D. Cal. Jan. 31, 2005) (quoting *Nova Products, Inc. v. Kisma Video, Inc.,* 220 F.R.D. 238, 241 (S.D.N.Y.2004)). Rather, Plaintiffs seek to protect the purported privilege or right of Scott DeFoe. Dkt. 50, Page ID #:272 ("The documents sought in Defendants' subpoena implicate Mr. DeFoe's right to privacy under California and Federal law and therefore should not be produced."). Because Plaintiffs are not seeking to protect their own personal privilege or rights, Plaintiffs further lack standing to quash the subpoena on such

basis. *See Freed v. Home Depot U.S.A., Inc.,* No. 18cv359-BAS (LL), 2019 WL 582346, at *2 (S.D. Cal. Feb. 13, 2019) ("A party cannot seek to quash a Rule 45 subpoena except to the extent that it has 'a personal right or privilege in the information sought to be disclosed.'" (quoting *Chevron Corp. v. Donziger,* 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013)). *See also Green*, 2005 WL 283361, at *1. This Court should thus deny Plaintiffs' ex parte application to quash.

## II.   STRICT COMPLIANCE WITH FED. R. CIV. P. 45(a)(4) IS NOT REQUIRED WHEN NO PREJUDICED HAS RESULTED

This Court should find that strict compliance with Fed. R. Civ. P. 45(a)(4) is not required and that Plaintiffs have not been prejudiced by the issuance of the subpoena. This Court should thus deny Plaintiffs' ex parte application to quash the subpoena.

The Court has previously held that strict compliance with the notice requirements of Fed. R. Civ. P. 45(a)(4) is not necessary. *Littlefield v. NutriBullet, L.L.C.*, No. CV 16-6894 MWF (SSX), 2018 WL 5264148, at *5 (C.D. Cal. Jan. 22, 2018). Rather, the Court has found that a "less literal approach" to the notice requirements of Fed. R. Civ. P. 45(a)(4) is "more persuasive" and has refused to "quash a subpoena where the opposing party has received notice of the subpoena in time to raise objections and has not been prejudiced by the violation." *Id*. And the Court found that other District Courts within the Ninth Circuit have applied the same, less literal approach to the notice requirements of Fed. R. Civ. P. 45(a)(4).

*Id.* (citing *Bofi Federal Bank v. Erhart*, 2016 WL 1644726, at *5 (S.D. Cal. Apr. 26, 2016); *Bonzani v. Shinseki*, 2014 WL 2521849, at *3 (E.D. Cal. June 4, 2014)).

Additionally, the Court has found that "post-service events" of a subpoena can support the conclusion that "no prejudice has resulted to anyone from any asserted failure to comply with Rule 45(a)(4) . . . ." *Poe v. Nw. Mut. Life Ins. Co.*, No. SA CV 21-2065-PA(EX), 2022 WL 22228503, at *1 (C.D. Cal. June 14, 2022). In *Fujikura Ltd. v. Finisar Corp.*, No. 15MC80110HRLJSC, 2015 WL 5782351, at *4 (N.D. Cal. Oct. 5, 2015), for example, the court concluded that the plaintiff did not suffer any prejudice from the defendant's failure to follow the notice requirements of Rule 45. The court reasoned that the plaintiff had sufficient time to object to the subpoena, as the plaintiff knew about the subpoena three weeks before the deadline for compliance. *Id*. The court also found that the plaintiff and the third party to whom the subpoena was issued "appear[ed] to have worked . . . [together] on objections and actively participated in meet-and-confers regarding the subpoenas" with the defendant. *Id*. The court thus refused to quash the subpoena, finding that the plaintiff did not suffer prejudice. *Id.*

Similarly, here, Plaintiffs concede that they became aware of the subpoena on April 2, 2024—ten days before filing their ex parte application. Further, as in *Fujikura Ltd.*, Plaintiffs' ex parte application and supporting documentation establish that Plaintiffs engaged in conversations and exchanged correspondence on numerous occasions with both Defendants' counsel and counsel for Riverside

County Sheriff's Department. Moreover, Plaintiffs acknowledge that on April 3, 2024—i.e., 10 days ago—they served on all parties (including Riverside County Sheriff's Department) their notice of objections to the subpoena.

Further, Plaintiffs' application makes clear that Plaintiffs actively participated in meet-and-confers with the defendants regarding the subpoena at issue. As such, these post-service events reveal that Plaintiffs became aware of the subpoena with sufficient time to raise objections (as they did) and therefore suffered no prejudice notwithstanding the requirements of Rule 45(a)(4). This Court should therefore deny Plaintiffs' ex parte motion to quash.

### III. ISSUANCE OF THE SUBPOENA WAS NOT UNTIMELY

This Court should find that the subpoena was not untimely because it was served before the close of expert discovery. Further, this Court should find that the subpoena compliance period of seven days after the close of expert discovery was reasonably justified. This Court should therefore deny Plaintiffs' ex parte application to quash the subpoena.

Plaintiffs acknowledge that the subpoena at issue was served approximately a week-and-a-half before the expert discovery cutoff date. Defendants concede that the compliance date was set for a short time after the expert discovery cutoff. But as the Court found in *Nicholson v. City of Los Angeles*, No. CV1507594DDPRAOX, 2017 WL 10575213, at *2 (C.D. Cal. Jan. 4, 2017), the "subpoenas were served prior to the close of discovery. That performance would

occur after the cut-off does not render the subpoenas untimely." (internal quotations and citations omitted) (cleaned up).  Further, it was not until after March 18th – when Scott DeFoe sat for his deposition – did defense counsel become aware of the need to issue the subpoena for the documents Defendants seek.  Indeed, defense counsel issued the subpoena based on Scott DeFoe's deposition testimony and for the sole purpose of obtaining impeachment materials.  And this Court has found, "Rule 45 subpoenas may be employed in advance of trial and outside of a discovery deadline for the limited purposes of memory refreshment, trial preparation, or to secure for the use at trial original documents previously disclosed by discovery." *EVOX Prods., LLC v. Yahoo, Inc.*, No. 220CV02907MEMFSSC, 2023 WL 6192716, at *1 (C.D. Cal. Aug. 8, 2023).  Subpoenas for impeachment materials fall within these limited purposes.  *See id.* (citing and quoting with approval *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995) for the proposition that "discovery deadline does not preclude either party from conducting an investigation for impeachment materials or performing other general trial preparation").

  Accordingly, because: (1) the subpoena was issued to obtain impeachment materials, (2) the need for such materials did not become clear until after March 18th, the date on which Scott DeFoe sat for his deposition and (3) Defendants did not delay in their March 20th issuance of the subpoena, the subpoena compliance

period of seven days after the close of expert discovery was reasonably justified. This Court should therefore deny Plaintiffs' ex parte motion to quash.

## IV.   CONCLUSION

This Court should deny Plaintiffs' ex parte motion to quash the third-party subpoena issued to Riverside County Sheriff's Department by Defendants Zavala and Quintanilla. First, Plaintiffs lack standing to quash the subpoena. Second, Plaintiffs have not been prejudiced notwithstanding the provisions of Fed. R. Civ. P. 45(a)(4). Third, the subpoena was issued before the close of expert discovery and only became necessary as a result of a deposition that occurred shortly before the expert discovery cutoff date.

Date: April 13, 2024                Respectfully Submitted,

**STONE BUSAILAH, LLP**

By: /s/ Muna Busailah
MUNA BUSAILAH, Esq.
Attorney for Defendants JOSE ZAVALA, JULIO QUINTANILLA

8

# CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2024, I filed the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO QUASH DEFENDANTS JOSE ZAVALA AND JULIO QUINTANILLA'S THIRD-PARTY SUBPOENA ON RIVERSIDE COUNTY SHERIFF'S DEPARTMENT with the Clerk of the Court for the United States District Court by using the electronic filing CM/ECF system.

I hereby certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: April 13, 2024

                          /s/ Muna Busailah
By:   MUNA BUSAILAH, Esq.