UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:22-cv-07534-FLA-MAA                                    Date:  April 15, 2024

Title   *Lopez v. City of Los Angeles, et al.*

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  Cindy Delgado  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |
|  Attorney Present for Plaintiff:  |  Attorney Present for Defendants:  |
|  N/A  |  N/A  |

**Proceedings (In Chambers):**   **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE APPLICATION TO QUASH DEFENDANTS JOSE ZAVALA AND JULIO QUINTANILLA'S THIRD PARTY SUBPOENA ON RIVERSIDE COUNTY SHERIFF'S DEPARTMENT (ECF No. 50)**

### I.    INTRODUCTION

Before the Court is Plaintiff Margarito Lopez's ("Plaintiff") Ex Parte Application to Quash Defendants Jose Zavala and Julio Quintanilla's ("Defendants") Third Party Subpoena on Riverside County Sheriff's Department ("Riverside") ("Subpoena"), filed April 12, 2024 ("Motion").  (Mot., ECF No. 50.)  Defendants oppose the Motion.  (ECF No. 51.)  Riverside has not filed any papers in relation to the Subpoena or this Motion.  For the reasons stated below, the Motion is **DENIED without prejudice**.

### II.   ANALYSIS

The Court's review of the docket as of the date of this Order reveals that Judge Fernando L. Aenlle-Rocha, the District Judge presiding over the case, originally set the fact discovery cut-off date as January 19, 2024 and the expert discovery cut-off date as February 23, 2024, and that later, upon request of the parties, extended these dates to February 20, 2024 and March 29, 2024, respectively.  (ECF Nos. 27, 44.)  Subsequent to this extension, the parties have made no further requests to extend these dates.  As such, these dates remain in place.  Judge Aenlle-Rocha's Scheduling Order explains that "[t]he cut-off date for discovery is not the date by which discovery requests must be served; it is the date by which all discovery, including all hearings on any related motions, must be completed."  (ECF No. 27 at 4 (emphasis in original).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-07534-FLA-MAA                                                   Date:  April 15, 2024

Title         *Lopez v. City of Los Angeles, et al.*

     Plaintiff concedes that the Motion was filed after expiration of the fact and expert discovery cut-off dates.  (Mot. 2.)[1]  However, he explains that this late filing was necessitated by the fact that Defendants failed to serve the Subpoena on all parties prior to these cut-off deadlines and Plaintiff did not learn of the Subpoena until after the close of expert discovery.  (*Id.*)  On this basis, Plaintiff requests that, if the Court finds it is prevented from ruling on the Motion because of these deadlines, it extend the fact discovery cut-off date solely for the purpose of ruling on the Motion.  (*See id.*)

     Federal Rule of Civil Procedure ("Rule")16(b) provides that a Court must enter a scheduling order "as soon as practicable" within time limits set by Rule 16(b).  Fed. R. Civ. P. 16(b)(2).  Pursuant to Rule 16(b), the scheduling order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  "The objective of Rule 16 is to expedite and manage the disposition of a particular action."  *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998).  As such, once issued, a scheduling order may be modified only upon a showing of good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); *see also Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing same).

     Pursuant to Central District of California Local Civil Rule 16-14, "[a]ny application to modify an order entered pursuant to Rule 16 shall be made to the judicial officer who entered the order."  C.D. Cal. L.R. 16-14.  Accordingly, this Magistrate Judge lacks authority to amend Judge Aenlle-Rocha's schedule.  *See Watts v. Allstate Indemnity Co.*, No. 2:08-cv-01877 LKK KJN, 2012 U.S. Dist LEXIS 153136, at *8 (E.D. Cal. Oct. 23, 2012) (finding that magistrate judge does not have authority to amend district judge's scheduling order); *UMG Recordings, Inc. v. Disco Azteca Distribs.*, No. CIV.S-04-2611 FCD DAD, 2006 U.S. Dist. LEXIS 48755, at *11 (E.D. Cal. July 18, 2006) ("Of course, the magistrate judge is not empowered to modify the district judge's scheduling order.").

---

[1] Pinpoint citations of page numbers in the Order refer to the page numbers appearing in the ECF-generated headers of cited documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-07534-FLA-MAA                                     Date:  April 15, 2024

Title      *Lopez v. City of Los Angeles, et al.*

**III.     CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion is **DENIED** as untimely.  This denial is **without prejudice** to Plaintiff renewing its request for an extension of the discovery deadlines to Judge Aenlle-Rocha.  This Court offers no opinion as to whether Plaintiff will be able to demonstrate the "good cause" required for a modification of the schedule.  Should Judge Aenlle-Rocha grant such an extension, Plaintiff is instructed to comply with this Magistrate Judge's procedures for bringing discovery motions—specifically, participating in a pre-motion informal discovery conference.  *See* http://www.cacd.uscourts.gov/honorable-maria-audero.  This Court offers no opinion as to the merits of Plaintiff's Motion or Defendants' Opposition thereto.

It is so ordered.