CARRILLO LAW FIRM, LLP
Luis A. Carrillo (Bar No. 70398)
Michael S. Carrillo (Bar No. 258878)
1499 Huntington Drive, Suite 402
South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ individually and as successor in interest to Margarito E. Lopez, Deceased; SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; JOSE ZAVALA; JULIO QUINTANILLA; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.: 2:22-cv-07534-FLA-MAAx**<br>Hon. Judge Fernando L. Aenlle-Rocha,<br>Hon. Mag. Maria A. Audero<br><br>**NOTICE OF OBJECTIONS TO STIPULATION FOR PROTECTIVE ORDER FILED BY DEFENDANTS JULIO QUINTANILLA AND JOSE ZAVALA AND REQUEST TO DENY STIPULATION (DKT. NO. 53).** |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL:**

PLEASE TAKE NOTICE THAT Plaintiffs MARGARITO T. LOPEZ individually and as successor in interest to Margarito E. Lopez, Deceased; SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, individually hereby Lodge their objections to Defendants Jose Zavala and Julio Quintanilla's Stipulation with third-party Riverside County Sheriff's Department and its counsel for a Protective Order. (Dkt. No. 53). Plaintiffs lodge their objections on the following grounds and request the Court deny the stipulation:

1. Defendants Jose Zavala and Julio Quintanilla issued a subpoena to the Riverside County Sheriffs' Department on or about March 20, 2024, purportedly requesting the employment and personnel records of Plaintiffs' retained expert, Scott A. Defoe. (See Dkt. No. 50-1, Declaration of Shannon J. Leap ("Leap Decl.") at ¶ 2).
2. Defendants did not provide notice of or serve the subpoena on Plaintiffs or their counsel, in violation of Federal Rules of Civil Procedure, Rule 45. (See Dkt. No. 50-1, Leap Decl. at ¶ 3; Dkt No. 50-6, Declaration of Michael S. Carrillo ("Carrillo Decl.") at ¶ 2-3).
3. The purported date of compliance for the subpoena was April 8, 2024. (See See Dkt. No. 50-1, Leap Decl. at ¶ 2).
4. Fact discovery closed on February 20, 2024. Dkt. No. 44.
5. Initial Expert Disclosures were exchanged on February 16, 2024. Expert Discovery closed on March 29, 2024. Dkt. No. 44.
6. The documents Defendants request by way of their subpoena are privileged and outside the scope of Federal Rules of Civil Procedure, Rule 26.
7. On April 2, 2024, Plaintiffs' Counsel, Shannon J. Leap, received a phone call from attorney Steven Sherman, notifying her that he represented the Riverside County Sheriffs' Department, and that he had received this subpoena from

-2-   Case No. 2:22-cv-07534-FLA-MAAx

**NOTICE OF OBJECTIONS TO STIPULATION FOR PROTECTIVE ORDER FILED BY DEFENDANTS JULIO QUINTANILLA AND JOSE ZAVALA AND REQUEST TO DENY STIPULATION (DKT. NO. 53).**

1 Defendants Julio Quintanilla and Jose Zavala on March 20, 2024 with a date
2 of compliance of April 8, 2024. Ms. Leap notified Mr. Sherman that Plaintiffs
3 were never served with, nor notified of that subpoena and notified Mr.
4 Sherman of the discovery cutoff deadlines in effect in this case and that
5 Plaintiffs would be objecting to the release of Mr. DeFoe's records. (See Dkt.
6 No. 50-1, Leap Decl. at ¶ 2-4).

7 8. On April 3, 2024, Plaintiffs served on all parties, including Mr. Sherman as
8 the attorney for the third party, Riverside County Sheriffs' Department,
9 Plaintiffs' Notice of Objections to Defendant's Subpoena. (See Dkt. No. 50-1,
10 Leap Decl. at ¶ 4; See Dkt. No. 50-2, Ex.1 attached to Leap Decl.). Plaintiffs'
11 counsel also sent a letter to Mr. Sherman requesting that his client not
12 produce the records for the reasons stated in the Notice of Objections. (See
13 Dkt. No. 50-1, Leap Decl. at ¶ 4; See Dkt. No. 50-3, "Ex. 2" to Leap Decl.),
14 and a meet and confer letter to counsel for Julio Zavala and Jose Quintanilla
15 requesting they withdraw their subpoena. (See Dkt. No. 50-1, Leap Decl. at ¶
16 4; See Dkt. No. 50-4, "Ex. 3" to Leap Decl.).

17 9. On April 5, 2024, Ms. Leap and defense counsel Sherry Lawrence received an
18 email from Mr. Sherman notifying them that his client would not be
19 producing the records for the reasons stated in Plaintiffs' Notice of
20 Objections. (See Dkt. No. 50-5, "Ex. 4" to Leap Decl.).

21 10. On April 5, 2024, defense counsel Muna Busailah sent an email notifying
22 Plaintiffs' counsel that Defendants Julio Quintanilla and Jose Zavala would
23 not be withdrawing their subpoena, although she provided no basis or
24 authority for that position. (See Dkt. No. 50-1, Leap Decl. at ¶ 6).

25 11. On April 9, 2024, Ms. Leap received a phone call from Mr. Sherman advising
26 her that Ms. Lawrence insisted that the Riverside County Sheriffs'

1  Department produce the employment records. (See Dkt. No. 50-1, Leap Decl.
2  at ¶ 7).
3  12. On April 12, 2024, Plaintiffs filed an *ex parte* application requesting this
4  Court quash the subpoena on the aforementioned bases. (See Dkt. No. 50).
5  13. On April 15, 2024, Honorable Magistrate Judge Maria A. Audero issued an
6  order denying Plaintiff's Ex Parte on the basis that it was untimely, but did
7  not offer any opinion regarding the merits of Plaintiffs' ex parte or motion.
8  (Dkt. No. 52).
9  14. Plaintiffs' ex parte application was necessarily untimely because Defendants
10  did not notice Plaintiffs of the subpoena and the subpoena itself was untimely
11  for the reasons set forth in Plaintiffs' ex parte application. (Dkt. No. 50).
12  15. Defendants have not initiated any meet and confer efforts to regarding a
13  motion to compel the subpoenaed materials.
14  16. Plaintiffs **do not** stipulate to the protective order in place in this case (Dkt.
15  No. 38) applying to the personnel records of their Retained Expert, Mr. Scott
16  A. DeFoe.
17  17. Counsel for defendants did not notify or consult with Plaintiffs' counsel
18  regarding their stipulation, prior to filing it. (Dkt. No. 53).

For the foregoing reasons, Plaintiffs lodge their objections and respectfully request this court DENY Defendants' stipulation with non-party Riverside County Sheriffs' Department, that the protective order in this case apply to the personnel records of Mr. Defoe.

DATED: May 1, 2024

LAW OFFICES OF DALE K. GALIPO
By: */s/ Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong
Shannon Leap
*Attorneys for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28