MICHAEL P. STONE, SBN 91142
MUNA BUSAILAH, SBN 166328
Email: m.busailah@police-defense.com
Members of **STONE BUSAILAH, LLP**
*A Partnership of Professional Law Corporations*
Email: d.danial@police-defense.com
1055 East Colorado Boulevard, Suite 320
Pasadena, California 91106
Telephone: (626) 683-5600
Facsimile: (626) 683-5656

Attorneys for Defendants **JOSE ZAVALA and JULIO QUINTANILLA**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARGARITO T. LOPEZ, SONIA TORRES, KENI LOPEZ, ROSY LOPEZ,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF LOS ANGELES, JOSE ZAVALA, JULIO QUINTANILLA, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>　　　　Defendants. | **CASE NO. 2:22-cv-07534-FLA-MAAx**<br><br>*[Assigned to Judge Fernando L. Aenlle-Rocha, USDC-1st Cthse, Ctrm 6B; Hon. Mag. Maria A. Audero, USDC-Roybal Bldg, Ctrm 690]*<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

# TABLE OF CONTENTS

I.  MEMORANDUM OF CONTENTIONS OF FACT AND LAW……………1

    1. Overview of Defendants' Fact Contentions……………………………….1

    2. Overview of Defendants' Contentions of Law…………………….....2

    3. Claims and Defenses……………………………………………….....4

        A. Plaintiffs' Operative Claims……………………………….4

        B. Elements Required to Establish Plaintiff's Operative Claims……..5

            1. Plaintiff's Claim for Excessive Force
(First Claim for Relief)……………………………………….5

            2. Plaintiff's Claim for Substantive Due Process, Interference
with Familial Relations (Third Claim for Relief)……………....6

            3. Plaintiff's Claim for Negligence (Eighth Claim for Relief)…….6

            4. Plaintiff's Claim for Battery (Ninth Claim for Relief)………….6

            5. Plaintiff's Claim for Negligent Infliction of Emotional
Distress (Tenth Claim for Relief)………………………………7

            6. Plaintiff's Claim for Violation of the Bane Act –
Cal. Civ. Code § 52.1 (Eleventh Claim for Relief)…………….8

        C. Operative Affirmative Defenses of Defendants and Elements
of Proof……………………………………………………………..8

            1. Qualified Immunity……………………………………………9

            2. Public Entity/Employee Immunity for Others' Torts
(4th Affirmative Defense)……………………………………..9

            3. Comparative/Contributory Negligence & Assumption
of Risk…………………………………………………………9

            4. Self-Defense/Defense of Others…………………………….9

            5. Punitive damages……………………………………………10

    6. Key Evidence to be Relied Upon by Defendant to Support his Affirmative Defenses…………………….....10

    7. Other Operative Defenses…………………………………10

    8. Reservation of Defenses…………………………..….10

II.  OPERATIVE PLEADINGS…………………………………………..11

III.  JURY TRIAL…………………………………………………………11

IV.  ANTICIPATED EVIDENTIARY ISSUES………………………….....11

V.  ADMITTED AND STIPULATED FACTS………………………….....11

  A. Admitted Facts……………………………………………….....11

  B. Stipulated and Uncontroverted Facts……………………….....12

VI.  PENDING OR CONTEMPLATED LAW AND MOTION MATTERS…..12

  A. Defendants' Motions…………………………………………...12

  B. Plaintiffs' Motions……………………………………………..15

VII.  BIFURCATION OF ISSUES FOR TRIAL…………………………....15

VIII.  USE OF ELECTRONICS AND EQUIPMENT IN COURTROOM……….15

# **TABLE OF AUTHORITIES**

*City of Simi Valley v. Sup. Ct.*
    111 CA 4th 1077, 1084, 4 CR 2d 468, 473 (2003)……………………………..3

*Daubert v. Merrell Dow Pharms.*
    509 U.S. 579 (1993)………………………………………………….....14

*Edson v. Anaheim*
    63 Cal.App.4th 1269, 1273 (1998)……………………………………...…3

*Ochoa v. City of Mesa*
    26 F.4th 1050 (9th Cir. 2022)…………………………………………....3

*Porter v. Osborn*
    546 F.3d 1131, 1137 (9th Cir. 2008)…………………………………….4

*Wheeler v. City of Santa Clara*
    894 F.3d 1046, 1058 (9th Cir. 2018)…………………………………....4

## I.     MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1. <u>Overview of Defendants' Fact Contentions:</u>

The incident at issue concerns the death of Margarito Edvin Lopez ("Decedent"). On December 18, 2021, Decedent's sister called 911 reporting that the Decedent was suicidal and in possession of a knife. It was further reported that Decedent walked out of their house holding the knife in his hand and walked west through an alley. An independent witness called 911 and reported seeing a man (Decedent) walking with a large knife. The witness saw Decedent swinging the knife in the air and believed him to be dangerous. Other persons were also in the area, and they too called 911 to report the same.

Sergeant Burke was the first officer at the scene. He was flagged down by two individuals and immediately identified Decedent, who was sitting on a set of stairs in the front of an apartment building. Sergeant Burke witnessed Decedent holding a knife in his right hand, pressed against Decedent's neck. Sergeant Burke directed Decedent to drop the knife, but Decedent neither responded to nor acknowledged Sgt. Burk. Based on the situation, Sergeant Burke drew his firearm, to be prepared in the event the situation escalated and/or if Decedent charged at him with the knife.

Defendant Officers Zavala and Quintanilla then arrived on scene. Defendant Zavala radioed for backup and also broadcasted for a Rescue Ambulance to respond. LAPD personnel attempted to de-escalate the situation; however,

Decedent did not release the knife, instead putting it to his hand and making what appeared to be slicing motions.

An officer initially deployed a 40-MM less lethal against Decedent. Decedent was unbothered by the shot and put the knife to his neck. Officers were verbally engaging Decedent in continued attempts to convince him to put down the knife. After some time, Decedent was viewed as making a praying gesture, including the signing of the cross. Based on Decedent's conduct, officers reasonably believed that Decedent was intending to commit suicide by cop. Decedent at some point stood up from the steps, continuing to hold the knife in front of himself. Decedent then took a few steps toward the officers. Reasonably fearing for his safety and that of his fellow officers, Defendant Officer Zavala fired three rounds from his pistol at Decedent. Upon Defendant Officer Zavala's deployment of his third round, Defendant Officer Quintanilla then near instantaneously also fired one round from his pistol, out of fear for the safety of himself and others. Officers approached Decedent as he was on the ground and summoned medical care.

Decedent was treated for gunshot wounds to the neck, chest, and torso. Decedent ultimately passed away from the gunshot wound to the torso, as determined by the medical examiner.

2. Overview of Defendants' Contentions of Law

Defendants' contentions of law (ultimate issue contentions) are as follows:

2

A. Any use of force by the Defendant-Officers was objectively reasonable and, therefore, decedent suffered no Fourth Amendment violation.

B. The Defendant-Officers are entitled to qualified immunity because their actions did not violate clearly established law.

C. Because Plaintiffs' claim for excessive force fails, so too does their due process interference familial relations claim, along with their claims for negligence, assault, and battery. *Ochoa v. City of Mesa*, 26 F.4th 1050 (9th Cir. 2022); *Edson v. Anaheim*, 63 Cal.App.4th 1269, 1273 (1998); *City of Simi Valley v. Sup. Ct.*, 111 CA 4th 1077, 1084, 4 CR 2d 468, 473 (2003).

D. Plaintiffs' negligent infliction of emotional distress claim is not an independent tort under California law.

E. Defendant-Officers did not intentionally commit any violation of decedent's constitutional rights by threat, intimidation, or coercion as set forth in the Bane Act under *California Civil Code* § 52.1, and Plaintiff cannot demonstrate the requisite separation and distinction from the act that allegedly deprived Plaintiff of his rights and such additional conduct necessary so sustain a claim under the Bane Act.

F. Plaintiffs' 1983 claim of interference with familial relations in violation of their substantive due process under the Fourteenth Amendment fails because Plaintiff cannot show consistent involvement in decedent's life

and participation in child-rearing activities. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1058 (9th Cir. 2018). Plaintiff's claim further fails on the basis that Plaintiff cannot establish that the Defendant-Officers acted with a purpose to harm the decedent for reasons unrelated to legitimate law enforcement objectives or that the defendant-officers acted with "deliberate indifference" to the victim. *Porter v. Osborn,* 546 F.3d 1131, 1137 (9th Cir. 2008).

3. Claims and Defenses

**A. Plaintiffs' Operative Claims**

The following are the operative claims at issue:

1. A claim for **Fourth Amendment – Excessive Force**, pursuant to 42 U.S.C. § 1983 [1st Claim] – by Plaintiff Margarito T. Lopez against Defendant-Officers Julio Quintanilla and Jose Zavala

2. A claim for **Fourteenth Amendment – Substantive Due Process, Interference with Familial Relations**, pursuant to 42 U.S.C. Section 1983 [3rd claim] – by Plaintiff Margarito T. Lopez against Defendant-Officers Julio Quintanilla and Jose Zavala.

3. A claim for **Negligence** [8th claim] – by Plaintiff Margarito T. Lopez against Defendant-Officers Julio Quintanilla and Jose Zavala, along with vicarious liability as against the City.

4. A claim for **Battery** [9th claim] – by Plaintiff Margarito T. Lopez against Defendant-Officers Julio Quintanilla and Jose Zavala, along with vicarious liability as against the City.

5. A claim for **Negligence Infliction of Emotional Distress** [10th claim] by all Plaintiffs against Defendant-Officers Julio Quintanilla and Jose Zavala, along with vicarious liability as against the City.

6. A claim for **Bane** Act Violation – Pursuant to Cal. Civ. Code § 52.1 [11th Claim] – by Plaintiff Margarito T. Lopez against Defendant-Officers Julio Quintanilla and Jose Zavala, along with vicarious liability as against the City.

**B. Elements Required to Establish Plaintiff's Operative Claims.**

In addition to other pertinent instructions on the operative law, as may be proffered to the Court by one or more of the parties, the following are the essential elements for proving Plaintiff's operative claims by a preponderance of the evidence.

1. **Plaintiff's Claim for Excessive Force (First Claim for Relief).**

a. That Defendant-Officers Julio Quintanilla and Jose Zavala used unreasonable/excessive force against Margarito Edvin Lopez; and

b. That such unreasonable/excessive force caused the death of Margarito Edvin Lopez.

///

///

**2. Plaintiff's Claim for Substantive Due Process, Interference with Familial Relations (Third Claim for Relief)**

a. That Plaintiff Margarito T. Lopez is the parent of Margarito Edvin Lopez;

b. That Defendant-Officers Julio Quintanilla and Jose Zavala used force against Margarito Edvin Lopez;

c. That Defendant-Officers Julio Quintanilla and Jose Zavala acted with a purpose to harm Margarito Edvin Lopez; and

d. That the actions of Defendant-Officers Julio Quintanilla and Jose Zavala were unrelated to a legitimate law enforcement objective when the Defendant Officers used force against Margarito Edvin Lopez.

**3. Plaintiff's Claim for Negligence (Eighth Claim for Relief).**

a. That Defendant-Officers Julio Quintanilla and Jose Zavala used unreasonable/excessive force against Margarito Edvin Lopez; and

b. That the negligence of Defendant-Officers Julio Quintanilla and Jose Zavala regarding the use of force was a substantial factor in causing Margarito Edvin Lopez's harm.

**4. Plaintiff's Claim for Battery (Ninth Claim for Relief).**

a. That Defendant-Officers Julio Quintanilla and Jose Zavala intentionally caused Margarito Edvin Lopez to be touched;

b. That Defendant-Officers Julio Quintanilla and Jose Zavala used deadly force on Margarito Edvin Lopez;

c. That the use of deadly force by Defendant-Officers Julio Quintanilla and Jose Zavala was not necessary to defend human life;

d. That Margarito Edvin Lopez was killed; and

e. That the use of deadly force by Defendant-Officers Julio Quintanilla and Jose Zavala was a substantial factor in causing Margarito Edvin Lopez's death.

**5. Plaintiff's Claim for Negligent Infliction of Emotional Distress (Tenth Claim for Relief).**

a. That Defendant-Officers Julio Quintanilla and Jose Zavala negligently caused the death of Margarito Edvin Lopez;

b. That when Defendant-Officers Julio Quintanilla and Jose Zavala deployed their weapons that caused the death of Margarito Edvin Lopez, Plaintiffs Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez were present at the scene;

c. That Plaintiffs Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez were then aware that the deployment of weapons was causing the death of Margarito Edvin Lopez;

d. That Plaintiffs Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez suffered serious emotional distress; and

e. That conduct of Defendant-Officers Julio Quintanilla and Jose Zavala was a substantial factor in causing serious emotional distress to Plaintiffs Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez.

**6. Plaintiff's Claim for Violation of the Bane Act – Cal. Civ. Code § 52.1 (Eleventh Claim for Relief).**

a. That Defendant-Officers Julio Quintanilla and Jose Zavala interfered with or attempted to interfere with Margarito Edvin Lopez's constitutional right to be free from unreasonable seizures, including unreasonable force, by threatening or committing violent acts;

b. That Defendant-Officers Julio Quintanilla and Jose Zavala acted with the specific intent to deprive Margarito Edvin Lopez of his enjoyment of the interests protected by that right;

c. That Margarito Edvin Lopez was harmed; and

d. That the conduct of Defendant-Officers Julio Quintanilla and Jose Zavala was a substantial factor in causing Margarito Edvin Lopez's harm.

**C. Operative Affirmative Defenses of Defendants and Elements of Proof**.

As to the defenses asserted by Defendants which require affirmative proof by Defendants, the elements of such affirmative defenses are summarized herein below. The supporting evidence will be drawn from Defendants' witnesses to support Defendants' contentions of fact (see above). Nothing herein shall be construed as any withdrawal of Defendants' defenses which do not require affirmative proof by Defendants.

///

///

///

### 1. Qualified Immunity

Defendant-Officers Julio Quintanilla and Jose Zavala are entitled to qualified immunity because no constitutional violation occurred, and even if so, any right was not clearly established at the time of the conduct.

### 2. Public Entity/Employee Immunity for Others' Torts (4th Affirmative Defense)

If any Plaintiffs sustained any injury or damages, such injury or damages were solely caused or contributed to by the wrongful conduct of any of the Plaintiffs and/or third parties, not by Defendants. Therefore, Defendants are not responsible, either in whole or in part, for Plaintiffs' injuries. Additionally, Defendants are immune from liability pursuant to California Government Code Sections 820(b); 820.2; 820.4; 820.8;821.6; 822.2; 836.6; 845.6; 855.6; 855.8 and Penal Code 196.

### 3. Comparative/Contributory Negligence & Assumption of Risk

Margarito Edvin Lopez assumed the known risks by engaging in inherently dangerous activities through his wielding a knife and associated conduct.

### 4. Self-Defense/Defense of Others

Defendant-Officers Julio Quintanilla and Jose Zavala reasonably believed that they and/or others were in imminent danger of suffering bodily injury and reasonably believed that the immediate use of force was necessary to defend themselves and/or others against that danger, and used no more force that was reasonably necessary to defend against the same.

### 5. Punitive damages

Defendant-Officers Julio Quintanilla and Jose Zavala did not act maliciously or with evil intent or in callous disregard of Plaintiffs' federally protected rights.

### 6. Key Evidence to be Relied Upon by Defendant to Support his Affirmative Defenses.

Defendants anticipates offering testimonial evidence from the defendant officers and other percipient witnesses. Defendants also anticipate relying up plaintiffs and/or plaintiffs' witnesses, as well as related incident recordings and records, to support their comparative liability defense. Defendants anticipate offering testimonial evidence from their witnesses, plaintiffs, and/or plaintiffs' witnesses to support their mitigation defense

### 7. Other Operative Defenses.

Defendants incorporate by reference here all such other defenses from the operative Answer not specifically listed above as defenses, but Defendants concede that to the extent such are not *affirmative* defenses for which the burden of proof rests upon Defendant, such defenses need not be listed herein.

### 8. Reservation of Defenses.

Because the Complaint is couched in vague and conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendants hereby reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are

applicable, and/or to withdraw affirmative defenses as may be appropriate. The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any defendant regarding any of Plaintiff's claims, or elements thereof.

## II.  OPERATIVE PLEADINGS.

The operative pleadings which raise the issues are: (1) Plaintiffs' Complaint for Damages, Dkt. #1, (2) Defendant-Officers' responsive pleadings thereto, Dkt. #19, (3) City's responsive pleadings, Dkt. #16, and the Parties' Joint Stipulation regarding Motion for Summary Judgment and/or Adjudication and Plaintiffs' Claims, Dkt. #45

## III.  JURY TRIAL

All parties have demanded a jury trial of this action [Dkt., #1, 16, and 19]. Accordingly, this matter will be tried by a jury.

## IV.  ANTICIPATED EVIDENTIARY ISSUES

The following law and motion matters and motions *in limine* ("MIL") are pending or contemplated in numerated Paragraph 8: "PENDING OR CONTEMPLATED LAW AND MOTION MATTERS".

## V.  ADMITTED AND STIPULATED FACTS

**A. Admitted Facts.**

The following facts are *admitted* by Defendants and require no proof:

1. Defendant-Officers Quintanilla and Jose Zavala were working in the course and scope of their employment with the City of Los Angeles and under the color of law at the time of the incident.

### B. Stipulated and Uncontroverted Facts

1. On December 18, 2021, law enforcement officers, including Defendant-Officers Quintanilla and Zavala, were employed by Defendant City of Los Angeles through its Police Department.

2. The pre-force tactics, use of force, and other conduct of Defendant-Officers Quintanilla and Zavala during this incident at issue in this case were actions taken under color of state law.

3. The pre-force tactics, use of force, and other conduct of Defendant-Officers Quintanilla and Zavala during the incident that is at issue in this case were within the course and scope of his employment with Defendant City of Los Angeles and its Police Department.

## VI. PENDING OR CONTEMPLATED LAW AND MOTION MATTERS

The following law and motion matters and motions *in limine* ("MIL") are stipulated, pending, or contemplated.

### A. Defendants' Motions.

Defendants have indicated filing the MILs listed below.

1. MIL No. 1 – Exclude Source of Payment

     a. Scope: An Order prohibiting evidence regarding or referencing in any manner the source of payment of damages,

     b. Basis: Federal Rules of Evidence 401, 402, and 403.

2. MIL No. 2 – Exclude Evidence of Other Alleged Incidents, Claims, Lawsuits, Settlement, Verdicts, Judgments, Complaints, Administrative Investigations or Proceedings and/or other Alleged Incidents Concerning any of the Defendants, including National Events and Statistics

     a. Scope: An Order not to mention, refer to, interrogate concerning, nor convey to the jury any evidence concerning any other claims, lawsuits, settlements, verdicts, judgments, complaints, administrative investigations or proceedings and/or other alleged incidents or national events and media involving law enforcement or statistics regarding the number of deaths of civilians in officer involved shootings.

     b. Basis: Federal Rules of Evidence 401, 402, 403, 404, and 407 and confidential and privileged pursuant to Cal. Gov. Code, §§ 832 et seq. and Cal. Evid. Code §§ 1043.

3. MIL No. 3 – Exclude Evidence on Golden Rule Arguments

     a. Scope: An Order precluding any reference to "Golden Rule" type arguments or similar types of arguments to value damages

     b. Basis: Federal Rules of Evidence 401, 402, 403.

4. MIL No. 5 – Exclude or Limit Plaintiff's Police Practices Expert Scott DeFoe from Testifying

    a. Scope: An Order to exclude or limit expert opinion testimony outside the qualifications/credentials of the proposed expert Scott DeFoe designated by Plaintiffs, including the opinions that lack of foundation, are speculative and testimony that would be based on insufficient facts and data and would be unreliable, and opinion testimony on ultimate issues reserved for the jury, including excluding or limiting the testimony of plaintiff's expert altogether for lack of proper qualification, or of particular opinions if the Court is inclined to allows testimony;

    b. Basis:    i. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993);

                  ii. FRE 401, 403, 702, 703.

5. MIL No. 6 – Exclude or Limit Plaintiffs' Medical/Pathologist Expert Dr. Omalu

    a. Scope: An Order to exclude or limit expert opinion testimony outside the qualifications/credentials of the proposed expert Dr. Omalu designated by Plaintiffs, including the opinions that lack of foundation, are speculative and testimony that would be based on insufficient facts and data and would be unreliable, and opinion testimony on ultimate issues reserved for the jury, including excluding or limiting the testimony of plaintiff's expert altogether for lack of proper qualification, or of particular opinions if the Court is inclined to allows testimony;

b. Basis:

    i. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993);

    ii. FRE 401, 403, 702, 703.

### B. Plaintiffs' Motions.

Plaintiffs have indicated that they will be filing various motions in limine.

## VII. BIFURCATION OF ISSUES FOR TRIAL

Defendants intend to seek bifurcation of the issues of liability and damages.

## VIII. USE OF ELECTRONICS AND EQUIPMENT IN COURTROOM

Pursuant to United States District Court, Central District of California Local Rule 83-6.1.5, defendants are requesting that the Court issue an order for authorization for use of certain equipment inside the Courtroom during the trial of the instant action, to the extent that such equipment is not already permitted by operation of any standing order, **including wireless communication devices such as smartphones, laptops, tablet computers, and associated electronic equipment and/or supporting carts** so as to facilitate efficient presentation and conduct of the trial.

Dated: May 3, 2024          Respectfully submitted,

        **STONE BUSAILAH, LLP**

By: /s/ Muna Busailah
        _____
        **MUNA BUSAILAH**, Esq.
        Attorney for Defendants **JOSE ZAVALA** and **JULIO QUINTANILLA**

# CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2024, I filed the foregoing **DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** with the Clerk of the Court for the United States District Court by using the electronic filing CM/ECF system.

I hereby certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: May 3, 2024

/s/ Muna Busailah
By:   MUNA BUSAILAH, Esq.