MICHAEL P. STONE, SBN 91142
MUNA BUSAILAH, SBN 166328
Email: m.busailah@police-defense.com
Members of **STONE BUSAILAH, LLP**
*A Partnership of Professional Law Corporations*
Email: d.danial@police-defense.com
1055 East Colorado Boulevard, Suite 320
Pasadena, California 91106
Telephone: (626) 683-5600
Facsimile: (626) 683-5656

*Attorneys for Defendants* **JOSE ZAVALA and JULIO QUINTANILLA**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ, SONIA TORRES, KENI LOPEZ, ROSY LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, JOSE ZAVALA, JULIO QUINTANILLA, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | **CASE NO. 2:22-cv-07534-FLA-MAAx**<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha, USDC-Hon. Mag. Maria A. Audero, USDC-Roybal Bldg]<br><br>**DEFENDANTS' NOTICE OF MOTION AND *FIRST* MOTION IN LIMINE TO EXCLUDE OTHER LAWSUITS AND ADMINISTRATIVE PROCEEDINGS**<br><br>[Filed concurrently with Declaration of Muna Busailah to Motions *in Limine* No. 1, No. 2, No. 3, No. 4 and No. 5; Exhibits A-C; [Proposed] Order]<br><br>FPTC: May 31, 2024<br>TIME: 1:00 PM<br>DEPT: 6B, 6th Floor |

PLEASE TAKE NOTICE THAT Defendants OFFICERS JOSE ZAVALA AND JULIO QUINTANILLA (collectively "Defendants"), will and hereby do move this Court, before trial and prior to jury selection, for the following order in *limine*:

1

1. Not to mention, refer to, interrogate concerning, nor convey to the jury any evidence concerning any national events and media involving law enforcement;

2. Not to mention, refer to, interrogate concerning, nor convey to the jury any evidence concerning any other Claims, Lawsuits, Settlements, Verdicts, Judgments, Complaints, Administrative Investigations or Proceedings and/or Other Alleged Incidents;

3. Not to mention, refer to, interrogate concerning, nor convey to the jury any evidence concerning any national, regional or local statistics regarding the number of deaths of civilians in officer-involved shootings;

4. To instruct and admonish the Plaintiff and her counsel and advise said counsel to instruct all witnesses to refrain from conveying to the jury directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission of the Court outside the presence and hearing of the jury;

5. To refrain from making any reference to the fact that this Motion has been filed; and,

6. To warn and caution each of the witnesses to strictly follow the same instructions.

7. This Motion is made on the grounds that the issues above that Defendants seek to exclude are irrelevant to the issues in this case, and that if these matters were brought to the attention of the jury, Defendants would be substantially prejudiced by them, and such prejudice would not be cured by any instruction to the

jury. These matters also should be excluded as they are inadmissible character evidence and inadmissible subsequent remedial measures. In addition, the details of administrative proceedings concerning LAPD officers are privileged and confidential and may not be divulged absent a waiver by both the accused employee and the City of Los Angeles.

Counsel met and conferred on Defendants' motions *in limine* on April 18, 2024. The parties were unable to completely resolve the substance of this motion.

Date: May 3, 2024          **STONE BUSAILAH, LLP**

By: /s/ Muna Busailah
MUNA BUSAILAH, Esq.
Attorney for Defendants JOSE ZAVALA, JULIO QUINTANILLA

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

Defendants request that this Court issue an order excluding evidence concerning any national events or statistics involving law-enforcement, along with all claims, citizen complaints, lawsuits, settlements, verdicts, judgments, LAPD administrative investigations or proceedings, and any other alleged incidents not related to the instant matter.

The categories of items that Defendants seek to exclude are irrelevant to any issues in this case. Moreover, the prejudicial impact on Defendants of allowing this type of evidence substantially outweighs any possible probative value. Further, any LAPD administrative investigations are privileged and confidential and not subject to disclosure absent a waiver by both the accused employee and the City of Los Angeles. This evidence also is inadmissible character evidence and inadmissible subsequent remedial measures.

### II. NATIONAL EVENTS, STATISTICS, AND OTHER CLAIMS, COMPLAINTS, AND ADMINISTRATIVE INVESTIGATIONS OR PROCEEDINGS SHOULD BE EXCLUDED

This Court should exclude as irrelevant all evidence of national events and statistics concerning law-enforcement, along with all claims, citizen complaints, lawsuits, settlements, verdicts, judgments, LAPD administrative investigations or proceedings, and any other alleged incidents not related to the instant matter.

Rule 402 of the Federal Rules of Evidence provides that "[e]vidence which is not relevant is not admissible." "Relevant evidence" is "any evidence having any tendency to make the existence of any fact that is of consequence of the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The quintessential issue that the jury will be asked to determine in this trial, particularly the liability phase, is whether the Defendant-Officers used unreasonable force during the incident in question. Evidence of national events and statistic involving law enforcement, along with any other lawsuits, claims, or allegations are irrelevant to the issues to be determined in this case. Indeed, these matters have no factual connection or consequence to what occurred during this incident. Further, these matters do not make any facts in this matter more or less probable.

Similarly, any administrative investigations or proceedings involving the Defendants do not have the tendency to make any consequential fact in this matter more or less probable    See Fed. R. Evid. 401. To be sure, Plaintiffs' burden requires proof that Defendants violated their rights under federal or state law as a result of the incident that forms the basis of his Complaint. The administrative investigations or proceedings do not change, inform, or make more or less probable what occurred during the incident.

Nor do the administrative investigations or proceedings prove or disprove whether the Defendants violates any rights under federal or state law. Indeed, the

standards governing administrative investigations and proceedings, and how they are conducted, are markedly different from the Federal Rules of Civil Procedure or any other rule governing civil litigation. Further, a finding that an employee violated some administrative policy or procedure does not automatically make the employee legally liable for the same conduct. Conversely, a finding that an employee did *not* violate any administrative policies or procedures does not automatically make the employee *not* liable under federal or state law. Permitting the introduction of such evidence would invade the province of the jury, who is the fact finder in this case, not some administrative body.

Evidence of national events and statistics concerning law-enforcement, along with all claims, citizen complaints, lawsuits, settlements, verdicts, judgments, LAPD administrative investigations or proceedings are irrelevant and, therefore, inadmissible. This Court should thus exclude the same.

### III. THE PROBATIVE VALUE OF THESE MATTERS IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNDUE PREJUDICE, MISLEADING THE JURY, AND CAUSING UNDUE DELAY AND WASTE OF TIME.

Rule 403 of the Federal Rules of Evidence provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay[] [and] waste of time . . .." Rule 403 requires the prejudice be "unfair." *U.S. v. Young* (D.S.D. 1990) 754 F.Supp. 739, 742. "Unfair"

in this context means the evidence has an undue tendency to suggest to a jury decision based upon an improper basis, usually an emotional one. *Young*, supra, 754 F. Supp. at 742. Additionally, where evidence is not closely related to the issue being charged and is otherwise irrelevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. (*U.S. v. Guerrero* (9th Cir. 1984) 756 F.2d 1342, 1348; *U.S. v. Black* (9th Cir. 1994) 20 F.3d 1458, 1464).

Any evidence regarding the above-matters would unduly prejudice the Defendants. Indeed, as explained above, such evidence is of no consequence in making the facts in *this* matter any more or less probable. Because such evidence is necessarily not of any consequence in determining this action, the introduction of these matters would serve the improper purpose of inflaming the passion of the jury. This evidence, and the jury's hearing the same, would, in turn, act as a prejudicial dagger toward the Defendants by which their actions would be viewed within the lens of such incidents. Not only would such evidence be prejudicial to Defendants, it would likewise be confusing to the jury and a waste of time. If the jury were permitted to hear such evidence, there would be a strong likelihood that the jury would associate this case with those national matters. The jury would thus either prejudge this case based on those incidents or decide to punish *these* defendants for *those* unrelated events, even those such events were against persons and officers not even tangentially involved in this case.

Certainly, the introduction of such incident would cause the jurors in this

case to be influenced one way or another. And when they are influenced negatively – as there can be no dispute that the media coverage portrays law-enforcement in a primeval, savage, and unfavorable light – the jury may be induced to make an emotional decision as a result of a visceral reaction to the other alleged incidents.

Likewise, reference to any administrative investigation or proceeding would only serve to confuse the issues and mislead the jury. The jurors may well be distracted by the administrative process and unable to distinguish between the civil process and the administrative process. The jury also may be induced to make an emotional decision as a result the manner of and/or the outcome of any administrative investigations or proceedings. Further, reference to any administrative investigations or proceedings also would be unduly inflammatory and would result in undue prejudice to Defendants, as it would color the jury's impressions of Defendants. Moreover, reference to administrative proceedings could unduly prolong the trial and waste valuable judicial resources, as Defendants would be forced to rebut such evidence and would have to spend considerable time explaining a process and a policy, which have no bearing on the outcome of this case.

### IV. EVIDENCE REGARDING THESE INCIDENTS SHOULD BE EXCLUDED UNDER FRE 404.

Rule 404 of the Federal Rules of Evidence precludes the use of character evidence to prove wrongful conduct on a specified occasion. Accordingly,

Plaintiffs cannot use any of the above-matters in any way to prove that the Defendants here violated any law in this matter. Each case is separate and must be tried on its own merits. The jury is to determine the objective reasonableness of the Defendants actions based on what happened during *this* incident. Accordingly, evidence of any other alleged incident or administrative proceeding or administrative findings should be excluded from this trial.

## V. ADMINISTRATIVE INVESTIGATIONS ARE PRIVILEGED AND CONFIDENTIAL AND ARE NOT SUBJECT TO DISCLOSURE ABSENT A WAIVER BY BOTH THE ACCUSED EMPLOYEE AND THE CITY OF LOS ANGELES.

Further, administrative investigations are privileged and confidential and are not subject to disclosure absent a waiver by both the accused employee and the City of Los Angeles. *See* Cal. Gov. Code, §§ 832 et seq.; Cal. Evid. Code §§ 1043 and 1046; *Davis v. City of San Diego*, 106 Cal.App.4th 893 (Cal. Ct. App. 2003). California places a high priority on preserving the privacy of various personnel records, California Constitution, Article I, Section I; Civil Code Section 1798, et seq. Among those protected records are peace officer personnel records, which are privileged and confidential pursuant to Penal Code Section 832.7 and are protected by the constitutional right to privacy. *City and County of San Francisco v. Superior Court* (1981) 125 Cal.App.3d 879, 882. "[Section] 832.7 is part of a statutory scheme enacted to protect peace officers' interest in privacy to the fullest extent possible." *Copley Press, Inc. v. Superior Court* (2006) 39 Cal.4th 1272, 1301;

internal quotations omitted. There are specific requirements that a person must meet in order to obtain copies of those records, if they are released at all. Cal. Evid. Code §1040 et seq. Administrative investigations and proceedings are subject to the official information privilege and are maintained as part of an employee's personnel records.

Finally, the statements of any officers involved in the incident that serves the basis of Plaintiffs' Complaint should not be disclosed because such statements are compelled and protected under the Fifth Amendment privilege against self-incrimination. In California, public safety officers may be compelled to give statements against their interest. Los Angeles Police Officers are public safety officers. *See* California Government Code § 3301. This typically occurs in conjunction with an administrative investigation into the actions of one or more officers. Under the direction of their union representative, officers decline to give a voluntary statement during the investigation, and they are then ordered to provide a compelled statement pursuant to *Lybarger v. City of Los Angeles* (1985) 40 Cal. 3d 822, 221 Cal. Rptr. 529. Officers are told ". . . among other things, that although [they have] the right to remain silent and not incriminate [themselves], (1) [their] silence could be deemed insubordination, leading to administrative discipline, and (2) any statement made under the compulsion of the threat of such discipline could not be used against [them] in any subsequent criminal proceedings." *Lybarger, supra,* 40 Cal. 3d at 829. The City of Los Angeles also has an official privilege

from disclosing those records, which it will not waive. As such, this Court should prohibit Plaintiffs from introducing any evidence of any administrative or investigative proceeding concerning the incident that forms the basis of the Complaint.

## VI. EVIDENCE REGARDING ADMINISTRATIVE PROCEEDINGS ALSO SHOULD BE EXCLUDED UNDER FRE 407.

Federal Rules of Evidence 407 establishes that when measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct. The Ninth Circuit has held that evidence pertaining to a police department's administrative investigation and disciplinary proceedings are subsequent remedial measures under Rule 407 and should therefore be excluded to prove liability as it pertains to an individual officer's actions. *Maddox v City of Los Angeles, supra,* 792 F.2d at 1417. Therefore, as was the case in *Maddox*, evidence of any LAPD administrative proceedings, investigation or its review of the use of force incident should be excluded to prove liability as to Defendant Officer Alvarez.

## V. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that the Court issue an order precluding the Plaintiff, his counsel and witnesses, including expert witnesses, from introducing any evidence relating to or reference to any other national events or statistics involving law-enforcement, along with all claims, citizen complaints, lawsuits, settlements, verdicts, judgments, LAPD administrative

investigations or proceedings, and any other alleged incidents not related to the instant matter.

Date: May 3, 2024     **STONE BUSAILAH, LLP**

By: /s/ Muna Busailah
_____
MUNA BUSAILAH, Esq.
Attorney for Defendants JOSE ZAVALA, JULIO QUINTANILLA