1  MICHAEL P. STONE, SBN 91142
   MUNA BUSAILAH, SBN 166328
2  Email: m.busailah@police-defense.com
   Members of **STONE BUSAILAH, LLP**
3  *A Partnership of Professional Law Corporations*
   Email: d.danial@police-defense.com
4  1055 East Colorado Boulevard, Suite 320
   Pasadena, California 91106
5  Telephone: (626) 683-5600
   Facsimile:  (626) 683-5656
6
7  *Attorneys for Defendants* **JOSE ZAVALA and JULIO QUINTANILLA**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARGARITO T. LOPEZ, SONIA TORRES, KENI LOPEZ, ROSY LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, JOSE ZAVALA, JULIO QUINTANILLA, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | CASE NO. 2:22-cv-07534-FLA-MAAx<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha, USDC-Hon. Mag. Maria A. Audero, USDC-Roybal Bldg]<br><br>**DEFENDANTS' NOTICE OF MOTION AND *SECOND* MOTION IN LIMINE TO PRECLUDE ANY REFERENCE TO "GOLDEN RULE" TYPE ARGUMENTS OR SIMILAR TYPES OF ARGUMENTS TO VALUE DAMAGES**<br><br>[Filed concurrently with Declaration of Muna Busailah to Motions *in Limine* No. 1, No. 2, No. 3, No. 4 and No. 5; Exhibits A-C; [Proposed] Order]<br><br>FPTC: May 31, 2024<br>TIME: 1:00 PM<br>DEPT: 6B, 6th Floor |

PLEASE TAKE NOTICE THAT Defendants OFFICERS JOSE ZAVALA AND JULIO QUINTANILLA (collectively "Defendants"), will and hereby do move this Court, before trial and prior to jury selection, for the following order in *limine* precluding any reference to "Golden Rule" type arguments or similar types

1

of arguments to value damages, i.e. evidence and argument that invites the jurors to place themselves in the shoes of the parties or suggests the jury may have an emotional stake in the outcome of the case by imagining how tragic it would be to be one of the parties or to have a juror's loved one be one of the parties.

Counsel met and conferred on Defendants' motions in limine on June 21, 2023. Defendants believe that the parties were able to resolve this motion as a result of the meet-and-confer, and that Plaintiff will not oppose the same.

Date: May 3, 2024              **STONE BUSAILAH, LLP**

By: /s/ Muna Busailah
   MUNA BUSAILAH, Esq.
   Attorney for Defendants JOSE ZAVALA,
   JULIO QUINTANILLA

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION.

This lawsuit arises from a fatal use-of-force incident involving Plaintiff/Decedent Margarito Edvin Lopez and City of Los Angeles Police Department Officers Jose Zavala and Julio Quintanilla. *See generally* Doc. #1. Plaintiffs (which include Decedent and several of his family members) allege violations of federal and state civil rights, as well as claims state-law tort claims. Plaintiffs seeks monetary damages against Defendants as a result of his alleged injuries. *See generally id*.

## II. IMPROPER "GOLDEN RULE" ARGUMENTS EVALUATING DAMAGES SHOULD BE EXCLUDED.

The Golden Rule limitation forbids witnesses and counsel from inviting jurors to place themselves in the shoes of the parties. It prevents the attorneys and the witnesses from suggesting that the jury might have an emotional stake in the outcome of the case by imagining how tragic it would be to be one of the parties or to have a juror's loved one be one of the parties. As the First Circuit aptly explained:

> There can be little doubt that suggesting to the jury that it put itself in the shoes of a plaintiff to determine damages is improper argument. This so-called Golden Rule argument has been universally condemned because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.

*Forrestal v. Magendantz*, 848 F.2d 303, 309 (1st Cir. 1988). Other circuit courts to consider these 'Golden Rule' arguments have likewise found such arguments

improper. *See, e.g., Joan W. v. City of Chicago,* 771 F.2d 1020, 1022 (7th Cir. 1985)("An appeal to the jury to imagine itself in the plaintiff's position is impermissible because it encourages the jury to depart from its neutral role. This so-called 'Golden Rule' argument has been universally condemned by the courts.") (internal citation omitted); *Lovett v. Union Pacific*, 201 F.3d 1074, 1083 (8th Cir. 2000) ("A Golden Rule argument asks the jury to place itself in the defendant's position. Such an argument is universally condemned because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence."). And even this Court has found such argument to be improper. *See Retamosa v. Target Corp.*, No. CV 19-5797 DSF (JCX), 2021 WL 4499236, at *1 (C.D. Cal. May 4, 2021) ("Golden rule and reptile theory arguments are irrelevant to actual damages alleged in this case and have a substantial likelihood of unfairly prejudicing the jury because these arguments may encourage the jury to render a verdict based on personal interest and bias rather than on the evidence.") (internal citations and quotations omitted).

Because Golden Rule arguments appeal to the personal interests and biases of the jury rather than the actual evidence presented, this Court should prohibit Plaintiffs from referencing any "Golden Rule" arguments, along with any similar types of arguments to value damages. This is particularly true where, as here, Plaintiff Margarito Edvin Lopez suffered loss of life, which allegedly occurred in front of various of his family members. Such a factual scenario is ripe for

appealing to the emotional interests of the jury. Defendants would thus suffer severe prejudice should this Court permit Plaintiffs to make any Golden Rule arguments.

### III.   CONCLUSION

For the forgoing reasons, Defendants respectfully request this court grant this motion in limine and preclude any reference to "Golden Rule" type arguments or similar types of arguments to value damages.

Date:  May 3, 2024          **STONE BUSAILAH, LLP**

By: /s/ Muna Busailah
MUNA BUSAILAH, Esq.
Attorney for Defendants JOSE ZAVALA, JULIO QUINTANILLA