MICHAEL P. STONE, SBN 91142
MUNA BUSAILAH, SBN 166328
Email: m.busailah@police-defense.com
Members of **STONE BUSAILAH, LLP**
*A Partnership of Professional Law Corporations*
Email: d.danial@police-defense.com
1055 East Colorado Boulevard, Suite 320
Pasadena, California 91106
Telephone: (626) 683-5600
Facsimile: (626) 683-5656

*Attorneys for Defendants* **JOSE ZAVALA and JULIO QUINTANILLA**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ, SONIA TORRES, KENI LOPEZ, ROSY LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, JOSE ZAVALA, JULIO QUINTANILLA, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | CASE NO. 2:22-cv-07534-FLA-MAAx<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha, USDC-Hon. Mag. Maria A. Audero, USDC-Roybal Bldg]<br><br>**DEFENDANTS' NOTICE OF MOTION AND *THIRD* MOTION IN LIMINE - PROHIBITING PLAINTIFFS AND PLAINTIFFS' ATTORNEYS AND WITNESSES FROM OFFERING ANY EVIDENCE REGARDING OR REFERENCING IN ANY MANNER THE SOURCE OF PAYMENT OF DAMAGES, IF ANY AND THE CITY'S ABILITY TO PAY THE JUDGMENT**<br><br>[Filed concurrently with Declaration of Muna Busailah to Motions *in Limine* No. 1, No. 2, No. 3, No. 4 and No. 5; Exhibits A-C; [Proposed] Order]<br><br>FPTC: May 31, 2024<br>TIME: 1:00 PM<br>DEPT: 6B, 6th Floor |

PLEASE TAKE NOTICE THAT Defendants OFFICERS JOSE ZAVALA AND JULIO QUINTANILLA (collectively "Defendants"), will and hereby do move this Court, before trial and prior to jury selection, for the following order in

1

*limine* prohibiting Plaintiffs and Plaintiffs' attorneys and witnesses from offering any evidence regarding or referencing in any manner the source of payment of damages, if any and the City's ability to pay the judgment. Plaintiffs' counsel also requested, and Defendants agree, that the parties shall not reference that the payment of damages, if any, would come from taxpayer dollars.

      Counsel met and conferred on Defendants' motions in limine on June 21, 2023. Defendants believe that the parties were able to resolve this motion as a result of the meet-and-confer, and that Plaintiff will not oppose the same.

Date: May 3, 2024               **STONE BUSAILAH, LLP**

By: /s/ Muna Busailah
                                MUNA BUSAILAH, Esq.
                                Attorney for Defendants JOSE ZAVALA, JULIO QUINTANILLA

# DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This matter concerns the alleged violation of constitutional rights, and is brought, in part, pursuant to 42 U.S.C. § 1983. *See generally* Doc. #1, ¶ 1, 4-5. Plaintiffs assert claims against Defendant-Officer Jose Zavala and Julio Quintanilla, along with seeking vicarious liability as against the City of Los Angeles. *Id*. Plaintiff seeks monetary damages against Defendants as a result of his alleged injuries. *See generally* Doc. #30.

## II. EVIDENCE OF PAYMENT OF DAMAGES SHOULD BE EXCLUDED

This Court should exclude any evidence or reference to the source of payment for damages, if any, and the City's ability to pay the judgment. Further, this Court should exclude reference that the source of payment, if any, flows generally from taxpayer dollars. Indeed, such evidence is irrelevant and "might suggest to jurors that the [City] has unlimited means, thus justifying high judgments, or that the burden falls on taxpayers, thus justifying a meager judgment." *Fogleman v. Cnty. of Los Angeles*, No. CV 10-6793 GAF (SHX), 2012 WL 13005832, at *8 (C.D. Cal. July 25, 2012).

It is well-settled in this Court that evidence of source of payment – *i.e.*, who pays the damages – is irrelevant and should be excluded from trial. *Fogleman v. Cnty. of Los Angeles*, No. CV 10-6793 GAF (SHX), 2012 WL 13005832, at *8

(C.D. Cal. July 25, 2012) ("The Court concludes that the entire subject of who pays is not relevant and must not be the subject of inquiry by either side."); *Engman v. City of Ontario*, No. EDCV 10-284 CAS PLAX, 2011 WL 2463178, at *4–5 (C.D. Cal. June 20, 2011) ("The Court finds that evidence regarding the source of payment for an award of compensatory damages is inadmissible."). *Gonzalez v. City of Garden Grove*, No. CV 05-1506 CAS JTLX, 2006 WL 5112757, at *4–5 (C.D. Cal. Dec. 4, 2006) (granting defendants' motion in limine to exclude evidence regarding the source of payment of an award of damages); *Mariscal v. McIntosh*, No. CV 04-9087 CAS, 2006 WL 6627090, at *4 (C.D. Cal. Dec. 19, 2006) (granting defendants' motion in limine to exclude evidence regarding the source of payment of an award of damages, finding that such evidence is "not relevant for any purpose[]"). *See also Larez v. Holcomb,* 16 F.3d 1513, 1518–19 (9th Cir.1994) (trial court erred in instructing jury that City would indemnify defendant-officer for damages); *Reynolds v. Gerstel*, No. 1:09-CV-00680-SAB, 2013 WL 4815788, at *3 (E.D. Cal. Sept. 9, 2013) ("The issue of who would pay damages were Plaintiff to prevail in this action is not relevant to the claim that [the defendant] was deliberately indifferent in [cause Plaintiff's injuries]. Evidence of the source of payment is inadmissible during the liability and compensatory damages phase of trial").

Based on the foregoing, this Court find that evidence or reference to the source of payment of damages in this matter is irrelevant and, therefore,

inadmissible. As such, this Court should exclude any evidence or reference to the source of payment for damages, if any, and the City's ability to pay the judgment. This Court should also exclude any reference that the source of payment, if any, flows from taxpayer dollars.

Date: May 3, 2024            **STONE BUSAILAH, LLP**

                        By: /s/ Muna Busailah
                            MUNA BUSAILAH, Esq.
                            Attorney for Defendants JOSE ZAVALA,
                            JULIO QUINTANILLA