MICHAEL P. STONE, SBN 91142
MUNA BUSAILAH, SBN 166328
Email: m.busailah@police-defense.com
Members of **STONE BUSAILAH, LLP**
*A Partnership of Professional Law Corporations*
Email: d.danial@police-defense.com
1055 East Colorado Boulevard, Suite 320
Pasadena, California 91106
Telephone: (626) 683-5600
Facsimile: (626) 683-5656

*Attorneys for Defendants* **JOSE ZAVALA and JULIO QUINTANILLA**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ, SONIA TORRES, KENI LOPEZ, ROSY LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, JOSE ZAVALA, JULIO QUINTANILLA, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | **CASE NO. 2:22-cv-07534-FLA-MAAx**<br><br>[Assigned to Judge Fernando L. Aenlle-Rocha, USDC-Hon. Mag. Maria A. Audero, USDC-Roybal Bldg]<br><br>**DEFENDANTS' NOTICE OF MOTION AND *FIFTH* MOTION IN LIMINE PROHIBITING PLAINTIFFS' EXPERT WITNESS SCOTT DEFOE'S TESTIMONY AND TO EXCLUDE IMPROPER OPINIONS AND TESTIMONY AS TO MATTERS BEYOND HIS AREA OF EXPERTISE**<br><br>[Filed concurrently with Declaration of Muna Busailah to Motions *in Limine* No. 1, No. 2, No. 3, No. 4 and No. 5; Exhibits A-C; [Proposed] Order]<br><br>FPTC: May 31, 2024<br>TIME: 1:00 PM<br>DEPT: 6B, 6th Floor |

PLEASE TAKE NOTICE THAT Defendants JOSE ZAVALA, AND JULIO QUINTANILLA (collectively "Defendants"), will and hereby do move this Court, before trial and prior to jury selection, for the following order in limine prohibiting Plaintiff's expert witness, Scott DeFoe, from testifying or offering any

1

impermissible opinions and any opinions beyond his areas of expertise, including but not limited to opinions that are irrelevant to the issues to be tried, that invade the province of the jury, that draw legal conclusions, that are speculative, that lack foundation, that are conclusory, that are nothing more than credibility determinations, that concern a party or witness' subjective knowledge and that are more prejudicial than probative.

      This Motion is made pursuant to Federal Rules of Evidence, Rules 401, 402, 403, 701, 702 and 703, and Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993).

      Counsel met and conferred on Defendants' motions in limine on April 18, 2024. The parties were unable to resolve the substance of this motion.

Date: May 3, 2024           **STONE BUSAILAH, LLP**

                                By:  /s/ Muna Busailah
                                     MUNA BUSAILAH, Esq.
                                     Attorney for Defendants JOSE ZAVALA, JULIO QUINTANILLA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff has identified proposed expert Scott DeFoe ("Mr. DeFoe") in is disclosures made pursuant to Fed. R. Civ. P. 26(a)(2). Plaintiffs intend on calling Mr. DeFoe to testify as to the contents of his report, attached hereto as Exhibit A. This Court should exclude Mr. DeFoe's testimony, in whole or, alternatively, in part, as Mr. DeFoe's proffered opinions are irrelevant and/or otherwise inadmissible, as explained below.

## II. STANDARDS GOVERNING WHETHER TO ALLOW EXPERT TESTIMONY

Fed. Rules of Evid. 702 states: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case."

*Daubert* and its progeny have set forth the four elements that must be met before a

proposed expert's testimony will be allowed. The courts should only allow a proposed expert's testimony if it will 1) assist the trier of fact in determining or understanding the facts in issue, 2) the proposed expert testimony is relevant, 3) if the proposed expert witness is sufficiently qualified and 4) if there is a reliable basis for expert's opinions and testimony. FRE 702; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Because "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it," a court has more control over experts than lay witnesses under Fed. R. Evid. 403. *Daubert, supra*, 509 U.S. at 595 (1993).

A. **The Expert's Testimony Cannot Invade the Province of the Jury By Suggesting the Real Facts or the Law**

If expert testimony is allowed, the opinions cannot be expressed in a way that invades the province of the jury, such as suggesting to the jury what the real facts are or what legal conclusion to draw. "[I]nstructing the jury as to the applicable law is the distinct and exclusive province of the court." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citations omitted). An expert cannot tell the jury what the law is or how to determine liability based on the law. *Hangarter, supra,* 373 F.3d at 1016; *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. April 13, 2015). An expert's "opinion as to what 'current law' 'mandates' or whether defendants were 'legally' 'justified' in using the force applied against [the plaintiff] usurps the jury's role."

*Taylor v. Lemus*, No. CV11-9614 FMO (SSx), 2015 U.S. Dist. LEXIS 186790, 2015 WL 12698306, at *6 (C.D. Cal. June 17, 2015) (citing *Sloman v. Tadlock*, 421 F.3d 1462, 1468 (9th Cir. 1994)).

Experts also are prohibited from informing the jury how the jury should view or find the facts in a given case. Experts can testify based on *trial* evidence, not based on what the expert believes happened or the decedent's mindset. *See Willis v. City of Fresno*, 680 F. App'x 589, 591 (9th Cir. 2017); *Amin-Akbari v. City of Austin*, Tex., 52 F. Supp.3d 830, 848 (W.D. Tex. 2014).

**B.     The Expert's Opinions Must Be Based on Competent, Admissible Evidence and Cannot Be Based On Speculation, Personal Opinion, Hearsay and/or Suggest Witness Credibility**

As part of its gate-keeping function, the Court is "supposed to screen the jury from unreliable nonsense opinions, . . .." *Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960, 969 (9th Cir. 2013). Expert qualifications, including adequate and relevant training and experience, are required to lay the foundation for the expert's opinion; otherwise, it is mere "unsupported speculation." *See Plush Lounge Las Vegas LLC v. Hotspur Resorts Nev., Inc.*, 371 F. Appx. 719, 720 (9th Cir. 2010). Further, the facts or data upon which the expert relies must either themselves be admissible or "of a type reasonably relied upon by experts in the particular field of forming opinions or inferences upon the subject." *Fed. R. Evid. 703*. "'[N]othing in either *Daubert* or the Federal Rules

of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 157 (1999) (citations omitted).

It is further inappropriate for an expert to attempt to impart his opinion as to a party or witness' subjective knowledge or to create a question of fact as to what a party or witness knew. *Cotton v. City of Eureka*, No. C08-04386 SBA, 2011 U.S. Dist. LEXIS 101657 at *2 (N.D. Cal. Sep. 8, 2011) (quoting *Gobert v. Caldwell*, 463 F.3d 339, 348 n.29 (5th Cir. 2006)). Experts cannot testify that facts be found in a particular way.

Expert witness testimony also cannot be used as a backdoor means to present otherwise inadmissible hearsay evidence to the jury. FRE 703; *U.S. v. Velasquez*, 20118 U.S. Dist. LEXIS 132701, 2011 WL 5573243 at *3 (N.D. Cal. Nov. 14, 2011); *see also U.S. v. Santini*, 656 F.3d 1075, 1078 (9th Cir. 2011). An expert may not opine on the subjective intent, motive, or beliefs of anyone involved in the incident. *Energy Oils, Inc. v. Montana Power Co.*, 626 F.2d 731, 737 (9th Cir. 1980) (finding trial court's admission of expert testimony regarding parties' subjective intents was error, even though it was harmless error in that case).

**C. Any Permissible Expert Opinions Should Be Established Through Hypothetical Questioning**

The courts routinely hold that an expert's opinions must be explored

through hypothetical questioning to avoid the expert offering impermissible testimony, such as that discussed herein. *Cooke, supra,* 2017 U.S. Dist. LEXIS 207779 at *15; *Engman v. City of Ontario*, No. EDCV 10-284 CAS (PLAx), 2011 U.S. Dist. LEXIS 66128, *7 (C.D. Cal. June 20, 2011); see also *Valtierra, supra,* 99 F. Supp. 3d at 1198 (excluding expert testimony that "the use of force was 'excessive' or 'unreasonable,' under the circumstances," but allowing expert's opinions to "be explored through hypothetical questioning so as to avoid invading the province of the jury").

## III. MR. DEFOE'S OPINIONS SHOULD BE EXCLUDED AND/OR LIMITED

### A. Mr. DeFoe's Opinion is Not Relevant and Should be Excluded

This Court should exclude Mr. DeFoe from testifying and/or rendering any opinion in this matter. Mr. DeFoe's report makes clear that his testimony and proffered opinions are unhelp to the jury and irrelevant to the issues to be tried.

"Encompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury, which is the 'central concern' of Rule 702." *Mukhtar v. Cal. State Univ. Hayward*, 299 F.3d 1053, 1066 n.7 (9th Cir. 2002); see also *United States v. Gwaltney*, 790 F.2d 1378, 1381 (9th Cir. 1986) ("The general test regarding the admissibility of expert testimony is whether the jury can receive 'appreciable help' from such testimony.").

Mr. DeFoe's proposed opinions are not helpful to the jury and, therefore, are

irrelevant. Indeed, this case concerns the 'objective reasonableness' of the Defendant-Officers' use of force, as judged from the perspective of a reasonable officer on the scene. *See Graham v. Connor,* 490 U.S. 386, 396 (1989). The jury's penultimate determination of this issue will almost certainly involve resolving whether Margarito Edvin Lopez ("Decedent") posed an immediate threat to the Defendant-Officers, other law-enforcement personnel on scene, or any victims nearby or other civilians in the neighborhood. Because the reasonableness standard must be adjudicated from the perspective of an officer at the scene, the Defendant-Officers anticipate that they and other officers *at the scene of the incident* will testify as to they were experiencing *at the time of the incident* and what was happening *at the time of the incident*, thereby informing the consideration of whether Decedent posed any threat. As Mr. DeFoe's was not at the scene, his opinion regarding the Defendant-Officers' use of force – an opinion that must necessarily include a determination of whether Decedent posed any immediate threat – is not helpful to the jury and speculative at best.

It is solely the jury's task to decide whether the Defendant-Officers' force was lawful. The jurors will be required to decide what happened by weighing the credibility of the witnesses and hearing the testimony. Mr. DeFoe's opinions do not assist in explaining or elucidating the scene of the incident, what events occurred leading up to the Defendant-Officers' use of force, or whether, based on the totality of the circumstances that the officers at the scene were facing, Decedent

posed any threat. And since the jurors – and only the jurors – will decide what happened during the critical seconds of this shooting, Mr. DeFoe should not be permitted to render any expert testimony in this matter, as such testimony would not only be speculative and unhelp to the jury, but would also pervade determinations solely within the jury's province. This Court should thus exclude Mr. DeFoe's testimony in toto.

### B. Mr. DeFoe's Opinion on What Transpired at the Scene Should be Excluded because It is Unsupported by Eyewitness Testimony and Speculative

Mr. DeFoe attempts to render opinions regarding what he believed was the timing and events that transpired between Defendant-Officers and the Decedent at the time of the shooting. These opinions should be excluded, as Mr. DeFoe was not present at the scene and, thus, his opinions lack foundation and are wholly speculative.

Specifically, in Mr. DeFoe's report, he opines that

- "There was no rush. Mr. Margarito Lopez did not threaten the Police Officers or any civilian in the area. There was no crime in progress and there was no information that he committed a crime prior to the arrival of Sergeant Christopher Burke." Exh. C, Opinion 1

- "In addition, Mr. Margarito Lopez was not advancing towards any Los Angeles Police Department Police Officers or civilians at the time" the Defendant-Officers deployed their weapons. Exh. C, Opinion 4

- "Mr. Margarito Lopez did not verbally threaten or physically threaten any Los Angeles Police Department Police Officers" when the Defendant-Officers deployed their weapons. Exh. C, Opinion 4

- "It is my opinion that a reasonable Police Officer . . . would have given a verbal warning to Mr. Margarito Lopez that he was going to fire his service weapon. . . . [the Defendant-Officers] did not give a verbal warning to Mr. Margarito Lopez and give Mr. Margarito Lopez a reasonable opportunity to comply prior to firing [weapons] . . . even though it would have been feasible to do so." Exh. C, Opinion 3

The jurors will be tasked with determining what transpired at the scene based on the testimony of fact witnesses that had the ability to observe the events. Accordingly, because Mr. DeFoe was not an eyewitness to the events, he cannot testify as to what occurred at the scene. Further, any attempts of Mr. DeFoe to testify in order to establish these facts or opine on the credibility of the witnesses or suggest alternative facts regarding the incident invades the province of the jury, is not probative of any fact at issue, and would mislead the jury. As such, testimony along those lines should be excluded. *Estate of Castillas v. City of Fresno,* 2019 WL 586747 (*citing United States v. Candoli,* 870 F.2d 496, 506 (9th Cir. 1989)).

///

///

### C. Mr. DeFoe Should Be Prohibited From Providing Any Opinions That Defendant-Officers Violated A P.O.S.T. Standard or any LAPD Policy

Mr. DeFoe should be excluded from providing any opinions that Defendant-Officers violated a P.O.S.T. standard or any LAPD policy since non-compliance with these provisions do not amount to liability. *Muehler v. Mena,* 544 U.S. 93, 103 (2005) (Kennedy concurring) ("Even if we accept as true—as we must—the factual assertions that these detainees posed no readily apparent danger and that keeping them handcuffed deviated from standard police procedure, it does not follow that the handcuffs were unreasonable."). Further, an officer's failure to conform to professional standards is insufficient to render her liable under the Fourth Amendment. *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002). "The Fourth Amendment's 'reasonableness' standard is not the same as the standard of 'reasonable care' under tort law, and negligent acts do not incur constitutional liability." *Id.* In short, P.O.S.T. standards are not the same as the Fourth Amendment standards used to analyze the use of force here.

Yet, Mr. DeFoe has offered numerous opinions regarding his belief that the Defendant-Officers violated P.O.S.T. standards. *See, e.g.*, Exhibit C, Opinion No. 1 ("I base my opinion on California Police Officer Standards and Training (POST), Learning Domain No. 20-Chapter 2: Force Options, Communication, 2-11. . .") *id.*, Opinion No. 2 ("It is my opinion that a reasonable Police Officer acting consistent with standard police practices and outlined in the California Commission on Peace

Officers Standards and Training, Student Materials, Learning Domain, No. 20, Use of Force, Version 3.3, Pages 3-4. . .") *id.*, Opinion No. 6 ("It is my opinion Los Angeles Police Department Police Officer II Julio Quintanilla, Serial No. 42454, Police Officer II Jose Zavala, Serial No. 40197, use of lethal force violated Peace Officer Standards and Training and caused the unnecessary death of Mr. Margarito Lopez"). Mr. DeFoe's opinions on these matters have a high likelihood of confusing the jury as to what is the issue in this case, and what the legal standards are for a violation of the Fourth Amendment. FRE 702. Mr. DeFoe should not be allowed to explicitly or implicitly indicate to the jury that any potential standard of P.O.S.T. that he claims was not followed a violation of the law. The Fourth Amendment analysis is different than whether or not a P.O.S.T. guideline was followed and there is no negligence claim in this case.

Second, and similarly, Mr. DeFoe makes numerous conclusions regarding his opinion that the Defendant-Officers purportedly violated LAPD policy. *See e.g.*, Exhibit C, Opinion No. 2 ("it is my opinion Police Officer II Julio Quintanilla, Serial No. 42454, failed to comply with Los Angeles Police Department, Policy 556"); *id.*, Opinion No. 3 (same with regarding to Defendant Zavala); *id.* Opinon No. 4.  But this Court already granted a stipulation and order whereby Plaintiffs voluntarily dismissed their *Monell*-related claims. As such, any purported violation of LAPD policy is wholly irrelevant to this excessive force action and must be excluded from trial in its entirety.

Should Mr. DeFoe be allowed to opine as to such irrelevant and speculative opinions, unsupported by evidence and not at issue in this case, Defendant-Officers would be unfairly and substantially prejudiced based upon the lack of probative value, if at all, that would be attributed such testimony. FRE 403. Indeed, LAPD policies have no bearing – and do not make any fact of consequence more or less likely – on the lone issue of whether or not Defendant-Officers' use of force was objectively reasonable. A jury may also be confused by such testimony since there are no *Monell* claims at issue in this case. Mr. DeFoe's opinions as to purported non-compliance with P.O.S.T. standards and LAPD policies should therefore be excluded.

### D. Mr. DeFoe's References to the Law and His Legal Opinions Should be Excluded

Mr. DeFoe seemingly bases his opinions on his belief that "there was no crime in progress and there was no information that [Decedent] committed a crime prior . . . ." Exh. C, Opinion 1. Mr. DeFoe's belief on whether there was a crime that was occurring or had occurred is a legal determination that should be excluded. Further, this Court should prohibit Mr. DeFoe from discussing what he believes is the applicable law and offering any testimony regarding the application of such law to this incident. *See A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3rd 1195, 1207 (9th Cir. 2016)("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province

of the court.")(quoting *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004).

E. **Mr. DeFoe Must Be Prohibited From Providing Testimony Outside the Scope of His Expertise.**

Similarly, Mr. DeFoe should be precluded from offering testimony that is outside the scope of his expertise. Specifically, Mr. DeFoe opines that:

- "It is my opinion . . . [that] a reasonable Police Officer would have initially determined Mr. Margarito Lopez was **mentally ill or experiencing a mental crisis**. It is my opinion . . . [that Defendant-Officers] failed to initially determine Mr. Margarito Lopez was **mentally ill or experiencing a mental crisis**." Exh. C, Opinion 1 (emphasis added).

- "There was no rush. Mr. Margarito Lopez did not **threaten** the Police Officers or any civilian in the area. There was **no crime in progress** and there was no information that he **committed a crime** prior to the arrival of Sergeant Christopher Burke." Exh. C, Opinion 1 (emphasis added).

- "It is my opinion that . . [Defendant-Officers] did not give a verbal warning, to Mr. Margarito Lopez and give Mr. Margarito Lopez a reasonable opportunity to comply, even though it would have been **feasible** to do so, prior to firing . . ." Exh. C, Opinion 2 (emphasis added).

- It is my opinion . . . [that Defendant-Officers] **caused** the unnecessary death of Mr. Margarito Lopez . . ." Exh. C, Opinion 6 (emphasis added).

Mr. DeFoe's above-opinions are medical and legal determinations. However, Mr. DeFoe is not a doctor or a medical professional and does not have the necessary qualifications to opine on a person's mental well-being or the cause or severity of an individual's injuries. Further, Mr. DeFoe's opinion on whether a crime was in progress or had been committed and whether a verbal use-of-force warning was feasible are legally-specialized and/or judicially-defined terms. As such, Mr. DeFoe's conclusions constitute impermissible legal opinions that should be excluded. Indeed, whether Decedent was committing, or had committed, a crime and whether a use-of-force warning was feasible based upon the totality of the circumstances are determinations for the jury to make, not Mr. DeFoe. Mr. DeFoe's opinions usurp the jury's role as fact-finders and as the ultimate arbiter of legal judgment(s). This Court should therefore exclude such opinions and testimony.

**F.  Mr. DeFoe Cannot Offer Opinions That Are Not Contained In His Rule 26 Report**

An expert may not present new opinions or topics that were not timely included in the expert's Rule 26 report. *See* Fed. R. Civ. P. 26(a)(2)(B). Thus, Mr. DeFoe cannot offer any opinions at trial that were not included in his Rule 26 report.

///

///

///

## IV. CONCLUSION

Defendants respectfully request an order in limine prohibiting entirely, or, alternatively, in part, Plaintiffs' expert witness, Scott DeFoe, from testifying at trial in this matter.

Date: May 3, 2024

**STONE BUSAILAH, LLP**

By: /s/ Muna Busailah
MUNA BUSAILAH, Esq.
Attorney for Defendants JOSE ZAVALA, JULIO QUINTANILLA