Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (Bar No. 2821829)
rvalentine@galipolaw.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARGARITO T. LOPEZ individually and as successor in interest to Margarito E. Lopez, Deceased; SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; JOSE ZAVALA; JULIO QUINTANILLA; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:22-cv-07534-FLA-MAAx<br><br>**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Trial Date: July 16, 2024<br>Final Pretrial Conference: May 31, 2024 |

Pursuant to Local Rule 16-4 and this Court's Scheduling and Case Management Order, Plaintiffs hereby submit the following Memorandum of Contentions of Fact and Law.

## I. INTRODUCTION

This civil rights and state tort lawsuit arises out of the fatal shooting of Margarito E. Lopez ("Decedent") by Los Angeles Police Department ("LAPD") Officers Jose Zavala and Julio Quintanilla on December 18, 2021. The Plaintiffs are Margarito T. Lopez, who is the father of Decedent, and Sonia Torres, Keni Lopez, and Rosy Lopez, who are the siblings of Decedent and who witnessed the shooting. The defendants are Jose Zavala, Julio Quintanilla, and the City of Los Angeles.

## II. PLAINTIFFS' CLAIMS (16.4-1)

### A. ELEMENTS AND LEGAL CONTENTIONS

**Claim 1:** **Excessive Force** (Fourth Amendment; 42 U.S.C. § 1983)

Plaintiff Margarito T. Lopez brings this claim as Decedent's successor in interest against Defendants Jose Zavala and Julio Quintanilla, and seeks survival damages for Decedent's pre-death pain and suffering, loss of life, and loss of enjoyment of life. Plaintiff also seeks costs and statutory attorneys' fees on this claim.

1. Jose Zavala and Julio Quintanilla acted under color of law (stipulated);
2. Jose Zavala and/or Julio Quintanilla used excessive force against Decedent;
3. The excessive force was a cause of injury, damage, harm, or death to Decedent.

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.25—Particular Rights—Fourth Amendment—Unreasonable Seizure of a Person—Excessive (Deadly and Non-Deadly) Force (March 2023 update).

//
//
//

-1-   Case No.: 2:21-cv-08738-FMO-AGR
PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**Claim 2:** **Substantive Due Process—Unlawful Interference with Familial Relations** (Fourteenth Amendment; 42 U.S.C. § 1983)

Plaintiff Margarito T. Lopez brings this claim individually against Defendants Jose Zavala and Julio Quintanilla. By using deadly force against Decedent, Jose Zavala and Julio Quintanilla interfered with Plaintiff Margarito T. Lopez's familial relationship with his son, Decedent, in violation of Plaintiff's Fourteenth Amendment rights. Official conduct "shocks the conscience" where an officer acts with a purpose to harm unrelated to a legitimate law enforcement objective or, if actual deliberation is practical, where the officer acts with deliberate indifference.

1. Jose Zavala and Julio Quintanilla acted under color of law (stipulated);
2. Jose Zavala and/or Julio Quintanilla acted with deliberate indifference to Decedent's rights.

*See Wilkinson v. Torres,* 610 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborn,* 546 F.3d 1131, 1137 (9th Cir. 2008).

**Claim 3:** **Negligence (wrongful death and survival)**

Plaintiff Margarito T. Lopez brings this claim against Jose Zavala, Julio Quintanilla and the City of Los Angeles. Plaintiff brings this claim as Decedent's successor in interest, and seeks survival damages for Decedent's pre-death pain and suffering, loss of life, and loss of enjoyment of life. California Code of Civil Procedure Section 377.34. Plaintiff also brings this claim individually and seeks wrongful death damages on this claim, for the loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support under this claim. California Code of Civil Procedure Section 377.60. The City of Los Angeles is vicariously liable for the conduct of Jose Zavala and Julio Quintanilla pursuant to Cal. Gov. Code § 815.2(a).

1. Jose Zavala and/or Julio Quintanilla were negligent;
2. The negligence of Jose Zavala and/or Julio Quintanilla was a cause of

injury or death to Decedent.

*See* CACI 400, 401, 441 (2023 edition).

### Claim 4: Battery (wrongful death and survival)

Plaintiff Margarito T. Lopez brings this claim against Jose Zavala, Julio Quintanilla and the City of Los Angeles. Plaintiff brings this claim as Decedent's successor in interest, and seeks survival damages for Decedent's pre-death pain and suffering, loss of life, and loss of enjoyment of life. California Code of Civil Procedure Section 377.34. Plaintiff also brings this claim individually and seeks wrongful death damages on this claim, for the loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support under this claim. California Code of Civil Procedure Section 377.60. The City of Los Angeles is vicariously liable for the conduct of Jose Zavala and Julio Quintanilla pursuant to Cal. Gov. Code § 815.2(a).

1. Jose Zavala and/or Julio Quintanilla used unreasonable force against Decedent;
2. Jose Zavala and/or Julio Quintanilla's uses of unreasonable force was a cause of injury or death to Decedent.

*See* CACI 1305B (2023 edition).

### Claim 5: Negligent Infliction of Emotional Distress

Plaintiffs Margarito T. Lopez, Keny Lopez, Rosy Lopez, and Sonia Torres bring this claim against Jose Zavala, Julio Quintanilla and the City of Los Angeles. Jose Zavala and Julio Quintanilla negligently inflicted serious emotional distress upon Plaintiffs when they used unreasonable deadly force against Decedent in the presence of the Plaintiffs. The City of Los Angeles is vicariously liable for the conduct of Jose Zavala and Julio Quintanilla pursuant to Cal. Gov. Code § 815.2(a).

1. Jose Zavala and/or Julio Quintanilla negligently caused injury to Decedent when they shot him;
2. Plaintiffs were present at the scene of Decedent's death, and they were aware that Decedent was being injured;
3. Plaintiffs suffered serious emotional distress; and
4. The conduct of Jose Zavala and/or Julio Quintanilla was a substantial factor in causing Plaintiffs' serious emotional distress.

*See* CACI 1621.

**Claim 6:** **Violation of Cal. Civ. Code. § 52.1 ("Bane Act")**

Plaintiff Margarito T. Lopez brings this claim against Jose Zavala, Julio Quintanilla and the City of Los Angeles. Plaintiff brings this claim as Decedent's successor in interest, and seeks survival damages for Decedent's pain and suffering, loss of life, and loss of enjoyment of life. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096 (9th Cir. 2014). The City of Los Angeles is vicariously liable for the conduct of Jose Zavala and Julio Quintanilla pursuant to Cal. Gov. Code § 815.2(a).

1. Jose Zavala and/or Julio Quintanilla used excessive force against Decedent;
2. Jose Zavala and/or Julio Quintanilla intended to violate Decedent's rights by acting with reckless disregard for Decedent's right to be free from excessive force;
3. The use of excessive force was a cause of injury, damage, harm, or death to Decedent.

*Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

**B. PLAINTIFFS' KEY EVIDENCE TO SUPPORT THEIR CLAIMS:**

1. Testimony by Defendants Jose Zavala and Julio Quintanilla
2. Testimony by other officers on scene, including Jose Jaime, Enrique Meraz, Christopher Burke, and Alex Yim
3. Videos of the incident captured by the officers' body-worn cameras
4. Still shots from the videos
5. Photographs of the scene and the evidence
6. Photographs of the defendant officers in uniform
7. Relevant Portions of Recorded interviews of Defendants Jose Zavala and Julio Quintanilla with transcript
8. Testimony by Scott A. DeFoe, Plaintiffs' retained police procedures expert
9. Testimony by Bennet Omalu, M.D., Plaintiffs' retained medical forensic expert
10. Testimony by Plaintiffs' retained expert Cole Young
11. Testimony by Plaintiffs' retained expert John Gardiner
12. Testimony by Plaintiffs Margarito T. Lopez, Keny Lopez, Rosy Lopez, and Sonia Torres
13. Selected autopsy photographs
14. Photographs of Decedent and Plaintiffs
15. Funeral and burial expenses
16. Paramedic records

**III. ANTICIPATED EVIDENTIARY ISSUES**

Plaintiffs are filing the following motions *in limine*:

1. Plaintiffs' Motion *in Limine* to exclude information unknown to the officer defendants at the time of the incident.

2. Plaintiffs' Motion *in Limine* to any discussion of any "suicide by cop" argument.

3. Plaintiffs' Motion *in Limine* to exclude any records of Scott DeFoe obtained outside of the discovery period and/or by improper subpoena.

4. Plaintiffs' Motion *in Limine* to exclude testimony from Defendants' purported expert James Borden and to preclude Defendants from attempting to elicit testimony on the subject of police practices and procedures from any other witness, for failure to comply with Rule 26.

### IV. BIFURCATION OF ISSUES

Plaintiffs are agreeable to bifurcating the amount of punitive damages into a separate phase, if any. Plaintiffs are not agreeable to any other bifurcation of this trial.

### V. THE TRIAL IS BY JURY

The issues herein are triable to a jury as a matter of right. The parties made a timely demand for trial by jury.

### VI. ATTORNEYS' FEES

If Plaintiffs prevail, reasonable attorney fees are recoverable pursuant to 42 U.S.C. § 1988 and Cal. Code Civ. Proc. § 1021.5 and Cal. Civ. Code §52.

//

## VII. ABANDONMENT OF ISSUES

Plaintiffs do not abandon any of their claims or issues at this time.

Respectfully submitted,

DATED: May 3, 2024        LAW OFFICES OF DALE K. GALIPO

By:   */s/*     *Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
Shannon J. Leap
*Attorneys for Plaintiffs*