CARRILLO LAW FIRM, LLP
Luis A. Carrillo (Bar No. 70398)
Michael S. Carrillo (Bar No. 258878)
1499 Huntington Drive, Suite 402
 South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ individually and as successor in interest to Margarito E. Lopez, Deceased; SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, individually,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CITY OF LOS ANGELES; JOSE ZAVALA; JULIO QUINTANILLA; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.: 2:22-cv-07534-FLA-MAAx<br><br>Hon. Judge Fernando L. Aenlle-Rocha<br>Hon. Mag. Maria A. Audero<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE INFORMATION UNKNOWN TO THE OFFICERS AT THE TIME OF THE SHOOTING**<br><br>*[Proposed] Order and Declaration of Shannon J. Leap filed concurrently herewith.*<br><br>FPTC:      May 31, 2024<br>Trial:      July 16, 2024 |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs, MARGARITO T. LOPEZ, SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, hereby submit this motion *in limine* for an order, pursuant to Federal Rules of Evidence 401, 402, 403, 404, 801, and 802 precluding Defendants from offering evidence or argument at the trial of the above-referenced matter that was unknown to the officers at the time of the shooting.  This includes but is not limited to the following: (1) any and all evidence of Decedent's drug and alcohol use on the date of the incident and prior to the incident, including the toxicology report; (2) any evidence of Decedent's limited criminal history and contacts with law enforcement, which includes two misdemeanor arrests in 2017 and 2018, as well as four incidents with the Mental Evaluation Unit ("MEU") between 2012 and 2021; (3) any evidence or argument that Decedent was a gang member; and (4) All 9-1-1 calls.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

**Statement of Local Rule 7-3 Compliance**:

This Motion is made following a conference between counsel during which no resolution could be reached.  This conference took place in person at Plaintiffs' counsel's office on April 18, 2024.

Dated:  May 3, 2024                LAW OFFICES OF DALE K. GALIPO
                                     CARRILLO LAW FIRM, LLP


By:_____*/s/ Shannon J. Leap*_____
           Dale K. Galipo
           Renee V. Masongsong / Shannon J. Leap
           Michael S. Carrillo / J. Miguel Flores

1
## MEMORANDUM OF POINTS AND AUTHORITIES

2
## I.   INTRODUCTION

3   This civil rights and state tort case arises from the use of deadly force by City

4 of Los Angeles Police Department Officers Julio Quintanilla ("Quintanilla") and

5 Jose Zavala ("Zavala") ("the defendant officers") against Margarito E. Lopez

6 ("Decedent") on December 18, 2021.  Plaintiffs maintain claims for: excessive force

7 under 42 U.S.C. § 1983 and the Fourth Amendment; interference with familial

8 relations under 42 U.S.C. § 1983 and the Fourteenth Amendment; battery (wrongful

9 death and survival); negligence (wrongful death and survival); negligent infliction of

10 emotional distress; and violation of the Bane Act. The key issue in this case is

11 whether the defendant officers' uses of deadly force against Decedent were

12 excessive and unreasonable under the circumstances known to them at the time of

13 the shooting. Thus, information outside the time frame of the shooting is generally

14 irrelevant and should be excluded by way of this Motion.

15   Plaintiffs contend that no objectively reasonable officer in the position of the

16 officer defendants would have believed that Decedent posed an immediate threat of

17 death or serious bodily injury warranting the use of deadly force.  In this case, the

18 defendant officers were not responding to a serious or violent crime, and they had

19 no information that Decedent had injured anyone.  When the officers arrived,

20 Decedent was sitting on the steps of an apartment building, holding a knife.  The

21 officers never observed Decedent make any threatening gestures with the knife and

22 or threaten to use the knife against anyone.  This incident was captured on video.

23 As seen in the video, Decedent was not about to attack anyone at the time of the

24 shooting.  The defendant officers were approximately 25 feet away from the four-

25 foot, nine-inches tall Decedent at the time of the shooting, and there were no

26 bystanders in the vicinity.  Immediately prior to the shooting, Decedent slowly took

27 stood up from the stairs, slowly took four to five steps forward into the sidewalk and

28

then slowly turned to face west.  At that time, the defendant officers fired four shots at Decedent, including shots fired when Decedent was going to the ground or already on the ground.

By way of the instant motion *in limine*, Plaintiff moves to exclude any evidence, testimony, argument, or reference at trial to the following information: (1) any and all evidence of Decedent's drug and alcohol use on the date of the incident and prior to the incident, including the toxicology report; (2) any evidence of Decedent's limited criminal history and contacts with law enforcement, which includes two misdemeanor arrests in 2017 and 2018, as well as four incidents with the Mental Evaluation Unit ("MEU") between 2012 and 2021; (3) any evidence or argument that Decedent was a gang member; and (4) all 9-1-1 calls.  This evidence should be excluded because it was unknown to the defendant officers at the time of the incident.  Accordingly, this information is irrelevant to whether the shooting was excessive and unreasonable.  *See* Federal Rules of Evidence ("FRE"), Rules 401, 402.  This evidence should additionally be excluded because it is improper character evidence under FRE 404, and also because probative value of this evidence, if any, is outweighed by its prejudicial effect to Plaintiffs.  *See* FRE 403. Any statements or reports containing the evidence that Plaintiffs seek to exclude should be excluded on the additional ground that it is hearsay under FRE 802.

## II.   ARGUMENT

### A. Information Unknown to the Defendant Officers at the Time of the Shooting Should be Excluded as Irrelevant

Under Federal Rule of Evidence 401, evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and the fact is "of consequence in determining the action." Fed. R. Evid. 401(a). The key issue in this case is whether the shooting was "'objectively reasonable' in light of the facts and circumstances confronting [the defendant

officers].” See *Graham v. Connor*, 490 U.S. 386, 397 (1989). The reasonableness analysis must be “based upon the information the officers had when the conduct occurred.” *Saucier v. Katz*, 533 U.S. 194, 207 (2001); *Hayes v. County of San Diego*, 736 F.3d 1223, 1232-33 (9th Cir. 2013) (“[W]e can only consider the circumstances of which [the officers] were aware when they employed deadly force”). “The ‘reasonableness’ of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.” *Graham*, 490 U.S. at 396. The use of after-acquired information— including subsequent toxicology results and information regarding Decedent’s limited criminal history and prior contacts with law enforcement and the MEU—is the very essence of “20/20 hindsight” vision and should therefore be excluded.

At their depositions, the defendant officers, Zavala and Quintanilla, testified that at the time of the shooting, they had never seen Decedent before and did not know whether he had a criminal history.  The defendant officers never testified that they thought Decedent was in a gang, that they were aware of Decedent’s prior contacts with the MEU, or that they had any information about Decedent’s drug and alcohol use.  (“Exhibit 1” and “Exhibit 2” to Declaration of Shannon Leap (“Leap Decl.”)).  Certainly, the defendant officers did not testify that they shot Decedent based on any of this information.  After the shooting, it became known to Defendants that Decedent had a limited criminal history, including a misdemeanor arrest for battery in 2017, and a misdemeanor arrest for shoplifting in 2018.  Also after the shooting, it became known that Decedent had four prior contacts with MEU, between 2012 and 2021.  A post-incident police produced by Defendants during this civil case indicate that Decedent had a gang moniker of “Shorty,” and Defendants also produced investigative scene photographs from December 20, 2021 (after the shooting) depicting graffiti spelling out “RIP Shorty” and “F--- LAPD.”  No other evidence in this case corroborates that Decedent was in a gang.

1 Plaintiffs anticipate that at trial, Defendants will attempt to introduce this
2 information to make Plaintiffs appear less deserving of redress.

3      Although the defendant officers generally testified that they suspected that
4 Decedent may be under the influence, they did not have any specific information as
5 to whether he was under the influence at the time of the shooting or whether he had
6 a history of drug use.  The post-mortem toxicology report indicated that Decedent
7 had marijuana and alcohol in his system at the time of the incident, but the
8 defendant officers obviously could not have seen these results prior to shooting
9 Decedent.  Additionally, Plaintiff Margarito T. Lopez made statements to law
10 enforcement after the shooting regarding Decedent's drug and alcohol use, but the
11 defendant officers were not aware of those statements at the time of the shooting.
12 The post-shooting toxicology report and Plaintiff's statements to law enforcement,
13 therefore, do not help to resolve any disputed factual issues.

14      To the extent that Defendants may argue that the drug evidence bears on
15 Decedent's state of mind, his subjective state of mind is not at issue—rather, the
16 issue is whether the use of force was objectively reasonable under the
17 circumstances the deputies confronted. *Graham*, 490 U.S. at 397. Moreover, any
18 evidence regarding drug and alcohol use is not probative to the issue of damages, as
19 such evidence has no bearing on the loss of love and companionship that the
20 successor-in-interest Plaintiff, Margarito T. Lopez, has suffered. Because this
21 evidence not probative of any fact of consequence to the determination of the
22 action and is not probative of damages, this evidence should be excluded.

23      Similarly, any evidence insinuating that Decedent was a gang member
24 should be excluded, as Zavala and Quintanilla had no information regarding Mr.
25 Lopez's alleged gang membership. Additionally, Defendants have not disclosed
26 any retained gang expert. The Ninth Circuit has held that even evidence of actual
27 gang membership is not relevant to liability, where, as here, the officers have no

28

information in that regard at the time of the shooting. *See Est. of Diaz v. City of Anaheim,* 840 F.3d 592, 598 (9th Cir. 2016) ("*Diaz*"). Here, there is no evidence of actual gang membership, only evidence suggesting gang membership including: photos of graffiti following the shooting near the scene of the incident stating "RIP Shorty," and casting blame on the LAPD; and a post-investigation report alleging that Decedent was a member of a gang in the neighborhood. In their depositions, all Plaintiffs denied that Mr. Lopez was a member of any gang, making such evidence of pure innuendo irrelevant to damages, as well as to liability. *See Id.*

Additionally the defendant officers did not hear the 9-1-1 calls prior to or by the time of the shooting. The audio recordings and/or transcripts of the 9-1-1 calls should be excluded as irrelevant on this basis.

Accordingly, any attempts by Defendants to present the above evidence would improperly extend the scope of the excessive force analysis under *Graham*. As such, any evidence unknown to the officers at the time excessive force used is not relevant and should be excluded, as it would not make a fact that is of consequence in determining this action more or less probable. Fed R. Evid. 401.

## B. This Evidence Should Alternatively be Excluded as Unduly Prejudicial Under Rule 403.

Alternatively, this evidence should be excluded under FRE 403 because it is unduly prejudicial, confusing, and a waste of time. Although Plaintiffs maintain that any evidence that Mr. Lopez's prior bad acts, arrests, and substance use is not relevant to liability or damages, if the court finds that this evidence is relevant, it should still be excluded under FRE 403.  FRE 403 excludes relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403. "Unfair prejudice" means "undue tendency to suggest decision on an improper basis,

commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203
F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5
(9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke
a juror's anger or punitive impulses).

Evidence of drug use can only serve to unjustly inflame a jury's passions and
prejudices against a party—here, Decedent and Plaintiffs. *See Gregory v. Oliver*,
2003 WL 1860270 at *2 (N.D. Ill. Apr. 9, 2003) (granting a motion *in limine* in an
excessive force case to exclude drug paraphernalia the officers discovered after the
alleged excessive force occurred, because it was irrelevant and unduly prejudicial
under Rule 403); *Id*. at *1 ("In today's climate, any evidence as to a litigant's use of
drugs has an obvious potential for being extraordinarily prejudicial—for creating the
prospect of deflecting the factfinders' attention from the matters that are really at
issue in the case to everyone's universally-shared concerns as to the problems that
drug usage is creating for our society."); *Kunz v. DeFelice*, 538 F.3d 667, 676-77
(7th Cir. 2008) (affirming district court's ruling that barred "use of the word
'heroin,' because at the time of the arrest, the officers did not know the nature of the
drug or Kunz's usage and because mention of heroin would be more prejudicial than
helpful"); *Wisler v. City of Fresno*, 2008 WL 2954179 at *5 (E.D. Cal. 2008)
(excluding evidence of marijuana use on grounds it was unduly prejudicial because
not known by Defendants).

Evidence that Decedent may have been affiliated with a gang is also
inflammatory, and likely to confuse or mislead the jury. Again, in *Diaz*, the Ninth
Circuit has held that such evidence is irrelevant as to liability, of limited relevance
as to damages, and highly prejudicial under FRE 403. 840 F.3d at 598. Similarly,
the inflammatory argument that Decedent may have been on drugs is highly likely
to mislead or confuse the jury, especially given the lack of information regarding the
alleged quantity of the substances identified in the toxicology report. Admission of

such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The central factual dispute in this case is whether Zavala and Quintanilla used excessive and unreasonable force against Decedent when they shot and killed him as he stood near the steps of his family's apartment building, not posing immediate threat of death or serious bodily injury to anyone. Refuting the inferences that Defendants may attempt to raise regarding the speculative possibility that Decedent was on drugs or may have been associated with a gang will necessitate a mini-trial on collateral issues that have nothing to do with the central factual dispute, which will unduly consume this Court's and the jury's time, as well as the calling of several third-party witnesses. Accordingly, Plaintiffs respectfully request that the Court alternatively exclude evidence and argument regarding Decedent's prior bad acts including alleged gang membership, arrests, and substance use under FRE 403.

Additionally hearing the audio recording of the 9-1-1 calls or the transcripts of these calls would be unduly prejudicial to Plaintiffs under Rule 403. The officers did not hear these calls, and were therefore not responding or acting in reaction to the calls. Furthermore, the emotional nature of these calls would confuse and mislead the jury, and be cumulative of the information from these calls relayed by dispatch to the police radios. The audio recordings and/or transcripts of the 9-1-1 calls should be excluded as irrelevant on this basis.

### C. This Evidence Should be Excluded as Impermissible Character Evidence Under Rule 404.

Under FRE 404, the foregoing subjects and items of evidence Plaintiffs seek to exclude cannot be used to prove that Mr. Lopez acted in some general "bad

character" during the incident giving rise to this lawsuit. FRE 404(a) provides that "[e]vidence of a person's character or a trait of a character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Further, Ninth Circuit case law is clear that "[c]haracter evidence is normally not admissible in a civil rights case." *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. See Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). For example, admission of the post-mortem toxicology report, and Plaintiff Margarito T. Lopez's statement to investigators following the incident, and Decedent's prior arrest poses a danger that the jury will improperly infer that the decedent was heavily drugged during this incident and will reach a verdict that does not accurately reflect the circumstances facing Quintanilla and Zavala at the time of the incident.

**D. This Evidence Should be Excluded as Hearsay Under Rules 801 and 802**.

Further, this Court should alternatively exclude any documents containing the information that Plaintiffs seek to exclude on the grounds that the documents are hearsay for which there is no exception under Rules 801 and 802.  This includes: police reports pertaining to Decedent's prior arrests and prior contacts with the MEU; any police reports and/or photographs alleging that Decedent was affiliated with a local gang; any medical records and transcripts of any statements pertaining to his drug and alcohol use; the toxicology report; and audio recordings and/or transcripts of the 9-1-1 calls.

///

///

///

///

-8-          Case No. 2:22-cv-07534-FLA-MAAx

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE INFORMATION UNKNOWN TO THE OFFICERS AT THE TIME OF THE SHOOTING

1  **III.   CONCLUSION**

2        Plaintiffs respectfully request that this Court exclude any reference, testimony

3  or argument related to information and facts unknown to the defendant officers

4  when excessive force was used.

5

6        Respectfully submitted,

7

8  Dated:  May 3, 2024               LAW OFFICES OF DALE K. GALIPO

9                                    CARRILLO LAW FIRM, LLP

10                                   By:_____/s/ Shannon J. Leap_____

11                                      Dale K. Galipo

12                                      Renee V. Masongsong / Shannon J. Leap

13                                      Michael S. Carrillo / J. Miguel Flores

                                        *Attorneys for Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-                Case No. 2:22-cv-07534-FLA-MAAx

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE INFORMATION UNKNOWN TO THE OFFICERS AT THE TIME OF THE SHOOTING