Luis A. Carrillo, Esq. (SBN 70398)
Michael S. Carrillo, Esq. (SBN 258878)
CARRILLO LAW FIRM, LLP
1499 Huntington Dr., Ste. 402
South Pasadena, CA 91030
Telephone: 626-799-9375

Dale K. Galipo, Esq. (SBN 144074)
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Telephone: (818)347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ individually and as successor in interest to Margarito E. Lopez, Deceased; SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; JOSE ZAVALA; JULIO QUINTANILLA; and DOES 1-10, inclusive,<br><br>Defendants | Case No. 2:22-cv-07534-FLA-MAAx<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF PERSONNEL RECORDS OF PLAINTIFFS' EXPERT SCOTT DEFOE, OBTAINED FROM THE RIVERSIDE COUNTY SHERIFFS' DEPARTMENT**<br><br>[[Proposed] Order *and Declaration of Shannon J. Leap filed concurrently herewith*]<br><br>Trial Date: July 16, 2024<br>Final Pretrial Conference: May 31, 2024 |

2:22-cv-07534-FLA-MAAx

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF PERSONNEL RECORDS OF PLAINTIFFS' EXPERT SCOTT DEFOE, OBTAINED FROM THE RIVERSIDE COUNTY SHERIFFS' DEPARTMENT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THIS HONORABLE COURT, PLEASE TAKE NOTICE** that Plaintiffs will and do hereby move to exclude any evidence, testimony, argument, or reference at trial to information obtained from Defendants' untimely and defectively served subpoena on Riverside County Sheriffs' Department for the personnel records of Plaintiffs' retained expert, Scott A. DeFoe.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing. A proposed order is submitted herewith.

Statement of Local Rule 7-3 Compliance: This motion is made following a conference of counsel during which no resolution could be reached.

Respectfully submitted,

DATED: May 3, 2024         LAW OFFICES OF DALE K. GALIPO
                            CARRILLO LAW FIRM, LLP


                    By      /s/ Shannon J. Leap
                            Dale K. Galipo
                            Renee V. Masongsong / Shannon J. Leap
                            Michael S. Carrillo / J. Miguel Flores
                            *Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case involves the officer-involved shooting death of Margarito E. Lopez (Mr. Lopez) by Los Angeles Police Department Officers, Defendants Jose Zavala and Julio Quintanilla ("defendant officers" collectively). The primary issue in this case is whether the defendant officers used excessive force when they shot Mr. Lopez.

It is anticipated that Defendants will attempt to use information obtained from a subpoena that Defendants Jose Zavala and Julio Quintanilla obtained through a subpoena served on the Riverside County Sheriffs' Department as impeachment evidence against Plaintiffs' retained expert, Scott A. DeFoe. There are several fundamental issues with admission of such evidence, stemming from the procedurally defective subpoena, all raised in Plaintiffs' *ex parte* application, dated April 12, 2024. (Dkt. No. 50). To admit such evidence, even as impeachment evidence only, would be unduly prejudicial to plaintiffs under Rule 403 for the following reasons:

1. Defendants Jose Zavala and Julio Quintanilla issued a subpoena to the Riverside County Sheriffs' Department on or about March 20, 2024, purportedly requesting the employment and personnel records of Plaintiffs' retained expert, Scott A. Defoe. (See Dkt. No. 50-1, Declaration of Shannon J. Leap ("Leap Decl.") at ¶ 2).

2. Defendants did not provide notice of or serve the subpoena on Plaintiffs or their counsel, in violation of Federal Rules of Civil Procedure, Rule 45. (See Dkt. No. 50-1, Leap Decl. at ¶ 3; Dkt No. 50-6, Declaration of Michael S. Carrillo ("Carrillo Decl.") at ¶ 2-3).

3. The purported date of compliance for the subpoena was April 8, 2024. (See See Dkt. No. 50-1, Leap Decl. at ¶ 2).

4. Fact discovery closed on February 20, 2024. Dkt. No. 44.

5. Initial Expert Disclosures were exchanged on February 16, 2024. Expert Discovery closed on March 29, 2024. Dkt. No. 44.

6. The documents Defendants request by way of their subpoena are privileged and outside the scope of Federal Rules of Civil Procedure, Rule 26.

7. On April 2, 2024, Plaintiffs' Counsel, Shannon J. Leap, received a phone call from attorney Steven Sherman, notifying her that he represented the Riverside County Sheriffs' Department, and that he had received this subpoena from Defendants Julio Quintanilla and Jose Zavala on March 20, 2024 with a date of compliance of April 8, 2024. Ms. Leap notified Mr. Sherman that Plaintiffs were never served with, nor notified of that subpoena and notified Mr. Sherman of the discovery cutoff deadlines in effect in this case and that Plaintiffs would be objecting to the release of Mr. DeFoe's records. (See Dkt. No. 50-1, Leap Decl. at ¶ 2-4).

8. On April 3, 2024, Plaintiffs served on all parties, including Mr. Sherman as the attorney for the third party, Riverside County Sheriffs' Department, Plaintiffs' Notice of Objections to Defendant's Subpoena. (See Dkt. No. 50-1, Leap Decl. at ¶ 4; See Dkt. No. 50-2, Ex.1 attached to Leap Decl.). Plaintiffs' counsel also sent a letter to Mr. Sherman requesting that his client not produce the records for the reasons stated in the Notice of Objections. (See Dkt. No. 50-1, Leap Decl. at ¶ 4; See Dkt. No. 50-3, "Ex. 2" to Leap Decl.), and a meet and confer letter to counsel for Julio Zavala and Jose Quintanilla requesting they withdraw their subpoena. (See Dkt. No. 50-1, Leap Decl. at ¶ 4; See Dkt. No. 50-4, "Ex. 3" to Leap Decl.).

2:22-cv-07534-FLA-MAAx

-3-

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF PERSONNEL RECORDS OF PLAINTIFFS' EXPERT SCOTT DEFOE, OBTAINED FROM THE RIVERSIDE COUNTY SHERIFFS' DEPARTMENT

9. On April 5, 2024, Ms. Leap and defense counsel Sherry Lawrence received an email from Mr. Sherman notifying them that his client would not be producing the records for the reasons stated in Plaintiffs' Notice of Objections. (See Dkt. No. 50-5, "Ex. 4" to Leap Decl.).

10. On April 5, 2024, defense counsel Muna Busailah sent an email notifying Plaintiffs' counsel that Defendants Julio Quintanilla and Jose Zavala would not be withdrawing their subpoena, although she provided no basis or authority for that position. (See Dkt. No. 50-1, Leap Decl. at ¶ 6).

11. On April 9, 2024, Ms. Leap received a phone call from Mr. Sherman advising her that Ms. Lawrence insisted that the Riverside County Sheriffs' Department produce the employment records. (See Dkt. No. 50-1, Leap Decl. at ¶ 7).

12. On April 12, 2024, Plaintiffs filed an *ex parte* application requesting this Court quash the subpoena on the aforementioned bases. (See Dkt. No. 50).

13. On April 15, 2024, Honorable Magistrate Judge Maria A. Audero issued an order denying Plaintiff's Ex Parte on the basis that it was untimely, but did not offer any opinion regarding the merits of Plaintiffs' ex parte or motion. (Dkt. No. 52).

14. Plaintiffs' ex parte application was necessarily untimely because Defendants did not notice Plaintiffs of the subpoena and the subpoena itself was untimely and Plaintiffs did not learn about the subpoena until *after* the fact and expert discovery cutoffs had passed. Plaintiffs were necessarily prejudiced because the appropriate window for filing a motion to quash passed long before Plaintiffs' counsel was ever notified of the subpoena.

15. Defendants have still not cured the defects in this subpoena, which *still* has not been served on Plaintiffs. Defendants have made no argument or indication that their failure to comply with the requirements of Rule 45 was

inadvertent or a mistake. Defendants should not now be rewarded for improper discovery tactics.

## II.     ARGUMENT

### A. Documents Produced in Response to Defendants' Third Party Subpoena Should be Excluded Because it Violated the Discovery Process.

This Court may limit admission of evidence that is barred by discovery rules. Fed. R. Civ. Pro. 37(b)(2)(A). The Court may act under its "inherent power to manage the course of trials." *Luce v. United States* 469, U.S. 38, 41 (1984). The Ninth Circuit "has recognized as part of a district court's inherent powers the 'broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial. Within this discretion lies the power ... to exclude testimony of witnesses whose use at trial ... would unfairly prejudice an opposing party." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363 (9th Cir. 1992), citing *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir.1980) (citations omitted). Defendants failed to comply with the rules of discovery in obtaining the personnel records for Plaintiffs' expert Scott A. DeFoe, and this Court can exclude the evidence on those grounds alone. Fed. R. Civ. Pro. 37(b)(2)(A).

As outlined in Plaintiffs' *ex parte* application on this issue, Federal Rule of Civil Procedure, Rule 45 (a)(1)(D)(4) specifically provides that a notice and copy of a subpoena commanding "the production of documents, electronically stored information, or tangible things" [be served on each party] "before it is served on the person to whom it is directed." Fed. R. Civ. Pro., Rule 45 (a)(1)(D)(4). This notice requirement gives Plaintiffs standing to object to the subpoena, as does the fact that the subpoena is regarding Plaintiffs' retained expert's privileged employment history. *Littlefield v. NutriBullet, L.L.C.*, No. CV 16-6894 MWF (SSX), 2018 WL 5264148 at *4 (C.D. Cal. Jan. 22, 2018). The Rule is unambiguous: parties <u>must</u> be notified. No member of Plaintiffs' counsel were

served either a notice or copy of the subpoena prior to the service of the subpoena on the third party. (Dkt. No. 50-1 at ¶ 3). To date, Plaintiffs still have not been served notice or a copy of the subpoena, despite notifying the serving party of this deficiency. *Id.* at ¶ 3, 8. Therefore the defect has not been cured.

In addition, Defendants Julio Quintanilla and Jose Zavala served their subpoena on third party Riverside County Sheriffs' Department nine days before the expert discovery cutoff and for a compliance date of April 8, 2024 – after the expert discovery cutoff deadline. (Dkt. No. 50-1, at ¶ 2; Dkt. No. 44). This Court's scheduling order provides that "[t]he cut-off date for discovery is not the date by which discovery requests must be served; it is the date by which <u>all</u> discovery, including <u>all hearings</u> on any related motions, must be completed. Thus, written discovery must be served… sufficiently in advance of the discovery cut-off date to permit the propounding party enough time to challenge the responses deemed to be deficient via motion practice. Given the requirements to meet and confer and to give notice, a planned motion to compel must ordinarily be discussed with the opposing party at least six (6) weeks before the cut-off." (Dkt. No. 27 at 4:6-11, emphasis included in original).

Although Plaintiffs were able to serve their objections to the subpoena prior to the compliance date, they were unable to serve their objections prior to the fact or expert discovery cutoff deadline. Plaintiffs were therefore also unable to file a motion to quash in accordance with this Court's scheduling order, given that Plaintiffs only learned about the subpoena *after* the close of expert discovery. Any motion that Plaintiffs' filed would be untimely, precisely because Defendants failed to notify Plaintiffs of the subpoena, failed to serve the subpoena on all parties, and failed to serve the subpoena with a compliance date within the applicable discovery period, in violation of Federal Rule of Civil Procedure, Rule 45. Plaintiffs were

therefore prejudiced in their ability to seek relief from this improper subpoena. For these reasons, use of these records should be excluded at trial.

Defendants' subpoena simply does not comply with this Court's order or the rules of discovery. Defendants should not be rewarded for their blatant improper discovery conduct and "[c]ourts need not tolerate such flagrant abuses of the discovery process." *Campbell Indus. v. M/V Gemini,* 619 F.2d 24 (9th Cir. 1980) (excluding testimony that violated rules of discovery).

Courts in this district have confronted similar situations, finding such procedurally defective subpoenas invalid. For example, Plaintiffs' subpoenas served several days prior to the close of fact discovery were deemed untimely and their insistence on enforcing compliance with the defective subpoena a "thinly veiled attempt to get around the already-expired discovery deadline." *See Glob. Master Int'l Grp., Inc. v. Esmond Nat., Inc*. No. 219CV10360RGKPLA, 2021 WL 3260606 at *4 (C.D. Cal. Apr. 30, 2021). Similarly, a subpoena served within the discovery period, but with a compliance date a few days before the cut-off date was deemed untimely because it did not permit the challenging party sufficient time to challenge by motion responses deemed to be deficient. *MAP Co. v. Lebanese Arak Corp.*, No. CV1605039ABRAOX, 2017 WL 10434017 at * 5 (C.D. Cal. Oct. 26, 2017). Similarly, courts have found that such compounded procedural defects in a subpoena can cause undue burden on the parties, and sufficient grounds to invalidate the subpoena. *See Thompson v. Cnty. of Riverside*, No. 5:19-CV-00122-AB-SHK, 2023 WL 8168859 (C.D. Cal. July 26, 2023), reconsideration denied, No. 5:19-CV-00122-AB-SHK, 2023 WL 6194322 (C.D. Cal. Aug. 7, 2023). In *Thompson*, the court granted defendants' motion to quash plaintiff's subpoenas for deposition on the basis that the subpoenas were improperly noticed and served in violation of multiple rules and that they placed an undue burden on the defendants and deponents. *Id.* at 8-9. The same is true in this case.

Defendants violated the rules of discovery in attempting to or actually obtaining the records they seek to use as possible impeachment evidence against expert Scott DeFoe. This Court should exercise its inherent powers to exclude the use of such evidence.

**B. The Evidence is Unduly Prejudicial Under Rule 403.**

Additionally, to admit evidence obtained in violation of the Federal Rules of Procedure and the federal rules of discovery would be unduly prejudicial to Plaintiffs, under Rule 403. Plaintiffs have still not even been provided a copy of the subpoena and are unaware if the records have actually been produced to Defendants. Argument, questioning, and testimony related to Plaintiffs' expert Scott A. DeFoe's personnel record from his employment as a Deputy Sheriff at the Riverside County Sheriff's Department should be excluded as unduly prejudicial under Rule 403. Plaintiffs have not received the records, and surprise on the eve of trial is unfairly prejudicial.

### III. CONCLUSION

For the reasons above, this Court should grant Plaintiffs' Motion *in Limine* No. 3 and exclude any questioning, testimony, or argument regarding the personnel from the records of Plaintiffs' expert, Scott DeFoe from his employment at the Riverside County Sheriffs' Department.

Respectfully submitted,

DATED: May 3, 2024　　　　　LAW OFFICES OF DALE K. GALIPO
　　　　　　　　　　　　　　　CARRILLO LAW FIRM, LLP


　　　　　　　　　　　　　　　By　　　　　*/s/ Shannon J. Leap*
　　　　　　　　　　　　　　　　　Dale K. Galipo
　　　　　　　　　　　　　　　　　Renee V. Masongsong / Shannon J. Leap
　　　　　　　　　　　　　　　　　Michael S. Carrillo / J. Miguel Flores
　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*