LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ individually and as successor in interest to Margarito E. Lopez, Deceased; SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; JOSE ZAVALA; JULIO QUINTANILLA; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-07534-FLA-MAAx<br><br>Hon. Judge Fernando L. Aenlle-Rocha<br>Hon. Mag. Maria A. Audero<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO PRECLUDE DEFENDANTS FROM ELICITING EXPERT TESTIMONY IN THE AREA OF POLICE PRACTICES AND PROCEDURES AND USE OF FORCE FROM ANY WITNESS, INCLUDING JAMES BORDEN, FOR FAILURE TO COMPLY WITH RULE 26**<br><br>*[Proposed] Order and Declaration of Shannon J. Leap filed concurrently herewith.*<br><br>FPTC:     May 31, 2024<br>Trial:       July 16, 2024 |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs, MARGARITO T. LOPEZ, SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, hereby submit this motion *in limine* for an order precluding Defendants from calling James Borden at trial or attempting to elicit expert testimony in the area of police practices, procedures, use of force, and police officer standards from any person not designated as a retained or non-retained expert witness.

It is Plaintiffs' understanding that Defendants do not intend to call James Borden at trial. Although James Borden was listed as a retained expert on Defendants' initial expert disclosures, James Borden did not prepare a written report pursuant to FRCP Rule 26(a)(2)(B), and any written report produced would be untimely pursuant to FRCP Rule 26(a)(2)(D). Additionally, when Plaintiffs timely noticed Mr. Borden's deposition, to which Defendants did not object nor provide alternative deposition dates, Defendants failed to produce Mr. Borden for deposition.

For these same reasons, Defendants should also be precluded from eliciting any testimony in the area of procedures, use of force, and police officer standards from any other witness. In addition to Mr. Borden not complying with Rule 26, Defendants did not designate any non-retained expert witnesses to opine on police practices and procedures. Defendants should not be permitted to circumvent Rule 26 by questioning their officers, including the officer defendants and other officers on scene, about procedures, use of force, and police officer standards, where such opinion testimony is properly reserved for expert witnesses.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

**Statement of Local Rule 7-3 Compliance**:

This Motion is made following a conference between counsel during which no resolution could be reached.  This conference took place in person at Plaintiffs' counsel's office on April 18, 2024.  Defendants agreed that they would not be calling James Borden at trial, and the Parties are filing a stipulation to that effect concurrently herewith.  However, Defendants would not agree to the second part of Plaintiffs' motion herein—that Defendants would not attempt to elicit expert testimony in the area of police practices, procedures, use of force, and police officer standards from any person not designated as a retained or non-retained expert witness.  Accordingly, Plaintiffs are filing the instant motion in the abundance of caution.

Dated:  May 3, 2024         LAW OFFICES OF DALE K. GALIPO
                            CARRILLO LAW FIRM, LLP


                            By:_____/s/ Shannon J. Leap_____
                                Dale K. Galipo
                                Renee V. Masongsong / Shannon J. Leap
                                Michael S. Carrillo / J. Miguel Flores

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case involves the officer-involved shooting death of Margarito E. Lopez ("Mr. Lopez" or "Decedent") by Los Angeles Police Department Officers, Defendants Jose Zavala and Julio Quintanilla ("defendant officers" collectively). The primary issue in this case is whether the defendant officers used excessive force when they shot Mr. Lopez. The Parties have continuously met and conferred regarding this issue, and Defendants have agreed that they will not call their designated expert, James Borden, to testify at trial, given that neither he, nor defendants have produced a written report pursuant to Fed. R. Civ. P. Rule 26(a)(2)(B), (D). The Parties are filing a stipulation to that extent concurrently herewith.

Plaintiffs move this court to preclude Defendants from eliciting any testimony in the area of procedures, use of force, and police officer standards from any other witness. In addition to Mr. Borden not complying with Rule 26, Defendants did not designate any non-retained expert witnesses to opine on police practices and procedures. (See "Exhibit 3" attached to Leap Decl.). Defendants should not be permitted to circumvent Rule 26 by questioning their officers, including the officer defendants and other officers on scene, about procedures, use of force, and police officer standards, where such opinion testimony is properly reserved for expert witnesses.

## II.   ARGUMENT

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller* 551 F.3d 1108, 1111 (9th Cir. 2009.) If a party fails to provide information or identify a witness as required by Rule 26(a), that party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. Rule 37(c)(1). Rule 37(c)(1) is a self-executing

and automatic sanction "designed to provide a strong inducement for disclosure," and exclusion is an appropriate remedy for failing to fulfill the disclosure requirements of Fed. R. Civ. P. Rule 26(a). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.* 259 F.3d 1101, 1106 (9th Cir. 2001). The party requesting sanctions bears the initial burden of establishing that the opposing party failed to comply with the disclosure requirements of Rule 26(a), but once non-compliance is established, the party facing sanctions pursuant to Rule 37(c)(1) bears the burden of establishing that the failure to comply was substantially justified or was harmless. *Yeti by Molly,* 259 F.3d at 1107. Mr. Borden must be excluded from testifying at trial as Defendants have failed to comply with the disclosure requirements of Fed. R. Civ. P. Rule 26(a) and Plaintiffs will be prejudiced by Defendants' failure if he is not excluded. Fir tge same reasons, Defendants should not be permitted to elicit police practices expert testimony from non-designated experts or lay witnesses, including defendants or witness officers. A motion *in limine* is therefore an appropriate vehicle for Plaintiffs to seek relief from this Court. See *Yeti by Molly,* 259 F.3d at 1107.

### A. DEFENDANTS FAILED TO COMPLY WITH THE DISCLOSURE REQUIREMENTS PURSUANT TO RULE 26

"In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. Rule 26(a)(2)(A). Unless otherwise stipulated or ordered, a Rule 26(a)(2) disclosure must be accompanied by a written report (prepared and signed by the witness) if the witness is one retained to provide expert testimony. Fed. R. Civ. P. Rule 26(a)(2)(B). Defendants also did not designate any non-retained experts who could purportedly opine on police practices in their Rule 26 disclosures. (See "Exhibit 3" attached to Leap Decl.). They should not be able to attempt to subvert the requirements of Rule 26 by eliciting such testimony from Defendants themselves, or

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO PRECLUDE DEFENDANTS FROM ELICITING EXPERT TESTIMONY IN THE AREA OF POLICE PRACTICES AND PROCEDURES AND USE OF FORCE FROM ANY WITNESS, INCLUDING JAMES BORDEN, FOR FAILURE TO COMPLY WITH RULE 26

from any of the other officers who were on scene and who either party may call as a witness. Such testimony requires expertise and would be inappropriate to elicit from non-experts. The determination of whether testimony is lay or expert is governed by the Federal Rules of Evidence. A witness may be qualified to give expert testimony, in the form of an opinion or otherwise, based upon the knowledge, skill, experience, training, or education of the witness, which need only exceed "the common knowledge of the average layman." Fed. R. Evid. 702; *United States v. Holguin* 51 F.4th 841, 854 (9th Cir. 2022.)

Defendants have clearly identified Mr. Borden as an expert witness subject to mandatory Rule 26 disclosures, and the Federal Rules of Evidence support the treatment of Mr. Borden as an expert witness subject to mandatory Rule 26 disclosures. In Defendants' Disclosure of Expert Witnesses, Defendants state *"[p]ursuant to the provision of Federal Rules of Civil Procedures, Rule 26*, Defendant[s]…hereby designates its list of expert witnesses who may be called at time of trial."* (*See* "Exhibit 3" attached to Leap Decl.). (emphasis added.) Defendants also state that it was their intention for to provide a written report when Defendants stated, "Mr. Borden's expert report will be provided forthwith," despite Defendants failure to follow through on that intention. *Id.* No other non-retained experts were identified in the disclosures. *Id.*

The nature of Mr. Borden's proposed testimony, as identified by Defendants, also makes it clear that Mr. Borden would be an expert witness giving his expert opinion under Fed. R. Evid. 702, and not as a lay witness under Fed. R. Evid. 701, who would not be subject to Rule 26 disclosure requirements. Mr. Borden is not anticipated by Defendants to testify about his perceptions of the events that make up the claims in this case, and instead is expected to address his "background, training and experience, his review of the facts and circumstances of this incident; his review of the materials and depositions in this case; and the applicable police practices and

-3-    Case No. 2:22-cv-07534-FLA-MAAx

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO PRECLUDE DEFENDANTS FROM ELICITING EXPERT TESTIMONY IN THE AREA OF POLICE PRACTICES AND PROCEDURES AND USE OF FORCE FROM ANY WITNESS, INCLUDING JAMES BORDEN, FOR FAILURE TO COMPLY WITH RULE 26

procedures." (*See* "Exhibit 3" attached to Leap Decl.). Because Defendants have not identified any other expert who could opine on police practices, they should not be permitted to elicit this testimony from other witnesses, as any testimony regarding police practices, based on the witness' training and experience as a police practices and procedures expert, would be subject to Fed. R. Evid. 702. Defendants must therefore comply with the requirements of Rule 26 in order for Defendants to elicit such testimony, which would be expert testimony, subject to the requirements of Federal Rule of Evidence, Rule 702 and Federal Rule of Civil Procedure, Rule 26.

### a. Defendants Failed to Provide a Written Report Pursuant to Rule 26(a)(2)(B)

Unless otherwise stipulated or ordered, the disclosure of any witnesses a party may use at trial to present evidence pursuant to Fed. R. Evid. 702, 703, or 705 must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained to provide expert testimony in the case. Fed. R. Civ. P., Rule 26(a)(2)(B). The written report must contain (i) a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the student and testimony in this case. Fed. R. Civ. P., Rule 26(a)(2)(B)(i-vi). Here, Defendants have provided no report by any retained witness.

### B. PRECLUDING DEFENDANTS FROM ELICITING EXPERT TESTIMONY FROM NON-EXPERTS IS AN APPROPRIATE REMEDY

The exclusion sanction for failing to comply with Rule 26(a) disclosures is self-executing and automatic. Fed. R. Civ. P. Rule 37 advisory committee note

(1993); *Yeti by Molly*, 259 F.3d at 1106. The 9th Circuit has given particularly wide latitude to district court's discretion to issue sanctions under Rule 37(c)(1). *Yeti by Molly, supra;* citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico,* 248 F.3d 29, 34 (1st Cir. 2001). Courts have upheld the use of the sanction under Rule 37 "even when a litigant's entire cause of action or defense has been precluded." *Yeti by Molly, supra*; citing *Ortiz-Lopez,* 248 F.3d at 35. Courts are also invested with their own inherent powers, separate from Rule 37, which allows them to impose sanctions under both Rule 37 and that inherent authority for failure to comply with discovery rules. *Unigard Sec. Ins. v. Lakewood Eng'g & Mfg. Corp.,* 982 F2d 363, 368 (9th Cir. 1992); *Wyle v. R.J. Reynolds. Indus., Inc.* 709 F.2d 585, 589 (9th Cir. 1983).

Here, an "automatic" sanction against Defendants in the form of excluding expert testimony is appropriate for the same reasons observed in *Yeti by Molly*. This includes that Defendants should not be allowed to elicit such testimony from non-expert witnesses, including the Defendant Officers or other officers on scene.

### III.  CONCLUSION

Accordingly, Plaintiffs respectfully request that, in addition to granting the Parties' stipulation wherein Defendants agreed not to call James Borden, this Court to issue an order precluding Defendants from attempting to elicit any testimony in the area of procedures, use of force, and police officer standards from any other witness.

Respectfully submitted,

Dated:  May 3, 2024          LAW OFFICES OF DALE K. GALIPO
                             CARRILLO LAW FIRM, LLP

                             By:_____/s/ Dale K. Galipo_____
                                Dale K. Galipo
                                Renee V. Masongsong / Shannon J. Leap
                                Michael S. Carrillo / J. Miguel Flores
                                *Attorneys for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28