UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:22-cv-07534-FLA-MAA                                          Date:  May 9, 2024

Title      *Lopez v. City of Los Angeles, et al.*

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

|           Cindy Delgado           |            N/A             |
|          Deputy Clerk             |  Court Reporter / Recorder  |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|              N/A                |               N/A                |

**Proceedings (In Chambers):**   ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' REQUEST THAT THE COURT DENY DEFENDANTS' STIPULATION WITH NON-PARTY RIVERSIDE COUNTY SHERIFFS' DEPARTMENT (ECF No. 54)

## I.   INTRODUCTION

Before the Court is the request ("Request," ECF No. 54) of Plaintiffs Margarito Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez (collectively, "Plaintiffs") to deny the stipulation entered into by Defendants Jose Zavala and Julio Quintanilla (collectively, "Defendants") and non-party Riverside County Sheriff's Department ("Non-Party") ("Stipulation," ECF No. 53).  For the reasons stated below, the Request is **DENIED without prejudice**.

## II.   ANALYSIS

As a starting point, it is unclear exactly what remedy Plaintiffs seek and under what authority given that the Stipulation is an agreement entered into between Defendants and Non-Party over which the Court has no involvement.  (*See generally* Request.)  That Defendants and Non-Party may have chosen to file the Stipulation into the Court's record is of no consequence here as they seek no action by the Court, including approval thereof.  So too, and for the same reasons, is Plaintiffs' notice to the Court that they do not stipulate to the application of the existing Protective Order ("Protective Order," ECF No. 38) to the records of their retained expert, Mr. Scott A. DeFoe, lacking in consequence.  (Request 4 at ¶ 16.)[1]

---

[1] Pinpoint citations of page numbers in the Order refer to the page numbers appearing in the ECF-generated headers of cited documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:22-cv-07534-FLA-MAA                                                Date:  May 9, 2024

Title        _Lopez v. City of Los Angeles, et al._

      To the extent Plaintiffs seek some unspecified discovery order regarding a factual or legal issue they may have with the Stipulation, such is either (1) a back-door attempt to revive Plaintiffs' prior *ex parte* application to quash the subpoena at issue (ECF No. 51), which was denied without prejudice as untimely on April 15, 2024 (ECF No. 52), or (2) a new, stand-alone discovery motion regarding what appears to be a challenge to the propriety of the Stipulation.  Either way, the Request must be **DENIED without prejudice** as untimely.

      The Court's review of the docket as of the date of this Order reveals that Judge Fernando L. Aenlle-Rocha, the District Judge presiding over the case, originally set the fact discovery cut-off date as January 19, 2024 and the expert discovery cut-off date as February 23, 2024, and that later, upon request of the parties, extended these dates to February 20, 2024 and March 29, 2024, respectively.  (ECF Nos. 27, 44.)  Subsequent to this extension, the parties have made no further requests to extend these dates.  As such, these dates remain in place.  Judge Aenlle-Rocha's Scheduling Order explains that "[t]he cut-off date for discovery is not the date by which discovery requests must be served; it is the date by which <u>all</u> discovery, including <u>all hearings</u> on any related motions, must be completed."  (ECF No. 27 at 4 (emphasis in original).)

      Federal Rule of Civil Procedure ("Rule")16(b) provides that a Court must enter a scheduling order "as soon as practicable" within time limits set by Rule 16(b).  Fed. R. Civ. P. 16(b)(2).  Pursuant to Rule 16(b), the scheduling order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  "The objective of Rule 16 is to expedite and manage the disposition of a particular action."  *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998).  As such, once issued, a scheduling order may be modified only upon a showing of good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); *see also Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing same).

      Pursuant to Central District of California Local Civil Rule 16-14, "[a]ny application to modify an order entered pursuant to Rule 16 shall be made to the judicial officer who entered the order."  C.D. Cal. L.R. 16-14.  Accordingly, this Magistrate Judge lacks authority to amend Judge Aenlle-Rocha's schedule.  *See Watts v. Allstate Indemnity Co.*, No. 2:08-cv-01877 LKK KJN, 2012 U.S. Dist LEXIS 153136, at *8 (E.D. Cal. Oct. 23, 2012) (finding that magistrate judge does not have authority to amend district judge's scheduling order); *UMG Recordings, Inc. v. Disco Azteca Distribs.*, No. CIV.S-04-2611 FCD DAD, 2006 U.S. Dist. LEXIS 48755, at *11 (E.D. Cal. July 18,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-07534-FLA-MAA                                    Date:  May 9, 2024

Title      _Lopez v. City of Los Angeles, et al._

2006) ("Of course, the magistrate judge is not empowered to modify the district judge's scheduling order.").

### III.   CONCLUSION

On the basis of the foregoing, Plaintiffs' Request is **DENIED** as untimely.  This denial is **without prejudice** to Plaintiffs obtaining an extension of the discovery deadlines from Judge Aenlle-Rocha.  This Court offers no opinion as to whether Plaintiffs will be able to demonstrate the "good cause" required for a modification of the schedule.  Should Judge Aenlle-Rocha grant such an extension, Plaintiff is instructed to comply with this Magistrate Judge's procedures for bringing discovery motions—specifically, participating in a pre-motion informal discovery conference.  _See_ http://www.cacd.uscourts.gov/honorable-maria-audero.  This Court offers no opinion as to the merits of the Stipulation or Plaintiffs' Request.

It is so ordered.