MICHAEL P. STONE, SBN 91142
MUNA BUSAILAH, SBN 166328
Email: m.busailah@police-defense.com
Members of **STONE BUSAILAH, LLP**
*A Partnership of Professional Law Corporations*
Email: d.danial@police-defense.com
1055 East Colorado Boulevard, Suite 320
Pasadena, California 91106
Telephone: (626) 683-5600
Facsimile: (626) 683-5656

*Attorneys for Defendants* **JOSE ZAVALA and JULIO QUINTANILLA**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ, SONIA TORRES, KENI LOPEZ, ROSY LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, JOSE ZAVALA, JULIO QUINTANILLA, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | **CASE NO. 2:22-cv-07534-FLA-MAAx**<br><br>*[Assigned to Judge Fernando L. Aenlle-Rocha, USDC-Hon. Mag. Maria A. Audero, USDC-Roybal Bldg]*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE ANY ARGUMENT REGARDING A "SUICIDE BY COP" THEORY**<br><br>FPTC: May 31, 2024<br>TIME: 1:00 PM<br>DEPT: 6B, 6th Floor |

PLEASE TAKE NOTICE THAT Defendants OFFICERS JOSE ZAVALA AND JULIO QUINTANILLA (collectively "Defendant-Officers"), will and hereby do request that this Court deny Plaintiffs' motion in limine to exclude argument and evidence pertaining to a "suicide by cop" defense. Plaintiffs' motion throws countless arguments at the wall in a misguided attempt to exclude evidence

1

of a potentially dispositive defense advanced by the Defendant-Officers. None stick. Of course, "'[s]uicide by cop' is a recognized and regrettable phenomenon." *Est. of Jackson v. City of Modesto,* No. 1:21-CV-0415 AWI EPG, 2021 WL 4819604, at *15, n.12 (E.D. Cal. Oct. 14, 2021) (citing in part *Lal v. California*, 746 F.3d 1112, 1117-20 (9th Cir. 2014)). But the inherent somberness of the theory does not render evidence supporting the defense inadmissible at trial. To the contrary, such evidence must be admitted to ensure the Defendant-Officers, like the Plaintiffs, receive a fair trial.

## I. EVIDENCE OF "SUICIDE BY COP" IS RELEVANT AND ADMISSIBLE

This Court should find that evidence, including testimony, of the Defendant-Officers' "suicide by cop" defense is admissible at trial. To start, *Boyd v. City and County of San Francisco*, 576 F.3d 938 (9th Cir. 2009) controls the outcome of Plaintiffs' motion. In *Boyd*, a fatal shooting excessive force case brought by survivors of the decedent, the Ninth Circuit considered the admissibility of the decedent's criminal history and prior acts. *Id.* at 944–945. The Ninth Circuit concluded that the district court properly admitted the evidence in the context of the defense's suicide by cop theory, as the evidence was probative of the decedent's provoking a police shooting. *Id*. The Ninth Circuit specifically held that, "where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and

2

admissible." *Id.* at 944.

Despite *Boyd's* clear application to this case, Plaintiffs make no attempt to distinguish – or even mention – the rule espoused by the Ninth Circuit in the case. Rather, Plaintiffs attempt to frame the issue in part as relating to Decedent's 'state of mind.' Dkt. #68, Page ID #:506-08. But that wrongly portrays the suicide-by-cop defense and evidence in support of it.

Plaintiffs further cast the issue as one involving the Defendant-Officers' state of mind. That gets closer, but still misses the mark. The evidence, defense, and argument of suicide by cop is one of perception. And it is what the Defendant-Officers *perceived* that renders the evidence relevant and admissible. *See Boyd*, 576 F.3d at 944.

Plaintiffs nonetheless wish for this Court to read *Graham*'s reasonableness inquiry in a vacuum. Plaintiffs' argument that the Defendant-Officers' perception plays no part in the *Graham* reasonableness inquiry because it is "judged from an objective standpoint [] of a reasonable officer on the scene[,]" Dkt. #68, Page ID #:507, is a woeful misunderstanding of the reasonableness standard. "Information . . . *observed* by officers at the time of the incident is relevant to the use of force calculation under *Graham*." *Watson v. City of San Jose (San Jose Police Dep't)*, 765 F. App'x 248, 250–51 (9th Cir. 2019) (citing in part *Hayes v. County of San Diego*, 736 F.3d 1223, 1232–33 (9th Cir. 2013)) (emphasis added). Indeed, the Ninth Circuit has opined that an "officers' perception of [a] threat posed by [an

individual is] indisputably relevant to the question whether the force they employed was excessive . . . ." *Allen v. Rivera*, 626 F. App'x 710, 713 (9th Cir. 2015). The *Graham* reasonableness query considers whether the *particular officers' perceptions* leading to the use of force were "as a regular officer would have perceived them . . . ." *Fuciarelli v. Good*, No. CV-14-01078-PHX-GMS, 2016 WL 4529822, at *8 (D. Ariz. Aug. 30, 2016). That is why the Defendant-Officers' perceptions are relevant and inform the *Graham* reasonableness inquiry, and that is why the officers' perceptions are admissible.

So, back to where we started: *Boyd*. There can be no doubt that what the Defendant-Officers here "perceived just prior to the use of force is in dispute . . . ." *Boyd,* 576 F.3d at 944. The evidence they intend to offer and arguments they intend to make in the context of their "suicide by cop" defense will support their version of the circumstances leading up to the use of force. This evidence is thus relevant and admissible. *See id*.

Lest there be any doubt surrounding the parties' dispute over the events in question, Plaintiffs' motion itself makes clear that the parties dispute the reasonableness of the Defendant-Officers' perceptions leading up to the force. *See* Dkt. #68, PageID#: 508 (arguing that a "suicide by cop" theory is "highly disputed by the evidence"). And Plaintiffs are well-aware that the officer-witnesses and Defendant-Officers perceived the Decedent as intending to commit "suicide by cop". *See generally* Defs.' Opp'n to Mot. In Limine to Exclude Information

Unknown to Officers at Time of Shooting, Exhibits A-E, attached to Declaration of Muna Busailah.  Yet, Plaintiffs still resist the only conclusion that the law supports: the "suicide by cop" theory is relevant, and evidence and argument support the same must be admitted at trial.

## II. EVIDENCE OF "SUICIDE BY COP" DOES NOT REQUIRE EXPERT TESTIMONY, IS NOT HEARSAY, AND IS NEITHER IMPROPER CHARACTER EVIDENCE NOR UNFAIRLY PREJUDICIAL

Plaintiffs' resistance takes the form of claiming improper character evidence under Fed. R. Evid. 404, unfair prejudice under Fed. R. Evid. 403, and lack of expert designation under Fed. R. Evid. 702.  But Defendant-Officers' use of any evidence in support of their defense is not *improper* character evidence prohibited under Fed. R. Evid. 404: "In a suicide-by-cop case, the intent of the decedent—namely, whether he intended to provoke the police into shooting him—is directly at issue. [And] [i]ntent is a permissible use of 'other bad act' evidence." *Chien Van Bui v. City & Cnty. of San Francisco*, No. 11-CV-04189-LB, 2018 WL 1057787, at *3 (N.D. Cal. Feb. 27, 2018) (citing Fed. R. Evid. 404(b)(2)).

Nor does Fed. R. Evid. 403 or 702 fare any better in Plaintiffs' spew to exclude such evidence.  Put simply, as the Court has found previously, there is "no authority supporting Plaintiffs' argument that merely presenting a 'suicide by cop' theory is unfairly prejudicial."  *Barillas v. City of Los Angeles*, No.

CV1808740CJCASX, 2021 WL 4434977, at *6 (C.D. Cal. Apr. 12, 2021)(citing *Boyd v. City & County of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009)). Likewise, "[e]xpert testimony is not required for the jury to evaluate Defendants' anticipated 'suicide by cop' argument because interpreting [the evidence] does not require any specialized knowledge." *Id.* Indeed, "a lay person is capable of understanding" the events leading up to the incident. *Id.*

As a last-ditch effort, Plaintiffs make a catch-all hearsay argument: "this Court should . . . exclude *any documents* containing *the information* that Plaintiffs seek to exclude . . . ." Dkt. #68, Page ID #:511. This Court should decline to make a wholesale ruling that precludes the admissibility of unspecified documents containing the nondescript and convoluted information that Plaintiffs inartfully articulated in their motion. And to the extent Plaintiffs have identified specific documents – including the 911 calls and police reports – those records are either non-hearsay, *see, e.g.,* Fed. R. Evid. 801(d)(2)(A), fall under well-known exceptions to hearsay, *see, e.g.,* Fed. R. Evid. 803(1)-(2)(present sense impression and excited utterance); *id*. at 803(6) (business record), and/or will be used for non-hearsay purposes (such as the effect on the listener).

### III. CONCLUSION

Plaintiffs' resistance to the defense's "suicide by cop" theory must give way. The Defendant-Officers' "suicide by cop" defense is based on relevant and otherwise admissible evidence and is grounded in well-settled legal principles.

1  Plaintiffs' expulsion of arguments to the contrary fails. This Court should deny
2  Plaintiffs' motion.

Date: May 16, 2024                **STONE BUSAILAH, LLP**

                                  By: /s/ Muna Busailah
                                       MUNA BUSAILAH, Esq.
                                       Attorney for Defendants JOSE ZAVALA, JULIO QUINTANILLA