MICHAEL P. STONE, SBN 91142
MUNA BUSAILAH, SBN 166328
Email: m.busailah@police-defense.com
Members of **STONE BUSAILAH, LLP**
*A Partnership of Professional Law Corporations*
Email: d.danial@police-defense.com
1055 East Colorado Boulevard, Suite 320
Pasadena, California  91106
Telephone: (626) 683-5600
Facsimile:  (626) 683-5656

*Attorneys for Defendants* **JOSE ZAVALA and JULIO QUINTANILLA**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ, SONIA TORRES, KENI LOPEZ, ROSY LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, JOSE ZAVALA, JULIO QUINTANILLA, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | CASE NO. 2:22-cv-07534-FLA-MAAx<br><br>*[Assigned to Judge Fernando L. Aenlle-Rocha, USDC-Hon. Mag. Maria A. Audero, USDC-Roybal Bldg]*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF PERSONNEL RECORDS OF PLAINTIFFS' EXPERT SCOTT DEFOE, OBTAINED FROM THE RIVERSIDE COUNTY SHERIFF'S DEPARTMENT**<br><br>FPTC: May 31, 2024<br>TIME: 1:00 PM<br>DEPT: 6B, 6th Floor |

PLEASE TAKE NOTICE THAT Defendants OFFICERS JOSE ZAVALA AND JULIO QUINTANILLA (collectively "Defendants"), will and hereby do request that this Court deny Plaintiffs' motion in limine to exclude evidence of Scott DeFoe's personnel records.  Plaintiffs regurgitate the same essential

1

arguments that they already raised – twice – in an improper attempt to prevent the revelation of the subpoenaed documents.  This Court should follow Magistrate Judge Maria A. Audero's well-reasoned opinions and – for the third time – deny Plaintiffs' attempt to halt Defendants' use of the subpoenaed documents.  *See* Dkt. #52, 72.

For purposes of brevity, Defendants do not repeat here the arguments they made in opposition of Plaintiffs' first motion on this topic, which sought to quash the subpoena in the first instance.  Dkt. #50.  To the extent this Court finds that Plaintiffs' arguments have not been properly adjudicated and reconsiders the same when deciding the instant motion, Defendants incorporate their arguments in opposition to that motion.  *See* Dkt. #51.

In any event, putting aside that Magistrate Judge Maria A. Audero's decisions are the law of the case, Plaintiffs' motion fails on its merits.  The crux of Plaintiffs' argument is that Defendants purportedly violated the scheduling order in this matter by issuing the subpoena before the discovery deadline had passed but with a compliance period subsequent to the deadline.  What Plaintiffs fail to recognize, however, is that the Ninth Circuit has unambiguously held that "impeachment evidence does not have to be revealed in pretrial disclosures." *Gribben v. United Parcel Serv.*, Inc., 528 F.3d 1166, 1172 (9th Cir. 2008) (citing Fed.R.Civ.P. 26(a)(1)(A), 26(a)(3)). *See also In re Watkins*, 343 F. App'x 245, 246 (9th Cir. 2009) (same); *Jones v. Chen*, 675 F. App'x 786 (9th Cir. 2017) (same);

*Pat. Category Corp. v. Target Corp.*, No. CV 06-7311 CAS (CWX), 2008 WL 11336468, at *6–7 (C.D. Cal. July 17, 2008) (denying motion in limine to exclude documents where documents were not disclosed pretrial but were intended to be used for impeachment purposes only). And if the defense decides to use the subpoenaed documents at trial, which is still undecided, the documents would be used for impeachment purposes only. As such, Defendants were under no obligation to anticipatorily provide Plaintiffs the documents that Plaintiffs now seek to exclude. Unfair prejudice necessarily cannot result if there is no obligation or requirement to provide impeachment material pretrial.

Out of an abundance of caution, however, Defendants provided Plaintiffs with the documents produced in response to the subpoena. Defs.' Opp'n to Mot. In Limine to Exclude Information Unknown to Officers at Time of Shooting, Exhibit F, attached to Declaration of Muna Busailah. Plaintiffs' argument that they could somehow be caught by surprise and, therefore, unfairly prejudiced by not receiving impeachment evidence until "the eve of trial," Dkt. #69, Page ID #:523, which need not be disclosed on the eve, in any event, is thus without merit. This Court should thus deny Plaintiffs' motion.

Date: May 16, 2024         **STONE BUSAILAH, LLP**

                           By: /s/ Muna Busailah
                               MUNA BUSAILAH, Esq.
                               Attorney for Defendants JOSE ZAVALA,
                               JULIO QUINTANILLA