MICHAEL P. STONE, SBN 91142
MUNA BUSAILAH, SBN 166328
Email: m.busailah@police-defense.com
Members of **STONE BUSAILAH, LLP**
*A Partnership of Professional Law Corporations*
Email: d.danial@police-defense.com
1055 East Colorado Boulevard, Suite 320
Pasadena, California 91106
Telephone: (626) 683-5600
Facsimile:  (626) 683-5656

*Attorneys for Defendants* **JOSE ZAVALA and JULIO QUINTANILLA**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ, SONIA TORRES, KENI LOPEZ, ROSY LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, JOSE ZAVALA, JULIO QUINTANILLA, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | CASE NO. 2:22-cv-07534-FLA-MAAx<br><br>*[Assigned to Judge Fernando L. Aenlle-Rocha, USDC-Hon. Mag. Maria A. Audero, USDC-Roybal Bldg]*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO PRECLUDE DEFENDANTS FROM ELICITING EXPERT TESTIMONY IN THE AREA OF POLICE PRACTICES AND PROCEDURES AND USE OF FORCE FROM ANY WITNESS, INCLUDING JAMES BORDEN, FOR FAILURE TO COMPLY WITH RULE 26**<br><br><br>FPTC: May 31, 2024<br>TIME: 1:00 PM<br>DEPT: 6B, 6th Floor |

PLEASE TAKE NOTICE THAT Defendants OFFICERS JOSE ZAVALA AND JULIO QUINTANILLA (collectively "Defendant-Officers"), will and hereby do request Plaintiffs' motion to preclude Defendants from eliciting testimony

1

regarding police practices and procedures and use of force be denied. Plaintiffs' motion is far-reaching and improper. Plaintiffs are correct that the Defendant-Officers do not intend on calling James Borden at the trial in this matter. However, Plaintiffs' requested exclusion of eliciting *any and all* testimony on use of force or standard police practices is an overreach of the exclusionary provisions of Fed. R. Civ. P. 37(c)(1).

Fed. R. Civ. P. 37(c)(1) provides in part that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed *to use that information or witness* to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

(Emphasis added.). The Defendant-Officers have already agreed, however, not to elicit any information or witness testimony from James Borden. That the Defendant-Officers have made this concession is made clear from the parties' stipulation. *See* Dkt. #66.

Plaintiffs' citation to *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.* 259 F.3d 1101 (9th Cir. 2001) does nothing to support the overbroad request they seek. The Ninth Circuit in *Yeti by Molly* affirmed the district court's exclusion of the defendant's expert after the defendant failed to provide the expert's report pursuant to the disclosure requirements of Fed. R. Civ. P. 26(a)(2). Again, the Defendant-

Officers already stipulated to the exclusion of James Borden from the trial in this matter. Dkt. #66. *Yeti by Molly* does not stand for the proposition however, that *all* evidence on a matter must be excluded.

Nonetheless, the Defendant-Officers will not be seeking to introduce expert testimony on the issue of police practices. But the Defendant-Officers and third-party officer witnesses must be permitted to testify regarding general police responses and practices, including tactics, procedures, options, and more. Such testimony is probative and necessary to the jury's determination of whether the Defendant-Officers' actions were reasonable based on the totality of the circumstances. Indeed, because the *Graham* inquiry necessarily *requires* a determination from the perspective of a reasonable police officer, the jury must be able to understand law-enforcement procedures, tactics, methods, and more, in determining the reasonableness of the Defendant-Officers' actions. To prevent Defendant-Officers from eliciting any and all testimony and information of the same would be to sanction a miscarriage of justice and would result in a fundamentally unfair trial to the defense. This Court should therefore deny Plaintiffs' motion.

Date: May 16, 2024      **STONE BUSAILAH, LLP**

By: /s/ Muna Busailah
_____
MUNA BUSAILAH, Esq.
Attorney for Defendants JOSE ZAVALA,
JULIO QUINTANILLA