UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ individually and as successor in interest to Margarito E. Lopez, Deceased; SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, individually,<br><br>    Plaintiffs,<br><br> vs.<br><br>CITY OF LOS ANGELES; JOSE ZAVALA; JULIO QUINTANILLA; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:22-cv-07534-FLA-MAAx<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br>Trial Date: July 16, 2024<br>Final Pretrial Conference: May 31, 2024<br><br>*[Judge Aenlle-Rocha's Template]* |

## TABLE OF CONTENTS

I. THE PARTIES AND PLEADINGS ................................................................... 3

II. JURISDICTION .................................................................................................. 3

III. TRIAL DURATION ........................................................................................... 3

IV. JURY TRIAL ...................................................................................................... 4

V. ADMITTED FACTS ........................................................................................... 4

VI. STIPULATED FACTS ....................................................................................... 4

VII. PARTIES' CLAIMS AND DEFENSES ........................................................... 4

VIII. REMAINING TRIABLE ISSUES ................................................................. 12

IX. DISCOVERY .................................................................................................... 13

X. DISCLOSURES AND EXHIBIT LIST ........................................................... 13

XI. WITNESS LISTS .............................................................................................. 14

XII. MOTIONS IN LIMINE .................................................................................. 14

XIII. BIFURCATION ............................................................................................. 15

XIV. ADMISSIONS ................................................................................................ 16

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

## I.   THE PARTIES AND PLEADINGS

The Plaintiffs are Margarito T. Lopez, who is the father of Margarito E. Lopez, the decedent, and Sonia Torres, Keni Lopez, and Rosy Lopez, who are the siblings of the decedent and who are alleged to have witnessed the shooting.

The Defendants are Jose Zavala, Julio Quintanilla, and the City of Los Angeles.

The pleadings that raise the issues are: Plaintiffs' Complaint (Dkt. No. 1); Defendants' Answers to Plaintiffs' Complaint (Dkt. Nos. 16, 19).

Plaintiffs' second claim for denial of medical care; fourth claim for substantive due process, deliberate indifference to serious medical needs; and fifth, sixth, and seventh claims for municipal liability have been dismissed. (Dkt. No. 47).  The claims against the City are based only upon theories of vicarious liability under state law.[1]

## II.   JURISDICTION

It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C. §§ 1331 and 1343. The Court has jurisdiction over the Plaintiffs' supplemental state law claims under 28 U.S.C. § 1367, as those claims arise out of the same occurrence as the Plaintiffs' § 1983 claims. Venue is proper in this Court under U.S.C. §§ 1441 (a) and 1446.

## III.   TRIAL DURATION

The trial is estimated to take 5-7 days.

---

[1] The defense objects to any inclusion or reference in any trial or jury documents to the City of Los Angeles being a party to this matter.  The defense has stipulated to the facts and elements that would render the City vicariously liable on the applicable claims should Plaintiffs prevail on those.  Any reference to the City of Los Angeles as a defendant to this matter would thus serve to confuse the jury and potentially prejudice the defense.

3

## IV. JURY TRIAL

The trial is to be by jury.

Plaintiffs and Defendants shall serve and file "Unopposed/Agreed Upon Set of Jury Instructions and Verdict Forms" as well as the "Joint Statement re: Disputed Instructions and Verdicts" by no later than May 17, 2024.

## V. ADMITTED FACTS

The following facts are admitted and require no proof:

1. Officers Quintanilla and Zavala acted under the color of law at the time and the shooting.
2. Officers Quintanilla and Zavala were acting in the course and scope of their employment with the City of Los Angeles at the time of the shooting.

## VI. STIPULATED FACTS

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

1. Officers Quintanilla and Zavala acted under the color of law at the time and the shooting.
2. Officers Quintanilla and Zavala were acting in the course and scope of their employment with the City of Los Angeles at the time of the shooting.

## VII. PARTIES' CLAIMS AND DEFENSES

**Plaintiffs' Claims:**

(a) Plaintiffs plan to pursue the following claims against Defendants:

**Claim 1:** **Excessive Force (Fourth Amendment; 42 U.S.C. § 1983):**

Plaintiff Margarito T. Lopez brings this claim as Decedent's successor in interest against Defendants Jose Zavala and Julio Quintanilla, and seeks survival damages for Decedent's pre-death pain and suffering, loss of life, and loss of enjoyment of life. Plaintiff also seeks costs and statutory attorneys' fees on this claim.

**Claim 2: Substantive Due Process—Unlawful Interference with Familial Relations (42 U.S.C. § 1983, Wrongful Death):**

Plaintiff Margarito T. Lopez brings this claim individually against Defendants Jose Zavala and Julio Quintanilla. By using deadly force against Decedent, Jose Zavala and Julio Quintanilla interfered with Plaintiff Margarito T. Lopez's familial relationship with his son, Decedent, in violation of Plaintiff's Fourteenth Amendment rights. Plaintiff also seeks costs and statutory attorneys' fees on this claim.

**Claim 3: Negligence (wrongful death and survival):**

Plaintiff Margarito T. Lopez brings this claim against Jose Zavala, Julio Quintanilla and the City of Los Angeles. Plaintiff brings this claim as Decedent's successor in interest, and seeks survival damages for Decedent's pre-death pain and suffering, loss of life, and loss of enjoyment of life. California Code of Civil Procedure Section 377.34. Plaintiff also brings this claim individually and seeks wrongful death damages on this claim, for the loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support under this claim. California Code of Civil Procedure Section 377.60. The City of Los Angeles is vicariously liable for the conduct of Jose Zavala and Julio Quintanilla pursuant to Cal. Gov. Code § 815.2(a).

**Claim 4: Battery (wrongful death and survival):**

Plaintiff Margarito T. Lopez brings this claim against Jose Zavala, Julio Quintanilla and the City of Los Angeles. Plaintiff brings this claim as Decedent's successor in interest, and seeks survival damages for Decedent's pre-death pain and suffering, loss of life, and loss of enjoyment of life. California Code of Civil Procedure Section 377.34. Plaintiff also brings this claim individually and seeks

wrongful death damages on this claim, for the loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support under this claim. California Code of Civil Procedure Section 377.60. The City of Los Angeles is vicariously liable for the conduct of Jose Zavala and Julio Quintanilla pursuant to Cal. Gov. Code § 815.2(a).

**Claim 5:** **Negligent Infliction of Emotional Distress**:

Plaintiffs Margarito T. Lopez, Keni Lopez, Rosy Lopez, and Sonia Torres bring this claim against Jose Zavala, Julio Quintanilla and the City of Los Angeles. Jose Zavala and Julio Quintanilla negligently inflicted serious emotional distress upon Plaintiffs when they used unreasonable deadly force against Decedent in the presence of the Plaintiffs. The City of Los Angeles is vicariously liable for the conduct of Jose Zavala and Julio Quintanilla pursuant to Cal. Gov. Code § 815.2(a).

**Claim 6:** **Violation of Cal. Civ. Code. § 52.1 ("Bane Act")**

Plaintiff Margarito T. Lopez brings this claim against Jose Zavala, Julio Quintanilla and the City of Los Angeles. Plaintiff brings this claim as Decedent's successor in interest, and seeks survival damages for Decedent's pain and suffering, loss of life, and loss of enjoyment of life. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096 (9th Cir. 2014). Plaintiff also seeks costs and attorneys' fees on this claim. The City of Los Angeles is vicariously liable for the conduct of Jose Zavala and Julio Quintanilla pursuant to Cal. Gov. Code § 815.2(a).

(b) The elements required to establish Plaintiffs' claims are:

**Claim 1:** **(Excessive Force) (According to Plaintiffs)**

1. Jose Zavala and Julio Quintanilla acted under color of law (stipulated);
2. Jose Zavala and/or Julio Quintanilla used excessive and/or unreasonable force against Margarito E. Lopez;
3. The excessive force was a cause of injury, damage, harm, or death to Margarito E. Lopez.

6

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.25—Particular Rights—Fourth Amendment—Unreasonable Seizure of a Person—Excessive (Deadly and Non-Deadly) Force (March 2023 update).

**Claim 1:    (Excessive Force) (According to Defendants)**

1. Jose Zavala and Julio Quintanilla acted under color of law (stipulated);
2. Jose Zavala and/or Julio Quintanilla used excessive/unreasonable force against Decedent;
3. The conduct of Joe Zavala and/or Julio Quintanilla was an actual cause of injury and death to Decedent.

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.25—Particular Rights—Fourth Amendment—Unreasonable Seizure of a Person—Excessive (Deadly and Non-Deadly) Force (March 2023 update); *id.,* Instruction No. 9.3

**Claim 2:    (Interference with Familial Relationship)**

1. That Jose Zavala and Julio Quintanilla acted under color of law (stipulated);
2. That Julio Quintanilla and/or Jose Zavala used force against Margarito Edvin Lopez;
3. That the conduct of Jose Zavala and/or Julio Quintanilla shocked the conscience.

*See Wilkinson v. Torres,* 610 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborn,* 546 F.3d 1131, 1137 (9th Cir. 2008).

**Claim 3:    (Negligence, wrongful death and survival) (According to Plaintiffs)**

1. Jose Zavala and/or Julio Quintanilla were negligent;

7

    2.     The negligence of Jose Zavala and/or Julio Quintanilla was a cause of injury and/or death to Margarito E. Lopez.

*See* CACI 400, 401, 441 (2023 edition).

**Claim 3:     (Negligence, wrongful death and survival) (According to Defendants)**

    1.     Jose Zavala and/or Julio Quintanilla were negligent;
    2.     That Margarito Edvin Lopez and Margarito T. Lopez were harmed
    3.     The negligence of Jose Zavala and/or Julio Quintanilla was a substantial factor in causing of injury or death to Decedent and Margarito T. Lopez.

*See* CACI 400, 401, 441 (2023 edition).

**Claim 4:     (Battery, wrongful death and survival) (According to Plaintiffs)**

1. Jose Zavala and/or Julio Quintanilla intentionally shot Margarito E. Lopez;
2. The use of deadly force by Jose Zavala and/or Julio Quintanilla was not necessary to defend human life;
3. Jose Zavala and/or Julio Quintanilla's use of unreasonable force was a cause of injury and/or death to Decedent.

*See* CACI 1305B (2023 edition).

**Claim 4:     (Battery, wrongful death and survival) (According to Defendants)**

1. That Defendant-Officers Julio Quintanilla and Jose Zavala intentionally caused Margarito Edvin Lopez to be touched;
2. That Defendant-Officers Julio Quintanilla and Jose Zavala used deadly force on Margarito Edvin Lopez;
3. That the use of deadly force by Defendant-Officers Julio Quintanilla and Jose Zavala was not necessary to defend human life;
4. That Margarito Edvin Lopez was killed; and

8

5. That the use of deadly force by Defendant-Officers Julio Quintanilla and Jose Zavala was a substantial factor in causing Margarito Edvin Lopez's death.

CACI 1305B (2023 edition).

**Claim 5:** **(Negligent Infliction of Emotional Distress) (According to Plaintiffs)**

1. Jose Zavala and/or Julio Quintanilla negligently caused injury and/or death to Margarito E. Lopez when they shot him;
2. Plaintiffs were present at the scene of Margarito E. Lopez's death, and they were aware that Margarito E. Lopez was being injured and/or killed;
3. Plaintiffs suffered serious emotional distress; and
4. The conduct of Jose Zavala and/or Julio Quintanilla was a substantial factor in causing Plaintiffs' serious emotional distress.

CACI 1621.

**Claim 5:** **(Negligent Infliction of Emotional Distress) (According to Defendants)**

1. Jose Zavala and/or Julio Quintanilla negligently caused the death of Decedent;
2. Plaintiffs were present at the scene when Jose Zavala and/or Julio Quintanilla deployed their weapons against Decedent
3. Plaintiffs were aware that the deployment of the weapons of Jose Zavala and/or Julio Quintanilla was causing the death of Decedent;
4. Plaintiffs suffered serious emotional distress; and
5. The conduct of Jose Zavala and/or Julio Quintanilla was a substantial factor in causing Plaintiffs' serious emotional distress.

9

*See* CACI 1621.

**Claim 6:** **(Violation of the Bane Act) (According to Plaintiffs)**
1. Jose Zavala and/or Julio Quintanilla used excessive force against Decedent;
2. Jose Zavala and/or Julio Quintanilla intended to violate Decedent's rights by acting with reckless disregard for Decedent's right to be free from excessive force;
3. The use of excessive force was a cause of injury, damage, harm, or death to Decedent.

*Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

**Claim 6:** **(Violation of the Bane Act) (According to Defendants)**
1. Jose Zavala and/or Julio Quintanilla interfered with or attempted to interfere with Decedent's constitutional right to be free from unreasonable seizures, including unreasonable force, by threatening or committing violent acts; ;
2. Jose Zavala and/or Julio Quintanilla intended to violate Decedent's rights to be free from excessive force;
3. Decedent was harmed; and
4. The conduct of Jose Zavala and/or Julio Quintanilla was a substantial facts in causing death to the Decedent.

*Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

    (c)    The key evidence Plaintiffs rely on for each claim is:
        1.    Testimony by Defendants Jose Zavala and Julio Quintanilla
        2.    Testimony by other officers on scene, including Jose Jaime, Enrique Meraz, Christopher Burke, and Alex Yim

3. Videos of the incident captured by the officers' body-worn cameras
4. Still shots from the videos
5. Photographs of the scene and the evidence
6. Photographs of the defendant officers in uniform
7. Relevant Portions of Recorded interviews of Defendants Jose Zavala and Julio Quintanilla with transcript
8. Testimony by Scott A. DeFoe, Plaintiffs' retained police procedures expert
9. Testimony by Bennet Omalu, M.D., Plaintiffs' retained medical forensic expert
10. Testimony by Plaintiffs' retained expert Cole Young
11. Testimony by Plaintiffs' retained expert John Gardiner
12. Testimony by Plaintiffs Margarito T. Lopez, Keny Lopez, Rosy Lopez, and Sonia Torres
13. Selected autopsy photographs
14. Photographs of Decedent and Plaintiffs
15. Funeral and burial expenses
16. Paramedic records

**Defendants' Affirmative Defenses:**

(a) Defendant plans to pursue the following affirmative defenses:

**Defense 1: Qualified Immunity**

Julio Quintanilla and Jose Zavala are entitled to qualified immunity because no constitutional violation occurred, and even if so, any right was not clearly established at the time of the conduct.

**Defense 2: Public Entity/Employee Immunity for Others' Torts**

Julio Quintanilla and Jose Zavala are immune from liability pursuant to California Government Code Sections 820(b); 820.2; 820.4; 820.8; 855.6; and Penal Code 196.

**Defense 3: Comparative/Contributory Negligence**

1. Decedent was negligent; and
2. Decedent's negligence was a substantial factor in causing his death.

**Defense 4: Assumption of Risk**

1. Decedent voluntarily accepted a risk; and
2. Decedent knew and appreciated the risk

*See Knight v. Jewett, 3 Cal. 4th 296 (1992)*

**Defense 5: Self-Defense/Defense of Others**

1. Julio Quintanilla and/or Jose Zavala reasonably believed that Decedent was going to harm either or both of them, or other persons; and
2. Julio Quintanilla and/or Jose Zavala used only the amount of force that was reasonably necessary to protect either or both of them, or any other person.

CACI 1304.

## VIII. REMAINING TRIABLE ISSUES

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

1. Whether Jose Zavala and/or Julio Quintanilla used excessive or unreasonable deadly force against Decedent;
2. Whether the conduct of Jose Zavala and/or Julio Quintanilla shocked the conscience;
3. Whether Jose Zavala and/or Julio Quintanilla were negligent with respect to their conduct toward Decedent during the incident, including pre-shooting negligence;

12

4. Whether the conduct of Jose Zavala and/or Julio Quintanilla constituted unlawful battery;

5. Whether Plaintiffs can establish claims of NIED;

6. Nature and extent of Plaintiffs' damages (wrongful death damages and individual damages for their emotional distress), if any;

7. Nature and extent of Decedent's damages (survival damages, including, according to Plaintiffs, pre-death pain and suffering, loss of life, and loss of enjoyment of life), if any.

8. Whether Jose Zavala and/or Julio Quintanilla violated the Bane Act;

9. Whether Plaintiffs suffered any serious emotional distress;

10. Whether Decedent was contributorily negligent;

11. Whether Decedent assumed the risk of harm[2];

12. Whether Jose Zavala and/or Julio Quintanilla acted in self-defense and/or defense of others; and

13. Whether Jose Zavala and/or Julio Quintanilla are entitled to qualified immunity.

**IX. DISCOVERY**

All discovery is complete.

**X. DISCLOSURES AND EXHIBIT LIST**

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The parties' joint exhibit list has been filed under separate cover as required by Local Rule 16-6.1 ("Joint Exhibit List"). In view of the volume of exhibits marked by each party, the parties have incorporated in the attached "Joint Exhibit List" all

---

[2] Plaintiffs contend that No. 11, 12, and 13 on this list, proffered by Defendants, proper considerations for the jury. No. 12 is subsumed within the jury instructions, and is not a separate issue.

13

agreements regarding admitted exhibits, and all objections, including the grounds therefor.

## XI. WITNESS LISTS

Witness lists of the parties have been filed with the court.

Only the witnesses identified on the lists will be permitted to testify (other than solely for impeachment).

## XII. MOTIONS IN LIMINE

Motions in limine or law and motion matters shall be filed with the court no later than May 3, 2024. The parties have met and conferred on the motions in limine. The following motions in limine, and no others, are pending or contemplated:

1. Plaintiffs' Motion *in Limine* to exclude information unknown to the officer defendants at the time of the incident.
2. Plaintiffs' Motion *in Limine* to exclude arguments of "suicide by cop" theory.
3. Plaintiffs' Motion *in Limine* to exclude use of Plaintiffs' retained expert, Scott DeFoe's personnel file from the Riverside County Sheriff's Department.
4. Plaintiffs' Motion *in Limine* to preclude Defendants from eliciting police practices expert testimony from non-expert witnesses.
5. Defendants' Motion *in Limine* to exclude argument regarding other law suits and national events.
6. Defendants' Motion *in Limine* to exclude "Golden Rule," or similar arguments.
7. Defendants' Motion *in Limine* to exclude evidence of source of payment.
8. Defendants' Motion *in Limine* to exclude or limit the testimony of Plaintiffs' expert witness Dr. Bennet Omalu.

14

      9. Defendants' Motion *in Limine* to exclude or limit the testimony of Plaintiffs' expert witness Scott A. DeFoe.

### XIII. BIFURCATION

Defendants believed (seemingly mistakenly) that Plaintiffs were agreeable to bifurcation of liability and damages in their entirety; however, Plaintiffs have only been willing to agree to bifurcation of liability and punitive damages (not compensatory damages), with punitive liability being deciding at the end of the liability phase. Defendants, however, believe that the damages phase should include all damages, not just punitive damages.

Plaintiffs object to bifurcation of liability from damages. Plaintiffs witnessed the incident, and their testimony regarding their observations of the incident is intertwined with their testimony regarding their damages. Plaintiffs anticipate that their presentation of evidence regarding damages will only last for approximately one day. Plaintiffs submit that the most efficient way to present the case would be to try liability and damages in the same phase of trial. Plaintiffs believe the trial should be conducted as follows: Phase I—liability, compensatory damages, and entitlement to punitive damages; Phase II—amount of punitive damages, if any. No motion or stipulation regarding bifurcation has been filed. Plaintiffs' counsel will be prepared to provide further argument regarding this at the Pretrial Conference if necessary.

//

//

## XIV. ADMISSIONS

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

IT IS SO ORDERED.

Dated:

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

Approved as to form and content:

DATED:  May 17, 2024            LAW OFFICES OF DALE K. GALIPO

                                By        /s/ Renee V. Masongsong
                                   Dale K. Galipo
                                   Renee V. Masongsong
                                   Shannon J. Leap
                                   *Attorneys for Plaintiffs*

Date: May 17, 2024              STONE BUSAILAH, LLP


                                By:  /s/ Muna Busailah
                                   MUNA BUSAILAH, Esq.
                                   Attorney for Defendants JOSE ZAVALA,
                                   JULIO QUINTANILLA

16