Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ individually and as successor in interest to Margarito E. Lopez, Deceased; SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, individually,<br><br>         Plaintiffs,<br><br>    vs.<br><br>CITY OF LOS ANGELES; JOSE ZAVALA; JULIO QUINTANILLA; and DOES 1-10, inclusive,<br><br>         Defendants. | **Case No.: 2:22-cv-07534-FLA-MAAx**<br>Hon. Judge Fernando L. Aenlle-Rocha,<br>Hon. Mag. Maria A. Audero<br><br>**COMPETING JOINT STATEMENT OF THE CASE**<br><br>FPTC: May 31, 2024<br>Trial: July 16, 2024 |

**TO THE HONORABLE COURT:**

Pursuant to the Court's Scheduling and Case Management Order, the Parties hereby submit their Competing Joint Statements of the Case.

DATED:  May 17, 2024                    LAW OFFICES OF DALE K. GALIPO


By  /s/ Renee V. Masongsong
    _____
    Dale K. Galipo
    Renee V. Masongsong
    Shannon J.Leap
    Attorneys for Plaintiffs


Dated:  May 17, 2024


                    STONE BUSAILAH, LLP


By:  /s/ Muna Busailah
     _____
     Muna Busailah
     Sherry Lawrence
     Attorneys for Defendants

## **PLAINTIFFS' STATEMENT OF THE CASE**

This case arises out of the fatal officer-involved shooting of Margarito Lopez that took place in the City of Los Angeles on December 18, 2021.

The Plaintiffs are Margarito T. Lopez, who is the father of Margarito E. Lopez, the decedent, and Sonia Torres, Keni Lopez, and Rosy Lopez, who are the siblings of the decedent. Plaintiffs claim that Jose Zavala and Julio Quintanilla used excessive and unreasonable force against Margarito E. Lopez and were negligent when they shot him. Plaintiffs seek damages as permitted by law.

The defendants are Jose Zavala, Julio Quintanilla, and the City of Los Angeles.  The defendants deny Plaintiffs' claims and contend that the use of force against decedent Margarito E. Lopez was reasonable under the totality of the circumstances.

## **DEFENDANTS' STATEMENT OF THE CASE**

This case arises out of the fatal officer-involved shooting of Margarito Edvin Lopez that took place in the City of Los Angeles on December 18, 2021.

The Plaintiffs are Margarito T. Lopez, who is the father of Margarito Edvin Lopez, the decedent, and Sonia Torres, Keni Lopez, and Rosy Lopez, who are the siblings of the decedent. Plaintiffs claim that Jose Zavala and Julio Quintanilla used excessive and unreasonable force against Margarito Lopez. Plaintiffs seek damages as permitted by law.

The defendants are Jose Zavala and Julio Quintanilla.  The defendants deny Plaintiffs' claims and contend that the use of force against decedent Margarito Lopez was reasonable and lawful under the totality of the circumstances.

## STATEMENT OF DISPUTE

**Plaintiffs:**

Plaintiffs' statement of the case appears above, with Defendants' proposed edits to the statement of the case appearing in Redline.

Plaintiffs contend that use of the word "lawful" as proposed by Defendants is inappropriate and contrary to the standards surrounding Plaintiffs' claims. Plaintiffs must prove that the shooting was unreasonable or excessive—not that the shooting was "unlawful." The word "unlawful" implies a criminal standard that does not apply to this case. There is a true concern that jurors will hear the word "lawful," which confuses the standards, and believe that they cannot render a verdict in Plaintiffs' favor unless the officers are criminally liable for the shooting.

Additionally, Plaintiffs' statement of the case includes reference to Plaintiffs' negligence claim, whereas Defendants omit this reference. Defendants' proposed statement of the case also omits reference to the City of Los Angeles as a defendant. Plaintiffs maintain a claim for negligence, and the City of Los Angeles is a defendant on Plaintiffs' state law claims on a theory of vicarious liability. Plaintiffs contend that the City of Los Angeles should be identified as a defendant in the Statement of the Case for the reasons articulated in Plaintiffs' opposition to Defendants' motion in limine regarding source of payment. Accordingly, Plaintiffs' statement of the case is accurate.

**Defendants:**

The jury is not likely to understand that "reasonable" in this circumstance means "lawful." The inclusion of the word "lawful" is therefore required. Indeed, if the force used was reasonable, then it flows that the force was lawful; Plaintiffs' argument to the contrary is based on a fundamental misunderstanding of the standards applicable to the case.

The case centers around the officers' use of force, and Plaintiffs' inclusion of the term 'negligence' would be confusing to the jury in this instance.  Further, Plaintiffs' statement "when they shot him" is inflammatory and prejudicial on its face and as used within the context, as it fails to include the events leading up to the force.  There is a fair and reasonable likelihood that the jury will prejudge the case from the exact instance when they hear this statement.

There is no need for reference to the City of Los Angeles, as its liability is vicarious only in this instance, and the defense has already stipulated to the facts and elements that would establish vicarious liable should Plaintiffs prevail on their applicable claim.  The jury will be confused and possibly misled if reference to the City is permitted, as there is no legal and factual basis for holding the City liable independent of the Defendant-Officers.

COMPETING JOINT STATEMENT OF THE CASE