CARRILLO LAW FIRM, LLP
Luis A. Carrillo (Bar No. 70398)
Michael S. Carrillo (Bar No. 258878)
1499 Huntington Drive, Suite 402
South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ individually and as successor in interest to Margarito E. Lopez, Deceased; SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; JOSE ZAVALA; JULIO QUINTANILLA; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-07534-FLA-MAAx<br><br>Hon. Judge Fernando L. Aenlle-Rocha<br>Hon. Mag. Maria A. Audero<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE OTHER LAWSUITS AND PROCEEDSINGS**<br><br>FPTC:   May 31, 2024<br>Trial:   July 16, 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PLAINTIFF SEEKS TO PRESERVE THE RIGHT TO INQUIRE IF THE DOOR IS OPENED BY DEFENDANTS.

Plaintiff does not intend to reference the information Defendants seek to exclude by way of their motion *in limine* No. 1, unless: (1) the subject matter arises in jury selection; (2) Defendants open the door to such inquiry through evidence or testimony that they introduce; or (3) to the extent that it is relevant to Plaintiffs' state law claims and the City of Los Angeles' vicarious liability. "[T]he introduction of inadmissible evidence by one party allows an opponent, in the court's discretion to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission." *United States v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988). For example, in *Nguyen v. Southwest Leasing and Rental Inc.*, the Ninth Circuit held that the District Court properly admitted rebuttal testimony on the same topic where the other party "opened the door." 282 F.3d 1061, 1067 (9th Cir. 2002). If Defendants open the door, then Plaintiff should be allowed to introduce rebuttal evidence of the same subject matter.

Additionally, Plaintiff does not anticipate referencing such evidence except to the degree that such information is admissible and relevant to Plaintiff's state law claims, as the City remains vicariously liable on those claims.

## II. CONCLUSION

Plaintiff generally does not oppose Defendants' motion *in limine* to exclude evidence of other lawsuits, alleged incidents, and administrative proceedings regarding the involved officers and/or the Los Angeles Police Department, except and unless (1) Defendants open the door to such inquiry; (2) the subject matter arises in jury selection or; (3) to the degree that such information is admissible and relevant to the City of Los Angeles' vicarious liability on Plaintiffs' state law

claims.  For that reason, Plaintiff opposes a blanket exclusion of related rebuttal evidence.

     Respectfully submitted,

Dated:  May 17, 2024

LAW OFFICES OF DALE K. GALIPO
CARRILLO LAW FIRM, LLP

By:    */s/ Shannon J. Leap*    
    Dale K. Galipo
    Renee V. Masongsong / Shannon J. Leap
    Michael S. Carrillo / J. Miguel Flores
    *Attorneys for Plaintiffs*