CARRILLO LAW FIRM, LLP
Luis A. Carrillo (Bar No. 70398)
Michael S. Carrillo (Bar No. 258878)
1499 Huntington Drive, Suite 402
South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARGARITO T. LOPEZ individually and as successor in interest to Margarito E. Lopez, Deceased; SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; JOSE ZAVALA; JULIO QUINTANILLA; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-07534-FLA-MAAx<br><br>Hon. Judge Fernando L. Aenlle-Rocha<br>Hon. Mag. Maria A. Audero<br><br>**PLAINTIFFS OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE ARGUMENT RELATED TO SOURCE OF PAYMENT**<br><br>FPTC:     May 31, 2024<br>Trial:      July 16, 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

By way of their third motion *in limine*, Defendants seek to preclude argument regarding the source of payment for compensatory damages. Plaintiffs do not intend to make argument regarding what the *source* of the payment of any judgement is (i.e. the City of Los Angeles' insurance policy), however Plaintiffs should be able to argue that the City of Los Angeles, as the individual defendants' employer, is vicariously liable for their actions and therefore is responsible for any damages on Plaintiffs' state law claims. Plaintiffs submit that this motion should be denied on the grounds that the City of Los Angeles remains a named defendant and it is only accurate to state that the City is vicariously liable for the actions of its employees under state law. *See* Cal. Gov. Code, Section 815.2(a). Plaintiffs request a jury instruction to this effect. *See,* CACI 3703. Defendants' argument to exclude such information improperly and incorrectly suggests that the individual officers would be personally responsible for any judgment against them. This argument would be misleading to the jury and unfairly prejudicial to Plaintiffs under FRE 403 and incorrectly states the law.

If the Court grants Defendants' motion, then Plaintiffs respectfully request that should Defendants allude to individual liability, Plaintiffs should be permitted to rebut any misleading suggestions in light of the City's vicarious liability and consequential responsibility for any damages resulting from Plaintiffs' state law claims.

## II.    ARGUMENT

It is stipulated that Officers Zavala and Quintanilla acted within the course and scope of their employment and authority with the City of Los Angeles during the incident giving rise to this law suit. Therefore, if the jury finds that Officers Zavala and Quintanilla violated Plaintiffs rights under their state law claims for battery,

negligence, negligent infliction of emotional distress, or the Bane Act, the City of Los Angeles is vicariously liable for those violations. California Government Code, Section 815(a) specifically provides:

> A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

See Cal. Gov. Code, Section 815.2(a).

Given the City's vicarious liability on these claims, the City is also responsible for the damages resulting from the violation of those rights. Plaintiffs intend to request that the jury be instructed accordingly. See, CACI 3703. Specifically, Plaintiffs have included the following instruction to be provided to the jury, consistent with the model instruction:

> "In this case, Jose Zavala and Julio Quintanilla were employees of the City of Los Angeles.
> If you find Jose Zavala and Julio Quintanilla were acting within the scope of their employment when the incident occurred, then the City of Los Angeles is responsible for any harm caused by Jose Zavala and Julio Quintanilla's wrongful conduct.
> The parties have stipulated that Jose Zavala and Julio Quintanilla were acting within the scope of their employment during this incident."

See CACI 3703 (2023 edition).

Therefore – contrary to Defendants' arguments – any evidence, reference, or argument that the City would be responsible for the damages on Plaintiffs' state law claims, in the event the jury delivers a verdict in Plaintiffs' favor on those claims, is certainly relevant to both liability and damages and is proper. To preclude such evidence is misleading to the jury, who may otherwise assume that the defendant officers may be personally responsible for any damages resulting from Plaintiffs' state law claims. Fed. R. Evid., 403.

Indeed, in order to fairly compensate Plaintiffs, it is necessary that the jury hear the truth regarding the City's responsibility under state law for the damages on plaintiffs' state law claims, should the jury find that the Defendant Officers violated Plaintiffs' rights under state law. It would be misleading to a jury to believe that such damages will be paid by the officers' respective personal funds when, in fact, they are not. Jurors may be reluctant to impose liability and damages because they may feel sympathy for the defendant officers, individuals with an assumed, modest salaries. Without knowledge that the City is responsible for these damages, consistent with the jury instruction to this effect, jurors might decide not to fully compensate Plaintiffs due to a concern of placing an undue financial burden on the defendant officers, personally. Precluding evidence that would clarify the City's responsibility in this case would permit misleading information to enter the trial and would be unfairly prejudicial to Plaintiffs, under FRE 403.

Any instruction, evidence or argument regarding the City's responsibility for the damages on Plaintiffs' state law claims will not prejudice Defendants. It is only an accurate representation of the law.

For these reasons, Plaintiffs hereby respectfully request that Defendants' Motion *in Limine* No. 3 be denied.

Respectfully submitted,

Dated:  May 17, 2024

LAW OFFICES OF DALE K. GALIPO
CARRILLO LAW FIRM, LLP

By: ____/s/ Shannon J. Leap_____
  Dale K. Galipo
  Renee V. Masongsong / Shannon J. Leap
  Michael S. Carrillo / J. Miguel Flores
  *Attorneys for Plaintiffs*