CARRILLO LAW FIRM, LLP
Luis A. Carrillo (Bar No. 70398)
Michael S. Carrillo (Bar No. 258878)
1499 Huntington Drive, Suite 402
 South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ individually and as successor in interest to Margarito E. Lopez, Deceased; SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; JOSE ZAVALA; JULIO QUINTANILLA; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-07534-FLA-MAAx<br><br>Hon. Judge Fernando L. Aenlle-Rocha<br>Hon. Mag. Maria A. Audero<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT SCOTT A. DEFOE**<br><br>FPTC:       May 31, 2024<br>Trial:       July 16, 2024 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE
TESTIMONY OF PLAINTIFFS' EXPERT SCOTT A. DEFOE

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I. INTRODUCTION

3    Defendants seek by way of their Motion in Limine No. 5, to exclude – either in

4    full or in part – the opinions of Plaintiffs police practices expert, Scott A. DeFoe on the

5    alleged grounds that they are irrelevant and are improper opinions.

6    Plaintiffs contend that Defendants' motion to should denied in full because the

7    admissibility of expert testimony regarding police practices in similar cases is well-

8    established by case law. Additionally, Defendants' other criticisms of Mr. DeFoe's

9    opinions address the weight of his opinions, not their admissibility. Defendants'

10   remedy is therefore on cross-examination, not to be excluded in part or in full by way

11   of a motion in limine.

12

## II. LEGAL STANDARD

13   The gatekeeping requirement of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,

14   509 U.S. 579 (1993) is to ensure the reliability and relevancy of expert testimony; "it is

15   to make certain that an expert, whether basing testimony upon professional studies or

16   personal experience, employs in the courtroom the same level of intellectual rigor that

17   characterizes the practice of an expert in the relevant field." The court "must assure

18   that the expert testimony 'both rests on a reliable foundation and is relevant to the task

19   at hand.'" *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010), as amended (Apr. 27,

20   2010) (quoting *Daubert*, 509 U.S. at 597). *Kumho Tire Co., Ltd. v. Carmichael*, 526

21   U.S. 137, 152 (1999). "Expert opinion testimony is relevant if the knowledge

22   underlying it has a valid connection to the pertinent inquiry. And it is reliable if the

23   knowledge underlying it has a reliable basis in the knowledge and experience of the

24   relevant discipline" *Primiano*, 598 F.3d at 564. ). The Court must assess (1) the

25   expert's qualification to present the opinions offered, (2) "whether the reasoning or

26   methodology underlying the testimony is scientifically valid," and (3) "whether that

27   reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509

28

U.S. at 592-93. The focus of this inquiry "must be solely on principles and methodology, not on the conclusions they generate." *Id*. at 595.

Additionally, in order to assess the expert's qualification to present the opinions offered, the Court looks to Federal Rules of Civil Procedure, Rules 702 and 703. *Daubert*, 509 U.S. at 592. Rule 702's requirement that the testimony assist the "trier of fact to understand the evidence and determine a fact at issue," is primarily related to the relevance of the testimony. *Daubert*, 509 U.S. at 591.

## III.   ARGUMENT

### A. Mr. DeFoe's Opinions are Relevant and Will be Helpful to the Jury.

"[E]xpert testimony on police practices and the use of force has generally been found to be admissible in cases involving allegations of police misconduct." *Lopez v. Chula Vista Police Dept.*, 2010 WL 685014, at *1 (S.D. Cal. Feb. 28, 2010); *Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) ("Discussing whether the officers' conduct comported with law enforcement standards, the expert relied upon California's Peace Officer Standards and Training… A rational jury could rely upon such evidence in assessing whether the officers' use of force was unreasonable."); *Larez v. City of Los Angeles*, 946 F.2d 630, 635 (9th Cir. 1991) (finding that testimony of "an expert on proper police procedures and policies" was relevant and admissible); *Davis v. Mason County*, 927 F.2d 1473, 1484-85 (9th Cir. 1991) (testimony of plaintiffs' police practices expert that officers violated law enforcement standards properly received).

There is no question that Mr. DeFoe's testimony is relevant in this case. The jury will be asked to assess the following factors when evaluating the reasonableness of the defendant officers' use of force: "(1) the nature of the circumstances to which Zavala and Quintanilla were responding; (2) whether Mr. Lopez posed an immediate threat of death or serious bodily injury to Zavala, Quintanilla, or others; (3) whether Mr. Lopez was actively resisting arrest or attempting to evade arrest by flight; (4) the availability of alternative methods to take Mr. Lopez into custody; whether it should have been

1  apparent to Zavala and Quintanilla that Mr. Lopez was emotionally disturbed; (5) the

2  severity of the security problem at issue; and (the relationship between the need for the

3  use of force and the amount of force used."  Ninth Circuit Manual of Model Jury Civil

4  Instructions, No. 9.25 (revised March 2023) (modified). Mr. DeFoe's opinions and

5  testimony at trial, will certainly assist the jurors in understanding the evidence

6  presented to them.

7      Mr. DeFoe's opinions are also reliable. He grounds his opinions in his 28 years of

8  law enforcement experience, including his assignment as a Sergeant II+1 at the Los

9  Angeles Police Department SWAT unit; the California Peace Officer Standards and

10  Training Learning Domains, Los Angeles Police Department Policies; the

11  depositions of the defendant and witness officers; and the documentary and video

12  evidence in this case. These standards, as well as Mr. DeFoe's experience and

13  interpretation of the evidence are all relevant in determining whether the defendant

14  officers acted reasonably in this case. See *M.R. v. City of Azusa*, No.

15  CV131510DMGVBKX, 2014 WL 12839737 at * 8 (C.D. Cal. Oct. 1, 2014)

16  (denying motion to exclude Plaintiffs' police practices expert on relevance grounds

17  on the basis that the expert "grounds his opinions in established police practices

18  standards and given the relevance of those standards in determining whether a

19  reasonable officer would have acted as [the defendant officer] did in this situation").

20  Moreover, Mr. DeFoe's expertise, including explaining the well-established policing

21  standards, will be very helpful for the jury to evaluate the defendant officers' conduct

22  in this case.

23      One of the central questions in this case is whether the defendant officers used

24  excessive force, as determined under the reasonableness standard set forth in *Graham

25  v. Connor*, 490 U.S. 386, 396-397(1989).[1] Defendants' argument that because Mr.

26

---

27  [1] As a point of clarification, Defendants argue in their motion that the jury's sole question in this case is whether the Defendant Officers' conduct was "lawful." (Def. Mot. at 8:21-22). This misstates the standard. The legal standard in civil rights use of force cases is not whether the conduct was "lawful" (the criminal law standard), but rather, whether

28  the conduct was reasonable under the test set forth in *Graham* and its progeny.

DeFoe was not at the scene of the incident, his testimony is irrelevant and speculative is unsupported by the law and would render every police practices expert testimony incorrectly irrelevant. Defendants cite no cases or statutes supporting this theory of relevance. Mr. DeFoe's opinions are based on his review of the record, the body-worn camera footage, California's Peace Officer Standards and Training, and his own experience as a police officer for 28 years.  Mr. DeFoe's testimony absolutely be helpful to the jury in determining the central facts and questions at issue in this case and is reliable under FRE 702 and 703.

### B. Mr. DeFoe's Opinions are Proper Under *Daubert*, and FRE 702, 703.

Defendants take specific issue with several of Mr. DeFoe's opinions on the basis that they are "unsupported by eyewitness testimony and [are] speculative." (Def. Mot. at 9:13-18). Again, Defendants hinge these arguments on the basis that Mr. DeFoe was not present at the scene of the incident. Defendants also fail to provide the Court with any evidence that purportedly contradicts Mr. DeFoe's opinions or the facts supporting his opinions. Additionally, to the extent that Defendants take issue with Mr. DeFoe discussing facts of the case as bases for his opinions, this argument also fails: "Experts may interpret and analyze factual evidence, but may not testify about the law." *S.E.C. v. Capital Consultations, LLC,* 397 F.3d 733; 749 (9th Cir. 2005) (citing *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996). Rule 703 specifically provides that "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." See Fed. R. Evid., 703. Plaintiffs will address each of Defendants' requests for exclusion below.

Opinion Number 1: Defendants seek to exclude Mr. DeFoe's statement in his first opinion that "there was no rush. Mr. Margarito Lopez did not threaten the Police Officers or any civilian in the area. There was no crime in progress and there was no information that he committed a crime prior to the arrival of Sergeant Christopher Burke." There is no basis to exclude this opinion. It is relevant because it specifically

relates to the information the defendant officers had at the time they used lethal force against Margarito Lopez, which is one of the factors the jury will be asked to consider when evaluating the "totality of circumstances" facing the defendant officers at the time of their use of lethal force.  It is reliable because the evidence, including the video, dispatch tapes, investigative reports, and the officers' deposition testimony shows that at the time the officers arrived, Mr. Lopez was sitting on the top of the stairs in front of an apartment building with a knife in his hand. No injuries were reported and the officers had no information that anyone had actually been injured.

Throughout the incident, as is visible in the body worn camera footage, Mr. Lopez was moving slowly, and was over twenty feet away from any officers throughout the incident. There were 5-8 officers on scene, several of whom were armed with less lethal weapons including 40-millimeter bean bag projectiles and tasers. From the defendant officers' arrival to the scene, until the time they shot Mr. Lopez, less than ten minutes elapsed. The foregoing undisputed evidence supports Mr. DeFoe's opinion that there "was no rush." Therefore, his first opinion is not unreliable, has foundation, is not speculative, and should be admissible. Moreover, as stated in his Rule 26 report, Mr. DeFoe's opinions are also based in part on his 28-year career as a law enforcement professional. It is well-within Mr. DeFoe's expertise and not a legal conclusion for Mr. DeFoe to review the facts of this case and determine that there was no crime in progress, especially since there is no crime report in the record.

Defendants also seek to exclude Mr. DeFoe's statement in this opinion that a reasonable officer would have determined that Mr. Lopez was mentally ill or experiencing a mental health crisis and that the defendant officers failed to recognize this. The jury will be asked to consider whether the officers should have been aware that Mr. Lopez was emotionally disturbed. See Ninth Circuit Manual of Model Jury Civil Instructions, Instruction No. 9.25; See also *Glenn v. Washington Cnty.*, 673 F.3d 864, 875 (9th Cir. 2011); and *Deorle v. Rutherford*, 272 F.3d 1272, 1283 (9th Cir.

2001). Defendants' motion therefore asks this Court to exclude evidence of one of the factors that the jury will need to consider in determining whether the force used was excessive. Defendants mischaracterize this as a medical opinion; rather it is that a reasonable officer would have recognized that Mr. Lopez was emotionally disturbed, failed to do so, and failed to respond appropriately, based on their training and the information they had. This opinion is relevant, reliable, within Mr. DeFoe's scope of expertise, and should be admitted.

Opinion Number 2 and 3: Defendants seek to exclude Mr. DeFoe's second and third opinions that a reasonable officer would have given a verbal warning to Mr. Lopez that they were going to use lethal force prior to doing so, that the defendant officers did not give a warning to Mr. Lopez prior to using lethal force against him, and that it would have been feasible to do so. (Exhibit C at 10). As a police practices expert, Mr. DeFoe is permitted to testify that proper police training teaches that police officers shall give a warning that deadly force will be used prior to using deadly force. Mr. DeFoe is also permitted to testify that a reasonable officer in the position of Jose Zavala and Julio Quintanilla would have given Mr. Lopez a warning prior to shooting. This is not an impermissible opinion, and it does not invade the province of the jury. Mr. DeFoe will testify based on the relevant police training. This opinion is not rendered impermissible simply because it is bad for Defendants' case. This opinion should also not be excluded because it comports with relevant law. Two factors to consider in determining whether the force was excessive are the availability of alternative methods to effectuate an arrest or overcome resistance and whether the officer gave a warning that deadly force would be used. *Graham,* 490 U.S. at 396; *Smith v. City of Hemet*, 394 F.3d 689, 701 (2005) (en banc); *Headwaters v. County of Humboldt*, 240 F.3d 1185, 1204 (9th Cir. 2000) ("[P]olice are 'required to consider what other tactics if any were available to effect the arrest.'"). Along these lines, Ninth Circuit Manual of Model Jury Civil Instructions, Instruction No. 9.25, lists

"[t]he availability of alternative methods to take [Mr. Lopez] into custody" as one of the factors bearing on whether the officers' uses of force against Mr. Lopez were excessive. Again, Defendants' motion therefore asks this Court to exclude evidence of one of the factors that the jury will need to consider in determining whether the force used was excessive.

Opinion Number 4: Defendants also seek to exclude Mr. DeFoe's statement in his fourth opinion that "Mr. Margarito Lopez was not advancing towards any Los Angeles Police Department Officers or civilians at the time" when the defendant officers used lethal force against him. Again, this statement is clearly supported by the body worn camera video evidence showing that Mr. Lopez was not advancing towards anyone at the time he was shot, but rather, was only pivoting or turning in place. Mr. DeFoe's opinions are reliable, based off his review of the evidence and materials in this case, and should therefore be admitted.

Defendants also seek to exclude Mr. DeFoe's statement in his fourth opinion that "Mr. Margarito Lopez did not verbally threaten or physically threaten any of the Los Angeles Police Department Officers when the Defendant Officers deployed their weapons." (Ex. C, at 11). Again, the body-worn camera video footage clearly shows that Mr. Lopez was not physically threatening anyone, including the officers. Moreover, the defendant officers testified in their depositions that they did not hear any verbal communication, let alone verbal threats from Mr. Lopez prior to deploying their weapons. Defendants do not explain how this statement is speculative or how it lacks foundation. It is reliable, grounded in the evidence of this case, and Mr. DeFoe should therefore be permitted to testify to this effect.

Opinion Number 6: Finally, Defendants seek to preclude Mr. DeFoe from opining that the defendant officers' use of force caused Mr. Lopez's death. This is undisputed, as the medical examiner, Dr. Brice Hunt, concluded that the cause of Mr. Lopez's death was multiple gunshot wounds, and the manner of death was homicide.

-7-   Case No. 2:22-cv-07534-FLA-MAAx
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE
TESTIMONY OF PLAINTIFFS' EXPERT SCOTT A. DEFOE

The cause and manner of Mr. Lopez's death is not in dispute. It is not improper for Mr. DeFoe to state the obvious and include uncontroverted facts in his own opinions.

### C. Mr. DeFoe Should be Permitted to Opine Regarding the Officers' Compliance With Well-Established Policing Practices and Standards.

Defendants seek to preclude Mr. DeFoe from testifying as to the generally accepted training and standards which inform the conduct of police officers such as the individual Defendants. Plaintiffs oppose this request on the basis that internal policies and training are factors to consider in deciding whether the use of force was excessive or unreasonable. It will assist the jury to have Mr. DeFoe explain the policies and standards under which the defendant officers were trained in its assessment of the officers' use of force. See *Drummond v. City of Anaheim*, 343 F.3d 1052, 1062 (9th Cir. 2003) ("Anaheim's training materials are relevant not only to whether the force employed in this case was objectively unreasonable, but also to whether reasonable officers would have been on notice that the force employed was objectively unreasonable."). Mr. DeFoe's testimony about these policies will help the jury in evaluating the reasonableness of the defendant officers' use of force and evaluate Plaintiffs' state law claims.

Additionally, to the extent that Defendants are concerned that such policies reach a legal conclusion, this is also without merit. By necessity, the officers' training, and the policies and procedures by which they should comply, to some extent include legal principles that encompass the officers' use of force because they are designed in part to minimize a municipality's liability for excessive force. However, "[a] witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (quoting Specht v. Jensen, 853 F.2d 805, 809 (10th

Cir.1988)). An expert witness is not barred from testifying about ultimate issues of fact to be decided by the jury. *Hangarter v. Provident Life & Acc. Ins. Co*., 373 F.3d 998, 1016 (9th Cir. 2004).

Further, Mr. DeFoe's testimony will take the appropriate hypothetical form, e.g., *if* the officers acted in a certain way, then they acted contrary to POST standards. Rule 703 provides:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703. "It is well established that an expert may answer questions based on facts offered in the form of a hypothetical question." *United States v. Yagman*, 2007 WL 4532670, at *11 (C.D.Cal.2007); *see Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir.1996) ("[T]he use of leading, hypothetical questions to elicit expert opinions is entirely appropriate.") (citing Fed. R. Evid. 703*); see also Estate of Carey by Carey v. Hy–Temp Mfg., Inc.*, 929 F.2d 1229, 1235 n. 2 (9th Cir.1991) ("[E]xpert witnesses may be competent to give opinions based upon hypothetical facts even though a foundation that the expert has personal knowledge of those facts has not been laid.") (citing Fed. R. Evid. 703).

For the reasons above, Mr. DeFoe's opinions are relevant to Plaintiff's constitutional and state law claims against the individual deputies and Defendants' motion should be denied. They do not invade the province of the jury because they do not draw legal conclusions.

## D. Defendants' Remedy is On Cross-Examination

Defendants' motion is essentially an outline of cross-examination, focusing on factors that go to the weight and not the admissibility of Mr. DeFoe's opinions. Defendants do not challenge Mr. DeFoe's qualification as a police practices expert, his background, or his methodology. Instead, Defendants challenge the substance of his opinions.  Defendants cannot use the *Daubert* standard to exclude an expert's opinions just because they disagree with the expert or the expert's opinions are unfavorable to their position. See *Feliciano-Hill v. Principi*, 439 F.3d 18, 25 (1st Cir. 2006) ("The mere fact that two experts disagree is not grounds for excluding one's testimony."); *Bonner v. ISP Technologies, Inc.*, 259 F. 3d 924, 930 (8th Cir. 2001) ("Although it is common that medical experts often disagree on diagnosis and causation, questions of conflicting evidence must be left for the jury's determination."); *In re Viagra Products Liability Litigation*, 572 F. Supp. 2d 1071, 1078 (D. Minn. 2008) ("only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded."). Thus, Defendants' "recourse is not exclusion of the testimony, but, rather, refutation of it by cross-examination and by the testimony of [his] own expert witnesses." *Humetrix v. Gemplus*, 268 F.3d 910, 919 (9th Cir. 2001).

## IV.   CONCLUSION

Plaintiffs respectfully request that this Court deny Defendants' motion in limine to exclude Scott DeFoe's testimony in its entirety.

Respectfully submitted,

Dated:  May 17, 2024                    LAW OFFICES OF DALE K. GALIPO
                                        CARRILLO LAW FIRM, LLP

                                        By:____*/s/ Shannon J. Leap* _____
                                             Dale K. Galipo
                                             Renee V. Masongsong / Shannon J. Leap
                                             Michael S. Carrillo / J. Miguel Flores
                                             *Attorneys for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 2:22-cv-07534-FLA-MAAx
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE
TESTIMONY OF PLAINTIFFS' EXPERT sCOTT A. DEFOE