1  Dale K. Galipo (Bar No. 144074)
   dalekgalipo@yahoo.com
2  LAW OFFICES OF DALE K. GALIPO
   21800 Burbank Boulevard, Suite 310
3  Woodland Hills, California 91367
   Telephone:   (818) 347-3333
4  Facsimile:    (818) 347-4118
5

6

7                    **UNITED STATES DISTRICT COURT**
8
                 **CENTRAL DISTRICT COURT OF CALIFORNIA**
9

10 MARGARITO T. LOPEZ individually        **Case No.: 2:22-cv-07534-FLA-MAAx**
   and as successor in interest to Margarito  Hon. Judge Fernando L. Aenlle-Rocha,
11 E. Lopez, Deceased; SONIA TORRES,      Hon. Mag. Maria A. Audero
   KENI LOPEZ, and ROSY LOPEZ,
12 individually,                           **JOINT PROPOSED AGREED JURY
                                          INSTRUCTIONS**
13              Plaintiffs,
                                          FPTC: May 31, 2024
14      vs.                               Trial: July 16, 2024
15 CITY OF LOS ANGELES; JOSE
   ZAVALA; JULIO QUINTANILLA;
16 and DOES 1-10, inclusive,
17              Defendants.
18

19

20

21

22

23

24

25

26

27

28

                                   **1**

**PLEASE TAKE NOTICE** that the Parties hereby submit the Joint Agreed Upon [Proposed] Jury Instructions for the Trial of this matter. The parties reserve their rights to supplement and amend these instructions.

DATED: May 17, 2024

Respectfully submitted,

LAW OFFICES OF DALE K. GALIPO

By: _/s/ Renee V. Masongsong_
Dale K. Galipo, Esq.
Renee V. Masongsong, Esq.
Shannon J. Leap, Esq.
Attorneys for Plaintiffs

Date: May 17, 2024

STONE BUSAILAH, LLP

By: _/s/ Muna Busailah_
MUNA BUSAILAH, Esq.
Attorney for Defendants JOSE ZAVALA, JULIO QUINTANILLA

**INSTRUCTION NO. 1**

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The Plaintiffs will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for the Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.21.

**INSTRUCTION NO. 2**

**DUTY OF JURY**

Members of the jury: you are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.2.

**INSTRUCTION NO. 3**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.6.

### INSTRUCTION NO. 4
### TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

<u>Authority</u>: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.8.

## INSTRUCTION NO. 5

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consist of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I have instructed you to accept as proved.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.9.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 6
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

<u>Authority:</u> Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.10.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.12.

**INSTRUCTION NO. 8**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit may be received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means when you are deciding the case, you must not consider the evidence for any purpose.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.13.

### INSTRUCTION NO. 9
### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.14.

### INSTRUCTION NO. 10
### CONDUCT OF JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter (now X), Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it [,although I have no

**13**

information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2020), 1.15.

PROPOSED AGREED JURY INSTRUCTIONS

**INSTRUCTION NO. 11**

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

**INSTRUCTION NO. 12**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

<u>Authority</u>: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.18.

PROPOSED AGREED JURY INSTRUCTIONS

### INSTRUCTION NO. 13
### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.20.

# INSTRUCTION NO. 14
## EXPERT OPINION

You will hear testimony from Scott DeFoe, Bennet Omalu, John Gardiner, and Cole Young, who will testify to their opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: Manual of Model Jury Instructions for the Ninth Circuit, No. 2.13 (revised March 2023).

**INSTRUCTION NO. 15**

**STIPULATIONS OF FACT**

The Parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved.

1. Officers Quintanilla and Zavala acted under the color of law at the time and the shooting.

2.  Officers Quintanilla and Zavala were acting in the course and scope of their employment with the City of Los Angeles at the time of the shooting.

<u>Authority:</u> Manual of Model Jury Instructions for the Ninth Circuit, No. 2.2 (2017).

**19**

**INSTRUCTION NO. 16**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

Plaintiff Margarito T. Lopez brings some of his claims under the federal statute 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Authority: Manual of Model Jury Instructions for the Ninth Circuit No. 9.1 (revised Dec. 2022).

**INSTRUCTION NO. 17**
**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL
CAPACITY – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his § 1983 claim against Jose Zavala and/or Julio Quintanilla, Plaintiff Margarito T. Lopez must prove each of the following elements by a preponderance of the evidence:

1.  Jose Zavala and Julio Quintanilla acted under color of state law; and

2. The acts of Jose Zavala and/or Julio Quintanilla deprived Margarito Lopez, the decedent, of his rights and/or deprived Plaintiff Margarito T. Lopez of his rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties have stipulated that Jose Zavala and Julio Quintanilla were acting under color of state law.

The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find that Plaintiffs have proved each of these elements against Jose Zavala and/or Julio Quintanilla, and if you find that Plaintiffs have proved all the elements they are required to prove under Instructions ____, your verdict should be for Plaintiffs on that claim.  If, on the other hand, you find that Plaintiffs have failed to prove any one or more of these elements, your verdict should be for Jose Zavala and/or Julio Quintanilla on that claim.

Authority: Manual of Model Jury Instructions for the Ninth Circuit No. 9.3 (revised Dec. 2022).

## INSTRUCTION NO. 18

### BASIC STANDARD OF CARE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Margarito Lopez's situation.  You must decide how a reasonably careful police officer would have acted in Jose Zavala's and Julio Quintanilla's situation.

<u>Authority</u>: CACI 401 (2023 edition).

**INSTRUCTION NO. 19**

**CAUSATION – SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

<u>Source</u>: CACI 430 (2023 edition).

**INSTRUCTION NO. 20**

**DUTY OF JURY**

**(COURT READS AND PROVIDES WRITTEN SET OF INSTRUCTIONS)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.4.

## INSTRUCTION NO. 21
## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.1

PROPOSED AGREED JURY INSTRUCTIONS

### INSTRUCTION NO. 22

### CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence

that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions (2020), 3.2.

**INSTRUCTION NO. 23**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote county or otherwise, until after you have reached a unanimous verdict or have been discharged.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.3.

**INSTRUCTION NO. 24**

**READBACK OR PLAYBACK**

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony.  [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.]  [Because of the length of the testimony of this witness, excerpts will be [read] [played].]  The [readback] [playback] could contain errors.  The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.  Your recollection and understanding of the testimony controls.  Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.4

**INSTRUCTION NO. 25**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions (2017), 3.5.