1
2
3
4
5

Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

6
7

## UNITED STATES DISTRICT COURT

8
9

## CENTRAL DISTRICT COURT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| MARGARITO T. LOPEZ individually and as successor in interest to Margarito E. Lopez, Deceased; SONIA TORRES, KENI LOPEZ, and ROSY LOPEZ, individually,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CITY OF LOS ANGELES; JOSE ZAVALA; JULIO QUINTANILLA; and DOES 1-10, inclusive,<br><br>        Defendants. | **Case No.: 2:22-cv-07534-FLA-MAAx**<br>Hon. Judge Fernando L. Aenlle-Rocha,<br>Hon. Mag. Maria A. Audero<br><br>**JOINT PROPOSED DISPUTED JURY INSTRUCTIONS**<br><br>FPTC: May 31, 2024<br>Trial: July 16, 2024 |

**1**

**PLEASE TAKE NOTICE** that the Parties hereby submit the Joint Disputed Upon [Proposed] Jury Instructions for the Trial of this matter. The parties reserve their rights to supplement and amend these instructions.

DATED:  May 17, 2024

Respectfully submitted,

LAW OFFICES OF DALE K. GALIPO

By:    /s/ Dale K. Galipo
Dale K. Galipo, Esq.
Renee V. Masongsong, Esq.
Shannon J. Leap, Esq.
Attorneys for Plaintiffs

**INSTRUCTION 26**

**CLAIMS AND DEFENSES—PLAINTIFFS' VERSION**

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

This case arises out of the fatal officer-involved shooting of Margarito Lopez that took place in the City of Los Angeles on December 18, 2021.

The Plaintiffs are Margarito T. Lopez, who is the father of Margarito E. Lopez, the decedent, and Sonia Torres, Keni Lopez, and Rosy Lopez, who are the siblings of the decedent. Plaintiffs claim that Jose Zavala and Julio Quintanilla used excessive and unreasonable force against Margarito Lopez and were negligent when they shot him. Plaintiffs seek damages as permitted by law.

The defendants are Jose Zavala, Julio Quintanilla, and the City of Los Angeles. The defendants deny Plaintiffs' claims and contend that the use of force against decedent Margarito Lopez was reasonable under the totality of the circumstances.

Source: Ninth Circuit Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.5

**CLAIMS AND DEFENSES—DEFENDANTS' VERSION**

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

This case involves the shooting of Margarito Edvin Lopez by City of Los Angeles Police Department Officers Jose Zavala and Julio Quintanilla.   The Plaintiffs are Margarito Edvin Lopez, who is deceased, Margarito T. Lopez, who is the father of the decedent, and Sonia Torres, Keni Lopez, and Rosy Lopez, who are the siblings of the decedent. The defendants are Jose Zavala and Julio Quintanilla.  Plaintiffs claim that Jose Zavala and Julio Quintanilla used excessive and unreasonable force against the decedent when they used force against Margarito Edvin Lopez. Plaintiffs seek damages as permitted by law.

The Defendants deny Plaintiffs' claims and contend the use of deadly force was reasonable and lawful under the totality of the circumstances.

Source: Ninth Circuit Manual of Model Jury Instructions for the Ninth Circuit (2017), 1.5

## STATEMENT OF DISPUTES RE "CLAIMS AND DEFENSES"

**Plaintiffs**

Plaintiffs contend that use of the word "lawful" (as proposed by Defendants) is inappropriate and contrary to the standards surrounding Plaintiffs' claims. Plaintiffs must prove that the shooting was unreasonable or excessive—not that the shooting was "unlawful." The word "unlawful" implies a criminal standard that does not apply to this case. There is a true concern that jurors will hear the word "lawful," which confuses the standards, and believe that they cannot render a verdict in Plaintiffs' favor unless the officers are criminally liable for the shooting.

Additionally, Plaintiffs contend that "Claims and Defenses" should include reference to Plaintiffs' negligence claim.

Plaintiffs' version of "Claims and Defenses" includes reference to the City of Los Angeles as a defendant. The City of Los Angeles vicariously liable for the conduct of Jose Zavala and Julio Quintanilla. Cal. Gov. Code Section 815.2(a). The jury should be advised that the City of Los Angeles is a defendant so they are not misled into thinking that the individual defendant officers would be personally responsible for paying a judgment against them.

Plaintiffs submit that their statement of the case is accurate and concise.

**Defendants:**

The jury is not likely to understand that "reasonable" in this circumstance means "lawful." The inclusion of the word "lawful" is therefore required. Indeed, if the force used was reasonable, then it flows that the force was lawful; Plaintiffs' argument to the contrary is based on a fundamental misunderstanding of the standards applicable to the case.

The case centers around the officers' use of force, and Plaintiffs' inclusion of the term 'negligence' would be confusing to the jury in this instance. Further, Plaintiffs' statement "when they shot him" is inflammatory and prejudicial on its face and as used within the context, as it fails to include the events leading up to the force.

**5**

There is a fair and reasonable likelihood that the jury will prejudge the case from the exact instance when they hear this statement.

There is no need for reference to the City of Los Angeles, as its liability is vicarious only in this instance.  To the contrary of Plaintiffs' position, the jury will be misled if reference to the City is permitted, as there is no legal and factual basis for holding the City liable independent of the Defendant-Officers.  Further, it is not the jury's purview to consider who will be paying the judgment in this matter, as further explained in the Defendant-Officers' motion in limine to exclude reference to source of payment.  Dkt. #58.

**INSTRUCTION 27**

**FOURTH AMENDMENT— UNREASONABLE SEIZURE OF PERSON—
EXCESSIVE FORCE—PLAINTIFFS' VERSION**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself and/or others.  Therefore, to establish an unreasonable seizure by excessive force in this case, the Plaintiffs must prove by a preponderance of the evidence that Jose Zavala and/or Julio Quintanilla used excessive or unreasonable force against the decedent, Margarito Lopez.

Under the Fourth Amendment, an officer may only use such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer/officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to Jose Zavala and/or Julio Quintanilla are relevant to your inquiry, Jose Zavala and/or Julio Quintanilla's subjective intents or motives are not relevant to your inquiry.

In determining whether Jose Zavala and/or Julio Quintanilla used excessive force in this case, consider all of the circumstances known to Jose Zavala and/or Julio Quintanilla, including:

1. The nature of the circumstances to which Jose Zavala and/or Julio Quintanilla were responding;

2. Whether Margarito Lopez posed an immediate threat of death or serious bodily injury to Jose Zavala and/or Julio Quintanilla or others;

3. Whether Margarito Lopez was actively resisting arrest or attempting to evade arrest by flight;

PROPOSED DISPUTED JURY INSTRUCTIONS

4. The amount of time Jose Zavala and/or Julio Quintanilla had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. The relationship between the need for the use of force and the amount of force used;

6. The extent of Margarito Lopez's injury;

7. Any effort made by the officer to temper or to limit the amount of force;

8. The severity of the security problem at issue;

9. The availability of alternative methods to take Margarito Lopez into custody;

10. The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

11. Whether it was practical for Jose Zavala and/or Julio Quintanilla to give warning of the imminent use of force, and whether such warning was given;

12. Whether Jose Zavala and/or Julio Quintanilla were responding to a domestic violence disturbance;

13. Whether it should have been apparent to Jose Zavala and/or Julio Quintanilla that Margarito Lopez was emotionally disturbed;

14. Whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

15. Whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a

fair probability that Margarito Lopez has committed or was committing a crime.

Authority:  Ninth Circuit Manual of Model Jury Civil Instructions, No. 9.25 (revised March 2023) (modified).

**FOURTH AMENDMENT— UNREASONABLE SEIZURE OF PERSON—
EXCESSIVE FORCE—DEFENDANTS' VERSION**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself and/or others.  Therefore, to establish an unreasonable seizure by excessive force in this case, the Plaintiffs must prove by a preponderance of the evidence that Jose Zavala and/or Julio Quintanilla used excessive force against the decedent, Margarito Edvin Lopez.

Under the Fourth Amendment, an officer may only use such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer/officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to Jose Zavala and Julio Quintanilla are relevant to your inquiry, Jose Zavala and Julio Quintanilla's subjective intents or motives are not relevant to your inquiry.

In determining whether Jose Zavala and Julio Quintanilla used excessive force in this case, consider all of the circumstances known to Jose Zavala and Julio Quintanilla, including:

1.   The nature of the circumstances to which Jose Zavala and Julio Quintanilla were responding;

2.   Whether Margarito Edvin Lopez posed an immediate threat to the safety of Jose Zavala and Julio Quintanilla or to others;

3.   Whether Margarito Edvin Lopez was actively resisting arrest or attempting to evade arrest by flight;

4.   The amount of time Jose Zavala and Julio Quintanilla had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

**10**

PROPOSED DISPUTED JURY INSTRUCTIONS

5.     The type and amount of force used;

6.      Any effort made by the officer to temper or to limit the amount of force;

7.     The availability of alternative methods to take the decedent into custody;

8.     The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

9.     Whether it was practical for Jose Zavala and Julio Quintanilla to give warning of the imminent use of force, and whether such warning was given;

10.    Whether it should have been apparent to Jose Zavala and Julio Quintanilla that the decedent was emotionally disturbed;

11.    Whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

12.    Whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the decedent has committed or was committing a crime.

Source:  Ninth Circuit Manual of Model Jury Civil Instructions No. 9.25 (modified).

PROPOSED DISPUTED JURY INSTRUCTIONS

### STATEMENT OF DISPUTE RE "EXCESSIVE FORCE"

**<u>Plaintiffs</u>**:

The parties' two versions of the jury instruction on "Excessive Force" primarily differ with respect to the standard asserted in No. 2 of the list of circumstances to consider in determining whether the defendant officers used excessive force. This case involves the use of deadly force. Where the use of deadly force is considered, the appropriate standard is whether the decedent posed an immediate threat of death or serious bodily injury to any person at the time of the shooting. Plaintiffs have made this key modification to the model instruction in Plaintiffs' proposed version of this instruction. Defendants' version proposes the language "threat to safety," which does not apply to this case, where deadly force was used. *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Additionally, Plaintiffs' version more closely tracks the current version of this model instruction (2023) update, by including the factors articulated in that updated instruction.

### **<u>Defendants</u>:**

The crux of the reasonableness of the officers' use of force is whether the Decedent posed an immediate threat to the safety of himself, them, and others. Plaintiffs' argument to the contrary is wholly without merit. Further, the portion of the Defendants' instruction is taken fully from the Model Instruction. To the extent Plaintiffs' version includes additional factors, Defendants submit that those factors are not applicable to the case.

**INSTRUCTION 28**

**FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS – INTERFERENCE WITH PARENT/CHILD RELATIONSHIP—PLAINTIFFS' VERSION**

Plaintiffs claim that Jose Zavala and/or Julio Quintanilla deprived them of their rights under the Fourteenth Amendment to be free from unlawful state interference with their familial relationship with Margarito E. Lopez.

In order to prove that Jose Zavala and/or Julio Quintanilla deprived Plaintiffs of their Fourteenth Amendment right to be free from unreasonable state interference with their relationship with the decedent, Plaintiffs must prove that Jose Zavala and/or Julio Quintanilla acted with deliberate indifference when they shot Margarito Lopez. Deliberate indifference is reflected by a conscious disregard of a risk to the Margarito Lopez's health or safety.  However, if you find that it was impracticable for Jose Zavala and/or Julio Quintanilla to deliberate before they shot Margarito Lopez, then Plaintiffs must instead prove that Jose Zavala and/or Julio Quintanilla acted with a purpose to harm Margarito Lopez that was unrelated to a legitimate law enforcement objective.

Source: Ninth Circuit Manual of Model Jury Civil Instructions, No. 9.32; *Wilkinson v. Torres*, 601 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborne*, 546 F.3d 1131, 1136-1137 (9th Cir. 2008); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 372-72 (9th Cir. 1998).

**13**

## PARTICULAR RIGHTS—FOURTEENTH AMENDMENT—SUBSTANTIVE DUE PROCESS—INTERFERENCE WITH PARENT/CHILD RELATIONSHIP—DEFENDANTS' VERSION

Plaintiff Margarito T. Lopez claims that Jose Zavala and Julio Quintanilla deprived him of his rights under the Fourteenth Amendment to be free from unlawful state inference with his familial relationship with Margarito Edvin Lopez.

In order for Margarito T. Lopez to prove his claim under the Fourteenth Amendment that Jose Zavala and Julio Quintanilla deprived them of a familial relationship with Margarito Edvin Lopez, Plaintiff Margarito T. Lopez must prove the following:

1. Plaintiff Margarito T. Lopez had a parental relationship with Margarito Edvin Lopez, shown either by daily association with Margarito Edvin Lopez, or consistent contact with Margarito Edvin Lopez, that demonstrates an enduring parent-child relationship and emotional attachments between them;

2. Jose Zavala and Julio Quintanilla used excessive force against Margarito Edvin Lopez; and

3. In using the excessive force, Jose Zavala and Julio Quintanilla acted in a manner that "shocks the conscience" by acting with a purpose to harm Margarito Edvin Lopez, that was unrelated to legitimate law enforcement objectives; and

4. The unlawful acts of Jose Zavala and Julio Quintanilla were the cause of the deprivation of Margarito Edvin Lopez's and Margarito T. Lopez's right to a familial association protected by the Constitution or laws of the United States.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions 9.1, 9.2 and 9.32; *Wilkinson v. Torres,* 601 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborne,* 546 F.3d 1131, 1136-37 (9th Cir. 2008); *Moreland v. Las Vegas Metro. Police Dep't,* 159 F.3d 365, 372-72 (9th Cir. 1998); *Wheeler v. City of Santa Clara,* 894 F.3d 1046 (9th Cir.

**14**

2018).

15

**STATEMENT OF DISPUTE RE "FOURTEENTH AMENDMENT"**

**Plaintiffs**:

Plaintiffs' version of this instruction allows the jury to decide which standard applies to the facts of this case— "deliberate indifference" or "purpose to harm"— whereas Defendants' version of this instruction assumes that the "purpose to harm" standard applies.  As seen in the videos, and on Plaintiffs' facts, the officers had time to deliberate before shooting Margarito E. Lopez.  If the officer is found to have had time to consider the potential consequences of their conduct, then an officer's "deliberate indifference" may suffice to shock the conscience and make the officer liable for Fourteenth Amendment violations. *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 372 (9th Cir. 1998).  By contrast, if the officer is found to have had no time to deliberate the use of force and is forced to act quickly to protect lives, the officer is held to a purpose-to-harm standard in order to be liable for constitutional violations. *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010) (citing *Porter v. Osborne*, 546 F.3d 1131, 1136-1137 (9th Cir. 2008)).

Additionally, Plaintiffs object to inclusion of the language regarding Margarito T. Lopez's "daily association" with Margarito E. Lopez, "enduring relationship," "emotional attachments," or words to that effect, as such specifications regarding their relationship is not an element of this claim.

**Defendants:**

Defendants submit the that purpose-to-harm standard is the appropriate threshold by which to adjudicate their actions.  The appropriate timeframe to consider is the point at which Decedent began approaching Defendants and other officers.  The Defendants had no time to deliberate once that occurred; therefore, the purpose-to-harm standard is required.  Further, as outlined in the comment to this jury instruction, caselaw holds clearly that:

The mere existence of a biological link between parent and child is not a sufficient basis to support a Fourteenth Amendment claim for loss of familial relationship rights. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1058 (9th Cir. 2018).  In order to bring a Fourteenth Amendment due process claim, the parent and child must have relationships "which reflect some assumption 'of parental responsibility.'" *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 789 (9th Cir. 2016) (en banc) ("It is when an unwed father demonstrates a full commitment to the responsibilities of parenthood by coming forward to participate in the rearing of his child that his interest in personal contact with his child acquires substantial protection under the due process clause.") (internal quotation marks and brackets omitted).  Parents can bring a Fourteenth Amendment due process claim only if they demonstrate "consistent involvement in a child's life and participation in child-rearing activities." *Wheeler*, 894 F.3d at 1058. Children must make the same showing. *See id.* (holding relationship between child adopted as infant and biological mother insufficient for child to bring Fourteenth Amendment loss of companionship claim).

Ninth Circuit Manual of Model Civil Jury Instructions 9.32.

**INSTRUCTION 29**

**BATTERY BY PEACE OFFICER—PLAINTIFFS' VERSION**

Plaintiffs claim that Jose Zavala and/or Julio Quintanilla unnecessarily used deadly force against Margarito Lopez. To establish this claim, Plaintiffs must prove all of the following:

1.     Jose Zavala and/or Julio Quintanilla intentionally shot Margarito Lopez;

2.     Jose Zavala and/or Julio Quintanilla used deadly force against Margarito Lopez;

3.     Jose Zavala and/or Julio Quintanilla's use of deadly force was not necessary to defend human life;

4.     Margarito Lopez was injured and/or killed; and

5.     That the shooting by Jose Zavala and/or Julio Quintanilla was a substantial factor in causing Margarito Lopez's injury and/or death.

Jose Zavala and Julio Quintanilla's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Jose Zavala and/or Julio Quintanilla at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Jose Zavala and/or Julio Quintanilla or to another person.

A peace officer must not use deadly force against persons based only on the danger those persons pose to themselves, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe

**18**

that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Jose Zavala and Julio Quintanilla and Margarito Lopez leading up to the use of deadly force.  In determining whether Jose Zavala and/or Julio Quintanilla's use of deadly force was necessary in defense of human life, you must consider Jose Zavala and/or Julio Quintanilla's tactical conduct and decisions before using deadly force on Margarito Lopez and whether Jose Zavala and/or Julio Quintanilla used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so. You must also consider whether Jose Zavala and/or Julio Quintanilla knew or had reason to know that Margarito Lopez was suffering from a physical, mental health, developmental, or intellectual disability that may have affected the person's ability to understand or comply with commands from the officers.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

Authority: CACI 1305B (2023 edition).

## BATTERY BY PEACE OFFICER—DEFENDANTS' VERSION

Plaintiff claims that Jose Zavala and Julio Quintanilla unnecessarily used deadly force against Margarito Edvin Lopez. To establish this claim, Plaintiff must prove all of the following:

5.  Jose Zavala and/or Julio Quintanilla intentionally caused Margarito Edvin Lopez to be touched;

6.  Jose Zavala and/or Julio Quintanilla used deadly force against Margarito Edvin Lopez;

7.  Jose Zavala and/or Julio Quintanilla's use of deadly force was not necessary to defend human life;

8.  Margarito Edvin Lopez was killed; and

9.  The use of deadly force by Jose Zavala and/or Julio Quintanilla was a substantial factor in causing Margarito Edvin Lopez's death.

Jose Zavala and/or Julio Quintanilla's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Jose Zavala and/or Julio Quintanilla at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Jose Zavala and/or Julio Quintanilla or to another person.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter

how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Jose Zavala, Julio Quintanilla, and Margarito Edvin Lopez leading up to the use of deadly force.  In determining whether Jose Zavala and/or Julio Quintanilla's use of deadly force was necessary in defense of human life, you must consider Jose Zavala and/or Julio Quintanilla's tactical conduct and decisions before using deadly force on Margarito Edvin Lopez and whether Jose Zavala and/or Julio Quintanilla used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so. You must also consider whether Jose Zavala and/or Julio Quintanilla knew or had reason to know that Margarito Edvin Lopez was suffering from a physical, mental health, developmental, or intellectual disability that may have affected the person's ability to understand or comply with commands from the officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

Authority:  CACI No. 1305B

PROPOSED DISPUTED JURY INSTRUCTIONS

## STATEMENT OF DISPUTE RE: "BATTERY"

**Plaintiffs:**

Plaintiffs have modified this instruction from "intentionally caused [the decedent] to be touched" to "intentionally shot [the decedent]" to apply to the facts of this case.  This is not "inflammatory" as Defendants contend—it is what happened in this case.  "Caused [the decedent] to be touched" is confusing.  Additionally, Plaintiffs' version of 1305B includes relevant paragraphs from the current version of 1305B that Defendants omit.

**Defendants:**

Plaintiffs' battery instruction is inflammatory and prejudicial based upon the statement that the defendants "intentionally caused [decedent] to be shot"; the defense's proposal tracks the language of the model instruction.  Even if "it is what happened in this case[,]" the manner in which Plaintiffs propose to describe the event does not render the language *not* inflammatory or prejudicial.  Further, since this deals with a battery resulting in death, the only stated injury should be death—not any other injury.

**INSTRUCTION 30**

**NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER—**

**ESSENTIAL FACTUAL ELEMENTS—PLAINTIFFS' VERSION**

A peace officer may use deadly force only when necessary in immediate defense of human life.  Plaintiffs claim that Jose Zavala and/or Julio Quintanilla were negligent in using deadly force against Margarito Lopez. To establish this claim, Plaintiff must prove all of the following:

1.  That Jose Zavala and/or Julio Quintanilla were peace officers;

2.  That Jose Zavala and/or Julio Quintanilla used deadly force against Margarito Lopez;

3.  That Jose Zavala and/or Julio Quintanilla's uses of deadly force were not necessary to defend human life;

4.  Margarito Lopez was injured and/or killed; and

5.  That Jose Zavala and/or Julio Quintanilla's shooting of Margarito Lopez was substantial factor in causing Margarito Lopez's injury and/or death.

The use of deadly force by Jose Zavala and/or Julio Quintanilla was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Jose Zavala and/or Julio Quintanilla at the time of the shooting, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Jose Zavala and/or Julio Quintanilla or any other person.

A peace officer must not use deadly force against persons based only on the danger those persons pose to themselves, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a

**23**

person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by Jose Zavala and/or Julio Quintanilla at the time of the shooting, including the conduct of Jose Zavala and/or Julio Quintanilla and Margarito Lopez leading up to the use of deadly force. In determining whether Jose Zavala and/or Julio Quintanilla's use of deadly force was necessary in defense of human life, you must consider Jose Zavala and Julio Quintanilla's tactical conduct and decisions before using deadly force against Margarito Lopez and whether Jose Zavala and Julio Quintanilla used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest.

Authority: CACI 441 (2023 edition).

**NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER—**

**ESSENTIAL FACTUAL ELEMENTS---DEFENDANTS' VERSION**

A peace officer may use deadly force only when necessary in defense of human life.  Plaintiff Margarito Edvin Lopez claims that Jose Zavala and Julio Quintanilla were negligent in using deadly force against the decedent. To establish this claim, Plaintiff must prove all of the following:

A peace officer may use deadly force only when necessary in defense of human life. Plaintiffs claims that Jose Zavala and Julio Quintanilla were negligent in using deadly force to arrest/detain, prevent escape of, overcome resistance to Plaintiff. To establish this claim, Plaintiff must prove all of the following:

1. That Jose Zavala and Julio Quintanilla were peace officers;

2. That Jose Zavala and Julio Quintanilla used deadly force against the decedent;

3. That Jose Zavala and Julio Quintanilla's uses of deadly force were not necessary to defend human life;

4. That the decedent was killed; and

5. That Jose Zavala and Julio Quintanilla's use of deadly force was a substantial factor in causing the decedent's death.

Jose Zavala and Julio Quintanilla's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Jose Zavala and Julio Quintanilla at the time that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to themselves and/or another person.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter

how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by Jose Zavala and Julio Quintanilla at the time of the shooting, including the conduct of the Officers and the decedent leading up to the use of deadly force. In determining whether Jose Zavala and Julio Quintanilla's use of deadly force was necessary in defense of human life, you must consider Jose Zavala and Julio Quintanilla's tactical conduct and decisions before using deadly force against the decedent and whether police officers used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to arrest/detain, prevent escape or overcome resistance.

<u>Source</u>: CACI 441 (2020 update).

## STATEMENT OF DISPUTE RE: "NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER"

**Plaintiffs:**

Plaintiffs' version of 441 includes the language "injured and/or killed" as opposed to only "killed." California Code of Civil Procedure Section 377.34 was amended in October 2021 by AB 447, which allows the recovery of damages for pain, suffering, or disfigurement in survival actions.  CACI 441 indicates that this instruction can be used in cases where deadly force caused injury or harm to the person, and is not limited to recovery for death only.

Plaintiffs' version of 441 includes relevant paragraphs from the current version of 1305B that Defendants omit.

**Defendants:**

Since this deals with negligence use of *deadly* force resulting in *death*, the only stated injury should be death—not any other injury.  Plaintiffs' contrary argument deals with the measure of damages, not the essential elements to state a claim of negligence.

**INSTRUCTION 31**

**NEGLIGENCE—RECOVERY OF DAMAGES FOR EMOTIONAL DISTRESS—NO PHYSICAL INJURY—BYSTANDER—ESSENTIAL FACTUAL ELEMENTS—DEFENDANTS' VERSION**

Plaintiffs Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez each claim that they suffered serious emotional distress as a result of perceiving the death of Margarito E. Lopez.  To establish this claim, Plaintiffs Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez each must prove all of the following:

1. That Jose Zavala and Julio Quintanilla negligently caused the death of Margarito E. Lopez;

2. That when the force that caused the death of Margarito E. Lopez occurred, Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez were each present at the scene;

3. That Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez were each then aware that the force was causing the death of Margarito E. Lopez;

4. That Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez each suffered serious emotional distress; and

5. That Jose Zavala and Julio Quintanilla's conduct was a substantial factor in causing serious emotional distress to each Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez.

Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez need not have been then aware that Jose Zavala and Julio Quintanilla had caused the force.

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

Serious emotional distress exists if an ordinary, reasonable person would be unable to cope with it.

<u>Source</u>: CACI 1621.

**28**

**NEGLIGENCE—RECOVERY OF DAMAGES FOR EMOTIONAL DISTRESS—NO PHYSICAL INJURY—BYSTANDER—ESSENTIAL FACTUAL ELEMENTS—PLAINTIFFS' VERSION**

Plaintiffs Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez each claim that they suffered serious emotional distress as a result of perceiving the injury and/or death of Margarito E. Lopez.  To establish this claim, Plaintiffs must prove all of the following:

1. That Jose Zavala and Julio Quintanilla negligently shot Margarito E. Lopez;
2. That when the shooting occurred, Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez were each present at the scene;
3. That Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez were then aware that the shooting was causing injury and/or death to Margarito E. Lopez;
4. That Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez suffered serious emotional distress; and
5. That the shooting by Jose Zavala and Julio Quintanilla was a substantial factor in causing serious emotional distress to Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez.

Margarito T. Lopez, Sonia Torres, Keni Lopez, and Rosy Lopez need not have been then aware that Jose Zavala and Julio Quintanilla had fired the shots.

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

Serious emotional distress exists if an ordinary, reasonable person would be unable to cope with it.

<u>Source</u>: CACI 1621.

## STATEMENT OF DISPUTE RE: "RECOVERY OF DAMAGES FOR EMOTIONAL DISTRESS—NO PHYSICAL INJURY—BYSTANDER— ESSENTIAL FACTUAL ELEMENTS"

**Defendants:**

Defendants believe that their version of this instruction is appropriate, as it tracks the language of the model instruction. Plaintiffs have added language that make the instruction ambiguous as to what injury that are actually alleging occurred other than death. Further, and notwithstanding the point, Plaintiffs' argument as to "injury and/or death" deals with the measure of damages, not the essential elements to state a claim.

**Plaintiffs:**

Plaintiffs contend that this instruction should read "injury and/or death" as opposed to only "death." California Code of Civil Procedure Section 377.34 was amended in October 2021 by AB 447, which allows the recovery of damages for pain, suffering, or disfigurement in survival actions. Plaintiffs also believe that their instruction more clearly conveys the facts of this case by referring to the shooting rather than "force."

# INSTRUCTION 32
## CAUSATION: MULTIPLE CAUSES—PROPOSED BY PLAINTIFFS

A person's conduct may combine with another factor to cause harm.  If you find that the conduct of Jose Zavala and/or Julio Quintanilla was a substantial factor in causing harm and/or death to Margarito Lopez, then Jose Zavala and/or Julio Quintanilla are responsible for the harm and/or death.  Jose Zavala and/or Julio Quintanilla cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Margarito Lopez's harm and/or death.

<u>Source</u>: CACI 431 (2023 edition).

**<u>Defendants' Position:</u>**

It is not clear how this instruction applies to the facts of this case.  Because Defendants believe it is inapplicable, providing the instruction would be improper.  Further, if this instruction is provided, the harm/injury should be limited to "death," as that is the injury that occurred here. Plaintiffs' contrary argument deals with the measure of damages, which is not applicable to this instruction.

# INSTRUCTION 33

## ALTERNATIVE CAUSATION—PROPOSED BY PLAINTIFFS

You may decide that more than one of the defendants was negligent, but that the negligence of only one of them could have actually caused Margarito Lopez's harm and/or death.  If you cannot decide which defendant caused Margarito Lopez's harm and/or death, you must decide that each defendant is responsible for the harm and/or death.

However, if defendants prove that they did not cause Margarito Lopez's harm and/or death, then you must conclude that defendants are not responsible.

Source:  CACI 434 (2023 edition).

**STATEMENT OF DISPUTE RE: "ALTERNATIVE CAUSATION"**

**<u>Defendants:</u>**

Defendants assert that this instruction, if given at all, should read "death" as opposed to "harm" or "harm and/or death" in accordance with CACI 441. Plaintiffs' argument regarding California Code of Civil Procedure Section 377.34 deals with the measure of damages, which is not applicable to this instruction.

**<u>Plaintiffs:</u>**

California Code of Civil Procedure Section 377.34 was amended in October 2021 by AB 447, which allows the recovery of damages for pain, suffering, or disfigurement in survival actions.  CACI 434 includes the word "harm," and Plaintiffs believe they have appropriately modified this instruction to fit the facts of the case.

# INSTRUCTION 34
## APPORTIONMENT

If you find that the negligence of more than one person, including Jose Zavala, Julio Quintanilla, and/or Margarito E. Lopez, was a substantial factor in causing Margarito E. Lopez's injury and/or death, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.

Authority: CACI 406 (2023 edition).

## STATEMENT OF DISPUTE RE: "APPORTIONMENT"

**Defendants:**

Defendants assert that this instruction should read "death" as opposed to "harm" or "harm and/or death" in accordance with CACI 441.  Plaintiffs' argument regarding California Code of Civil Procedure Section 377.34   deals with the measure of damages, which is not applicable to this instruction

**Plaintiffs:**

California Code of Civil Procedure Section 377.34 was amended in October 2021 by AB 447, which allows the recovery of damages for pain, suffering, or disfigurement in survival actions.

# INSTRUCTION 35

## COMPARATIVE FAULT—DEFENDANTS' VERSION

The defendants assert that Margarito Lopez's own negligence contributed to his death.

To succeed on this defense, the defendants must prove both of the following:

1. That Margarito Lopez was negligent; and

2. That Margarito Lopez's negligence was a substantial factor in causing his death.

A person can be negligent by acting or by failing to act. A person is negligent if he does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation. A person being arrested or detained has a duty not to resist an officer unless the officer is using unreasonable force.

You must decide how a reasonably careful person would have acted in Margarito Lopez's situation.


**Authority:**  CACI 400, 401 and 407 (2023 edition).

## COMPARATIVE FAULT—PLAINTIFFS' VERSION

The defendants assert that Margarito Lopez's own negligence contributed to his injury and/or death.

To succeed on this defense, the defendants must prove both of the following:

1. That Margarito Lopez was negligent; and

2. That Margarito Lopez's negligence was a substantial factor in causing his injury and/or death.

A person can be negligent by acting or by failing to act. A person is negligent if he does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

**Authority:**  CACI 400, 401 and 407 (2023 edition).

## STATEMENT OF DISPUTE RE: "COMPARATIVE FAULT"

**Defendants:**

Defendants assert that this instruction should read "death" as opposed to "harm" or "harm and/or death" in accordance with CACI 441. Plaintiffs' argument regarding California Code of Civil Procedure Section 377.34 deals with the measure of damages, which is not applicable to this instruction.  Further, that the instruction is included in other instructions is not a valid reason to remove the sentence Plaintiffs have identified, as it still remains relevant to the instant instruction and must be assessed with this context.

**Plaintiffs:**

California Code of Civil Procedure Section 377.34 was amended in October 2021 by AB 447, which allows the recovery of damages for pain, suffering, or disfigurement in survival actions.  Additionally, Plaintiffs dispute whether the sentence, "A person being arrested or detained has a duty not to resist an officer unless the officer is using unreasonable force" should be included in this instruction, as it is duplicative of other instructions.  The Parties have also agreed on an instruction on "Basic Standard of Care" that refers to both a reasonably careful person and reasonably careful police officer.

**INSTRUCTION 37**

**INTENT RE BATTERY AND NEGLIGENCE—PROPOSED BY DEFENDANTS**

This instruction only applies to plaintiff's state law wrongful death claims based on battery and negligence.

Jose Zavala and Julio Quintanilla acted intentionally if they intended to use unreasonable force against Margarito Edvin Lopez.

**Authority:**  CACI 1320

## STATEMENT OF DISPUTE RE: "INTENT RE BATTERY AND NEGLIGENCE"

**<u>Plaintiffs</u>:**

Plaintiffs object to CACI 1320 being given at all in this case because it is undisputed that the two officers intended to shoot Margarito E. Lopez, and any "intent" element on the battery and Bane Act claims is included in the substantive instructions on those claims. Plaintiffs further object to Defendants' inaccurate modification of this instruction, which is an attempt to confuse the jury by conflating the Bane Act standard with the standards on battery and negligence. There is absolutely no legal authority to argue that Plaintiffs must prove that the defendant officers intended to use unreasonable force against the decedent in order to succeed on their battery and negligence claims. That is the standard for Bane Act, which can be satisfied by showing that the officers demonstrated a reckless disregard for the decedent's constitutional right to be free from excessive force. The "intent" element with respect to battery is only that the tortfeasor intentionally touched the decedent, which in this case means that the officers intended to discharge their weapons. Negligence is not an intentional tort, and it would be a clear reversible error to give Defendants' proposed version of CACI 1320.

**<u>Defendants</u>:**

"Intent" is an element of plaintiffs' state law claim. Thus, this instruction is appropriate and should be given.

## INSTRUCTION 37
## BANE ACT—PLAINTIFFS' VERSION

Plaintiffs claim that Jose Zavala and Julio Quintanilla intentionally interfered with Margarito Lopez's constitutional right to be free from excessive force under state law by using excessive force against him.

To establish this claim, Plaintiffs must prove:

1. Jose Zavala and/or Julio Quintanilla used excessive force;

2. Jose Zavala and/or Julio Quintanilla intended to violate Margarito Lopez's constitutional rights, demonstrated by a reckless disregard for Margarito Lopez's constitutional right to be free from excessive force; and

3. The excessive force resulted in harm, injury, or death to Margarito Lopez.

Source: *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

## BANE ACT – ESSENTIAL FACTUAL ELEMENTS (Civ. Code, § 52.1)—DEFENDANTS' VERSION

Plaintiff Margarito Edvin Lopez claims that Jose Zavala and Julio Quintanilla intentionally interfered with or attempted to interfere with Margarito Edvin Lopez's civil rights by threats, intimidation, or coercion. To establish this claim, Margarito Edvin Lopez must prove all of the following:

1. That Jose Zavala and Julio Quintanilla acted violently against Margarito Edvin Lopez to prevent him from exercising his right to be free from excessive force or to retaliate against Margarito Edvin Lopez for having exercised his right to be free from unreasonable force.

2. That Jose Zavala and Julio Quintanilla intended to deprive Margarito Edvin Lopez of his enjoyment of the interests protected by the right to be free from unreasonable force;

3. That Margarito Edvin Lopez was harmed; and

4. That Jose Zavala and Julio Quintanilla's conduct was a substantial factor in causing Margarito Edvin Lopez's harm.

<u>Source</u>: CACI 3066 (2022 update).

**STATEMENT OF DISPUTE RE: "BANE ACT"**

**Plaintiffs:**

Defendants' proposed instruction on the Bane Act ignores *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018), which holds that "it is not necessary for the defendants to have been 'thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030 (9th Cir. 2018) (quoting *United States v. Reese*, 2 F. 3d 870 (9th Cir. 1993). Plaintiffs submit that their version of the Bane Act instruction more accurately reflects the current state of the law.

**Defendants:**

Defendants object that Plaintiffs' proposed instruction does not accurately track the language of CACI 3066 and inaccurately states the scienter requirement to prove a Bane Act claim in an alleged excessive force case. The case law does not support a jury instruction based on reckless disregard in an alleged excessive force case. The required scienter is a "specific intent" to violate the person's civil rights. To prevail on a Bane Act claim premised on excessive use of force, the plaintiff must establish all of the elements of a Section 1983 excessive force, ***and*** prove that the officer had a *specific intent* to violate the arrestee's constitutional right to be free from unreasonable use of force. *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043-44 (9th Cir. 2018); *B.B. v. County of Los Angeles*, 25 Cal. App. 5th 115 (Cal. Ct. App. 2018); *M.M. v. Cty of San Mateo,* 2020 U.S. Dist. LEXIS 3831, *33 (USDC Northern Dist. Jan. 9, 2020). Evidence simply showing the officer's conduct amounted to a constitutional violation under an objectively reasonable standard is insufficient. *Reese, supra,* 888 F.3d at 1045. "[W]e conclude that, to establish liability under the Bane Act, a plaintiff must prove the defendant acted with a specific intent to violate the plaintiff's civil rights." *B.B., supra,* 25 Cal. App. 5th at 133. The California courts have further held that "The

act of interference with a constitutional right must itself be deliberate or spiteful." *Julian v. Mission Community Hospital*, 11 Cal.App.5th 360, 395 (Cal. Ct. App. 2017). Thus, the California courts have made it clear that reckless disregard is an inappropriate standard in these cases.

Defendants' version accurately tracks the language of CACI 3066 as modified for an excessive use of force case in accordance with current case law.

**INSTRUCTION 38**

**VICARIOUS LIABILITY—LEGAL RELATIONSHIP NOT DISPUTED—**

**PROPOSED BY PLAINTIFFS**

In this case, Jose Zavala and Julio Quintanilla were employees of the City of Los Angeles.

If you find Jose Zavala and Julio Quintanilla were acting within the scope of their employment when the incident occurred, then the City of Los Angeles is responsible for any harm caused by Jose Zavala and Julio Quintanilla's wrongful conduct.

The parties have stipulated that Jose Zavala and Julio Quintanilla were acting within the scope of their employment during this incident.

Source:  CACI 3703 (2023 edition).

## STATEMENT OF DISPUTE RE: "VICARIOUS LIABILITY"

**Plaintiffs:**

The vicarious liability instruction is a model instruction and is supported by law and is relevant to this case.  The City of Los Angeles is a defendant in this case and is clearly vicariously liable for the officers' conduct, and the jury should not be misled into thinking that the officer defendants will be responsible for satisfying any judgment against them other than the punitive damages. Any argument that this instruction may mislead the jury into thinking that the City will be liable for any punitive damages found against the officer defendants is pure speculation.  This Court will appropriately instruct the jury with respect to punitive damages.

**Defendants:**

Defendants object to this instruction being given at all.  There is nothing for the jury to decide on this issue since the parties have stipulated to course and scope.  Giving this instruction would be prejudicial to the Defendant Officers because the jury could find individual liability just because this instruction reinforces the perception that the City would pay any judgment found against any Defendant.  Further, Plaintiffs acknowledge that the City "is clearly vicariously liable for the officers' conduct," and because the defense does not dispute this, there is no need to provide the instruction, as it would only serve to confuse the jury as to the difference and legal distinctions between direct and vicarious liability.

# INSTRUCTION 39
## DAMAGES—PLAINTIFFS' VERSION

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiffs on any of their claims, you must determine Plaintiffs' damages.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs or Margarito Lopez for any injury you find was caused by the defendants.

You should consider the following as to Margarito Lopez's damages:

1.  The nature and extent of the injuries;
2.  Margarito Lopez's loss life and loss of enjoyment of life; and
3.  The mental, physical, and emotional pain and suffering experienced prior to death.

You should consider the following as to the damages for Plaintiff Margarito T. Lopez:

1.  The loss of Margarito Lopez's love, companionship, comfort, care, assistance, protection, affection, society, and moral support;
2.  Funeral and burial expenses;
3.  As to Plaintiff Margarito T. Lopez's claim for negligent infliction of emotional distress, the severe emotional pain and suffering experienced;

You should consider the following as to the damages for Plaintiffs Sonia Torres, Keni Lopez, and Rosy Lopez:

1.  The severe emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Source: Ninth Circuit Manual of Model Jury Civil Instructions Nos. 5.1, 5.2; CACI 3921 (2023 edition).

### DAMAGES—DEFENDANTS' VERSION

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiffs on any of their claims, you must determine their damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs for any injury you find was caused by the defendants.

You should consider the following as to Margarito Edvin Lopez's damages:

4. The nature and extent of the injuries;

5. The loss of enjoyment of life experienced; and

6. The mental, physical, and emotional pain and suffering experienced prior to death.

You should consider the following as to the damages for Plaintiff Margarito T. Lopez:

4. The loss of the decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support;

5. The severe emotional pain and suffering experienced;

6. Funeral and burial expenses.

You should consider the following as to the damages for Plaintiffs Sonia Torres, Keni Lopez, and Rosy Lopez:

2. The severe emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork

PROPOSED DISPUTED JURY INSTRUCTIONS

or conjecture.

In determining the Plaintiffs' damages, do not consider:

1.     The Plaintiff's grief, sorrow, or mental anguish;

2.     Margarito Edvin Lopez's pain and suffering; or

3.     The poverty or wealth of the Plaintiffs.

Source: Ninth Circuit Manual of Model Jury Civil Instructions Nos. 5.1, 5.2 (modified)

## STATEMENT OF DISPUTE RE: "DAMAGES"

**<u>Plaintiffs</u>:**

It is Plaintiffs' understanding that Defendants are objecting to this instruction being given in the first phase of trial. Plaintiffs contend that the trial of this matter shall be conducted as follows: Phase I—liability, compensatory damages, entitlement to punitive damages; Phase II—amount of punitive damages, if any.

**<u>Defendants</u>:**

Plaintiffs are correct that the defense objects to this instruction being given at all during the liability phase of the trial. The defense believes that the trial should be bifurcated, with phase one as to liability and question of entitlement to punitive damage, and phase two as to all damages, compensatory and punitive (if applicable).

**INSTRUCTION 40**

**PUNITIVE DAMAGES, PREDICATE QUESTION—PLAINTIFFS' VERSION**

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Margarito Lopez.  Conduct is in reckless disregard of Margarito Lopez's rights if, under the circumstances, it reflects complete indifference to the decedent's safety or rights, or the defendant acts in the face of a perceived risk that its actions will violate the decedent's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the decedent's rights with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the decedent.

<u>Source</u>:     Ninth Circuit Manual of Model Jury Civil Instructions No. 5.5.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PUNITIVE DAMAGES, PREDICATE QUESTION
## (PHASE I – FEDERAL CLAIMS)—DEFENDANTS' VERSION

This instruction only applies to Plaintiffs' claim for punitive damages being sought against Jose Zavala and Julio Quintanilla in connection with their federal law claims.

If you decide Jose Zavala and Julio Quintanilla's conduct caused Plaintiff Margarito Edvin Lopez and/or Margarito T. Lopez harm, you must decide whether that conduct justifies an award of punitive damages. At this time, you must decide whether plaintiffs have proved by a preponderance of the evidence Jose Zavala and Julio Quintanilla engaged in that conduct that was malicious, oppressive or with reckless disregard.  The amount of punitive damages, if any, will be decided later.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiffs.  Conduct is in reckless disregard of the Margarito Edvin Lopez and/or Margarito T. Lopez's rights if, under the circumstances, it reflects complete indifference to the Margarito Edvin Lopez and/or Margarito T. Lopez's rights, or if Jose Zavala and Julio Quintanilla's  acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if Jose Zavala and Julio Quintanilla injures or damages or otherwise violates the rights of Margarito Edvin Lopez and/or Margarito T. Lopez with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of Margarito Edvin Lopez and/or Margarito T. Lopez.

Source:    Ninth Circuit Manual of Model Jury Civil Instructions No. 5.5

**53**

## PUNITIVE DAMAGES, PREDICATE QUESTION
## (PHASE I – STATE LAW CLAIMS)—DEFENDANTS' VERSION

This instruction only applies to Plaintiffs' claim for punitive damages against Jose Zavala and Julio Quintanilla being sought in connection with their state law claims.

If you decide that Jose Zavala and Julio Quintanilla's conduct caused Margarito Edvin Lopez, you must decide whether that conduct justifies an award of punitive damages. At this time, you must decide whether plaintiffs have proved by clear and convincing evidence that Jose Zavala and Julio Quintanilla engaged in that conduct with malice or oppression. The amount of punitive damages, if any, will be decided later.

"Malice" means that Jose Zavala and Julio Quintanilla acted with intent to cause injury or that Jose Zavala and Julio Quintanilla's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Jose Zavala and Julio Quintanilla's conduct was despicable and subjected plaintiff to cruel and unjust hardship in knowing disregard of Plaintiff's rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

Source: CACI 3941.

PROPOSED DISPUTED JURY INSTRUCTIONS

**INSTRUCTION 41**

**HIGHLY PROBABLE – CLEAR AND CONVINCING PROOF—PROPOSED BY DEFENDANTS**

Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true. I will tell you specifically which facts must be proved by clear and convincing evidence.

**Authority:**  CACI 201.

## STATEMENT OF DISPUTE RE: "PUNITIVE DAMAGES" AND "CLEAR AND CONVINCING PROOF"

**<u>Plaintiffs</u>:**

Plaintiffs contend that the trial of this matter shall be conducted as follows: Phase I—liability, compensatory damages, entitlement to punitive damages; Phase II—amount of punitive damages, if any.  Plaintiffs contend that in the first phase of trial, their concise instruction explaining the standard on entitlement to punitive damages should be given.

Plaintiffs do not intend to pursue punitive damages on their state law claims. Plaintiffs intend to pursue punitive damages on their federal claims.  Therefore, the instruction on "clear and convincing proof" will be unnecessary.

**<u>Defendants</u>:**

The instructions are proposed by the defense tracks the language of the applicable model instructions as applied to the case.  The defense maintains that the trial should be bifurcated as described above.  Further, Plaintiffs seemingly do not dispute that the instruction on 'clear and convincing proof' should be given to the jury.  Lastly, Plaintiffs have nowhere formally memorialized in a proper pleading or filing their intention of forgoing punitive damages as to their state-law claims.  As such, this instruction remains necessary.

PROPOSED DISPUTED JURY INSTRUCTIONS

**INSTRUCTION 42**

**INTERNAL POLICIES DO NOT CREATE A DUTY—PROPOSED BY DEFENDANTS**

During the trial, you heard testimony regarding certain policies of the Los Angeles Police Department which were in effect at the time of the incident.

A police department's internal policies and procedures do not create the legal standard of care in a civil case.  Departmental or municipal policy directives may prescribe what conduct is expected of police personnel under particular circumstances. However, such policy directives cannot and do not create a duty to individual citizens.

Source:  *Lehto v. City of Oxnard*, 171 Cal.App.3d 285, 294-95 (1985); Cal. Evid. Code § 669.1; *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986); *Davis v. Scherer*, 468 U.S. 183, 194 (1984); *Edwards v. Baer*, 863 F.2d 606, 608 (8th Cir. 1989).

1

2

3

## STATEMENT OF DISPUTE RE: DEFENDANTS' REQUEST FOR AN INSTRUCTION THAT "INTERNAL POLICIES DO NOT CREATE A DUTY"

<u>**Plaintiffs:**</u>

4

5

6

7

8

9

10

11

Plaintiffs object to this instruction being given entirely.  Internal policies and training are actually factors to consider in deciding whether the use of force was excessive or unreasonable.  An officer who makes a conscious decision to violate basic training guidelines should not be heard subsequently to claim to have made a reasonable mistake or to have reasonably believed his decision to be lawful. *See Drummond*, 343 F.3d 1052, 1062 (9th Cir. 2003). In addition, Plaintiffs object to this proposed instruction in that this is not in any model instruction and it is argumentative against Plaintiffs.

12

<u>**Defendants:**</u>

13

14

15

16

17

The defense anticipatorily provides this proposed instruction in the event that Plaintiffs reference, in any way, any policies or training of the LAPD or otherwise, and any alleged non-compliance of the same.   This instruction should be given to avoid any potential confusion of the standards (and potential non-compliance thereof) of the applicable to policies versus the legal standards of Plaintiffs' claims.

18

19

20

21

22

23

24

25

26

27

28

PROPOSED DISPUTED JURY INSTRUCTIONS