MICHAEL P. STONE, SBN 91142
MUNA BUSAILAH, SBN 166328
Email: m.busailah@police-defense.com
Members of **STONE BUSAILAH, LLP**
*A Partnership of Professional Law Corporations*
Email: d.danial@police-defense.com
1055 East Colorado Boulevard, Suite 320
Pasadena, California 91106
Telephone: (626) 683-5600
Facsimile: (626) 683-5656

*Attorneys for Defendants* **JOSE ZAVALA and JULIO QUINTANILLA**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ, SONIA TORRES, KENI LOPEZ, ROSY LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, JOSE ZAVALA, JULIO QUINTANILLA, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | **CASE NO. 2:22-cv-07534-FLA-MAAx**<br><br>*[Assigned to Judge Fernando L. Aenlle-Rocha, USDC-Hon. Mag. Maria A. Audero, USDC-Roybal Bldg]*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR BIFURCATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently [Proposed] Order]*<br><br>FPTC: July 12, 2024<br>TIME: 1:30 PM<br>DEPT: 6B, 6th Floor |

PLEASE TAKE NOTICE THAT Defendants JOSE ZAVALA and JULIO QUINTANILLA (collectively "Defendants"), will and hereby do move this Court, before trial and prior to jury selection, for an order bifurcating the trial in the above-captioned matter pursuant to *Federal Rules of Civil Procedure (FRCP) Rule 42(b)*.

1

Bifurcating this action into two phases as follows: Phase 1 – Determination of liability against the Defendants on all claims and the threshold determination of punitive damages; and, Phase Two – The amount of compensatory damages and punitive damages, if any.

This Motion is based upon the supporting Memorandum of Points and Authorities, the papers and pleadings on file in this action, and upon such further matter which may be presented at or before the hearing on this Motion.

Date: June 10, 2024         Respectfully Submitted,

**STONE BUSAILAH, LLP**

By: /s/ Muna Busailah
MUNA BUSAILAH, Esq.
Attorney for Defendants JOSE ZAVALA, JULIO QUINTANILLA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This matter arises from a fatal use-of-force incident involving Plaintiff/Decedent Margarito Edvin Lopez and City of Los Angeles Police Department Officers Jose Zavala and Julio Quintanilla. Plaintiffs (which include Decedent and several of his family members) allege violations of federal and state civil rights, as well as state-law tort claims. (Dkt. #1, Complaint). Plaintiffs seek monetary damages against Defendants as a result to include "emotional distress and mental anguish" as well as loss of "love, companionship, comfort, support, society, care and moral support"; and "anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame". (Dkt. #1, Complaint ¶¶ 118, 135). Plaintiffs also seek punitive damages. (Dkt. #1, Complaint ¶ 43).

Defendants seek an order bifurcating the trial as follows: Phase 1 – Determination of liability against the Defendants on all claims and the threshold determination of punitive damages; and, Phase Two – The amount of compensatory damages and punitive damages, if any.

## II. THIS COURT IS AUTHORIZED TO ORDER BIFURCATION OF ANY ISSUE UNDER FEDERAL RULE OF CIVIL PROCEDURE, RULE 42(b)

Rule 42(b) of the Federal Rules of Civil Procedure states in relevant part that, "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of . . .

any separate issue . . ..." Fed. R. Civ. Proc. 42(b). Under Rule 42(b), district courts have "the authority to separate trials into liability and damages phases." *DeAnda v. City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993). Indeed, the Ninth Circuit has "long held that under Fed. R. Civ. P. 42(b), a trial court may separate a trial into liability and damages phases." *Jackson v. Cnty. of Los Angeles*, 29 F. App'x 430, 436 (9th Cir. 2001). Additionally, judges have wide latitude in choosing how to conduct their trials, including any decision to bifurcate. *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016).

Factors to be considered in deciding whether to order separate trials include: avoiding prejudice, separability of the issues, convenience, judicial economy, and risk of confusion. *Bates v. United Parcel Service*, 204 F.R.D. 440, 448 (N.D. Cal. 2001). Other factors to be considered include the complexity of the issues, factual proof, and the possibility that the first trial may be dispositive of the case. *Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 866 (C.D. Cal. 1994). *See also Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (A court may bifurcate a trial "to avoid [] a difficult question by first dealing with an easier, dispositive issue.").

///

///

///

///

## III. SEPARATE PHASES OF THE TRIAL WILL PREVENT UNFAIR PREJUDICE AND CONFUSION AND PROMOTE JUDICIAL ECONOMY

### A. Bifurcation Will Prevent Unfair Prejudice & Confusion

In an excessive force case, the issues of liability and damages are separable. *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601, 603 (9th Cir. 2016). Specifically, district courts have noted that in § 1983 actions involving officer-involved shootings, "courts should [generally] bifurcate liability issues from damages issues where there is evidence that might prejudice a party and that evidence has little to no relevance to the liability issue." *Vargas v. Cnty. of Los Angeles*, 2023 WL 2266114, at *3 (C.D. Cal. 2023). *See also Conan v. City of Fontana*, 2017 WL 8941499, at *7–8 (C.D. Cal. Oct. 6, 2017) (bifurcating damages from liability in an excessive force case).

Bifurcating liability from damages will avoid the inescapable jury confusion about which evidence and testimony are relevant to liability and damages and prevent the jury from questioning which information they must segregate from their consideration between liability and damages. *See, e.g., Glover v. City of Los Angeles*, No. 2:21-CV-09915-FWS-AS, 2023 WL 8586386, at *4 (C.D. Cal. Oct. 26, 2023) (holding that bifurcation of liability and damages "would avoid potential confusion of issues for the jurors and prevent prejudice to both parties by limiting the scope of evidence in the first phase to liability"); *T.D.W. v. Riverside County*, 2009 WL

5

2252072 (C.D. Cal. 2009) (concluding the trial should be bifurcated "so as to try compensatory damages in the second phase"). Here, it is anticipated that Plaintiffs will provide testimony consisting of their emotional state at the time of the incident or following loss of the Decedent. However, when proving individual liability, the evidence must center on the actions of the Officers that gave rise to this lawsuit. *See Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865 (1989) (excessive force inquiry focuses on, "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them"). Therefore, any testimony as to emotional damages suffered by Plaintiffs during the liability phase will only seek to prompt an emotional response from the jury and play on their sympathies – a distraction from considering the facts of reasonableness and unfair prejudice to the Defendants.

Additionally, "while there is a strong presumption that jurors follow instructions, a limiting instruction may not sufficiently mitigate the prejudicial impact of evidence in all cases." *Diaz*, 840 F.3d at 603. Indeed, bifurcation is ideal to avoid the possibility of jury confusion as to limiting instructions on punitive damages in an already complex case.

Therefore, because Plaintiffs' damages – emotional, compensatory, or otherwise – have no bearing on whether the Defendant Officers used excessive force, and deciding the issue of damages alongside liability would only serve to confuse the jury and ultimately prejudice the Defendants, this Court should bifurcate the issues

into two separate phases of liability and damages.

## B. Bifurcation Will Promote Judicial Economy

Bifurcation will also "serve judicial economy as the jury must first find the Defendants liable before awarding any damages." *Barillas v. City of Los Angeles*, 2021 WL 4434977 (C.D. Cal. 2021). The issue of damages and liability here are not intertwined, and bifurcation will not prejudice the Plaintiffs during the liability phase of the trial. Because there is a lack of interrelated evidence in this case, there is minimal risk, if any, of inconvenience to the jury caused by separating the issues of liability and damages into two phases. Indeed, the only witnesses expected to testify as to both liability and damages are the Plaintiffs themselves. (Dkt. #64 Plaintiffs' Witness List). *Contra PMG, Inc. v. Lockheed Martin Idaho Technologies Co.*, No. CV-02-539-E-BLW, 2006 WL 1207609, *2 (D. Idaho 2006) ("Many of PMG's witnesses will testify on both liability and damages. Such testimony is intertwined and difficult to separate out. . . In a bifurcated trial, their testimony on damages may follow their testimony on liability by a week or more, requiring them to return home and then fly back").

The Court has succinctly explained how, in fatal shooting use-of-force cases, bifurcation would promote judicial economy:

> Bifurcation will not prejudice Plaintiffs during the liability phase of the trial because the jury is not supposed to consider the Plaintiffs' damages or factors pertaining to Decedent's life

expectancy and quality of relationship with Plaintiffs when deciding Defendants are liable for Decedent's death. Moreover, bifurcation will address the risk that Plaintiffs will be unduly prejudiced in the liability phase of the trial by evidence that will be adverse to them but relevant for the purposes of damages.

Rendon v. City of Indio, No. EDCV1300667VAPOPX, 2014 WL 12965995, at *8–9 (C.D. Cal. June 4, 2014)

Similarly, here, bifurcation would allow both Plaintiffs and Defendants to save time of calling witnesses who would otherwise not be called to testify in the liability or damages phases. On the other hand, failure to bifurcate the issues of liability and damages will take up an undue amount of time and resources if the jury finds that the Defendants are not liable. Accordingly, "bifurcation will serve judicial economy as the jury must first find the Defendants liable before awarding any damages." *Barillas v. City of Los Angeles*, No. CV1808740CJCASX, 2021 WL 4434977, at *2 (C.D. Cal. Apr. 12, 2021) (citing and quoting *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) for the proposition that "approving bifurcation when it serves to 'avoid [ ] a difficult question by first dealing with an easier, dispositive issue'") (internal brackets added in original).

Therefore, bifurcating the issues of liability and damages into two separate phases will promote judicial economy.

///

## IV. CONCLUSION

Defendants respectfully request an order bifurcating this case into two separate phases: Phase 1 – Determination of liability against the Defendants on all claims and the threshold determination of punitive damages; and, Phase Two – The amount of compensatory damages and punitive damages, if any.

Date: June 10, 2024

Respectfully Submitted,

**STONE BUSAILAH, LLP**

By: /s/ Muna Busailah
MUNA BUSAILAH, Esq.
Attorney for Defendants JOSE ZAVALA, JULIO QUINTANILLA