MICHAEL P. STONE, SBN 91142
MUNA BUSAILAH, SBN 166328
Email: m.busailah@police-defense.com
Members of **STONE BUSAILAH, LLP**
*A Partnership of Professional Law Corporations*
Email: d.danial@police-defense.com
1055 East Colorado Boulevard, Suite 320
Pasadena, California 91106
Telephone: (626) 683-5600
Facsimile: (626) 683-5656

*Attorneys for Defendants* **JOSE ZAVALA and JULIO QUINTANILLA**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO T. LOPEZ, SONIA TORRES, KENI LOPEZ, ROSY LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, JOSE ZAVALA, JULIO QUINTANILLA, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | **CASE NO. 2:22-cv-07534-FLA-MAAx**<br><br>*[Assigned to Judge Fernando L. Aenlle-Rocha, USDC-Hon. Mag. Maria A. Audero, USDC-Roybal Bldg]*<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR BIFURCATION**<br><br>Hearing: July 12, 2024<br>TIME: 1:30 PM<br>DEPT: 6B, 6th Floor |

This Court should grant Defendants' motion to bifurcate trial of this action into two phases: Phase 1 – Determination of liability against the Defendants on all claims and the threshold determination of punitive damages; and, Phase Two – The amount of compensatory damages and punitive damages, if any.

1

Even if Defendants' motion was initially noticed for a date after the final pretrial conference, that fact is of no moment. Indeed, a hearing date subsequent to the final pretrial conference does not automatically render the motion 'untimely.' This Court still retains discretion to consider Defendants' motion. And in any event, this Court *sua sponte* continued the final pretrial conference in this matter to a date after the noticed hearing date on Defendants' motion. This Court should thus rule on the merits of Defendants' motion.

Plaintiffs' opposition makes much to-do about how the Plaintiffs would be required to take the stand twice if the determination of liability and damages were bifurcated. Plaintiffs also claim that their other witnesses would also need to testify twice if bifurcation is permitted. But even if the witnesses would need to take the stand twice, that alone does not render bifurcation inappropriate. To be sure, the testimony of each witness that would allegedly be required to take the stand twice would be more limited and focused solely on the single issue before the jury (i.e., liability or damages). As such, the testimonial evidence (and any documentary evidence) would not be cumulative, as it would be shortened based upon the one issue in each phase. Further, the testimony of these witnesses would also be easier for the jury to follow and apply appropriately to the single issue before it. The jury would not have to anatomize the evidence to determine whether it pertains to or impacts liability or damages. Instead, the jury could apply such evidence to the one determination before it.

This then takes us back to the responsibility of the jury. Plaintiffs' academic arguments that the jury would more likely return a defense verdict if trial is bifurcated lacks any evidentiary support and is contradicted by the number of plaintiff verdicts handed down by juries in bifurcated actions. Certainly, if Plaintiffs' argument held weight, courts wouldn't routinely bifurcate trial into separate phases. And there is nothing to suggest that a jury here wouldn't faithfully execute its duties in adjudicating this matter.

Likewise, Plaintiffs' argument that bifurcation would confuse the jury because it "would not be allowed to determine the amount of damages" and "would leave jurors with a sense of emptiness which would defeat their role in the justice system[,]" Dkt. #103, Page ID#: 1001, is as nonsensical as it is baseless. There is nothing inherently confusing for a jury to determine whether an individual is liable for a litigant's claims while not simultaneously bothering itself with a damages determination. Rather, the jury's concentrated consideration of one issue (i.e., liability or damages) would alleviate – not bolster – any confusion. And a juror's "role in the justice system" is no less meaningful when asked to determine a requisite issue (liability) before deciding a subordinate issue (damages). Indeed, any purported 'emptiness' that a juror could feel would be negated by this Court's instruction, as "[t]he jury system is premised on the idea that rationality and careful regard for the court's instructions will confine and exclude jurors' raw emotions." *CSX Transp., Inc. v. Hensley*, 556 U.S. 838, 841 (2009). "[J]uries are presumed to follow the

court's instructions[,]" *id.*, and there is nothing to suggest that bifurcating liability and damages in this matter would yield any different result. Plaintiffs' arguments to the contrary are thus unavailing.

      This Court should thus grant Defendants' motion to bifurcate trial of this action.

Date: June 27, 2024

Respectfully Submitted,

**STONE BUSAILAH, LLP**

By: /s/ Muna Busailah
_____
MUNA BUSAILAH, Esq.
Attorney for Defendants JOSE ZAVALA, JULIO QUINTANILLA

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR BIFURCATION**